UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEALTH COALITION, INC., )
)
Plaintiff, )
)
v. ) Civil Action No. 05 11816 NMG
)
NEW ENGLAND ALLERGY ASTHMA )
IMMUNOLOGY & PRIMARY CARE, )
P.C. and THOMAS F. JOHNSON, )
Individually )
)
Defendants. )
)

RECEIPT # 66660
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. M.X.
DATE 9/6/05

MAGISTRATE JUDGE JGD

## COMPLAINT

Plaintiff, Health Coalition, Inc. ("HCI"), by and through its undersigned counsel, brings this action against Defendants, New England Allergy Asthma Immunology & Primary Care, P.C. ("New England Allergy") and Thomas F. Johnson ("Johnson"), and alleges:

### Parties, Jurisdiction, and Venue

1.  This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2.  Plaintiff, HCI, is a Florida corporation with its principal place of business in Miami-Dade County, Florida. HCI's business consists primarily of the wholesale distribution of blood derivative products to physicians and medical facilities.

3.  Defendant, New England Allergy, is a Massachusetts professional corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 555 Turnpike Street, Ste. 31, North Andover, Massachusetts 01845.

BOS-893893 v1 0435260-0903

4. Defendant Johnson, is a licensed physician practicing medicine in Massachusetts and serves as a director and president of New England Allergy, a Massachusetts professional corporation. Upon information and belief, Johnson is an individual who is a resident and citizen of the State of New Hampshire and is domiciled at 34 Samoset Dr., Salem, New Hampshire 03079-1532.

5. Jurisdiction is conferred on this Court by 28 U.S.C § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, in is between citizens of different states.

6. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**General Allegations**

7. In or around April 2001, New England Allergy entered into discussions with HCI concerning the purchase and sale of blood derivative products.

8. In connection therewith, and in order to obtain a credit line from HCI, Johnson, on behalf of New England Allergy and in his individual capacity as a guarantor, executed a Sales Agreement with agreed-upon terms and conditions, a true and accurate copy of which is attached hereto as Exhibit A.

9. Thereafter, throughout 2001 through 2004, HCI sold and shipped to New England Allergy large quantities of blood derivative products ("Products").

10. HCI rendered an invoice statement to New England Allergy for each such transaction. New England Allergy did not object to any of these invoice statements either at the time each invoice was rendered or thereafter.

11. By its actions, New England Allergy became subject to the terms and conditions set forth on the front and the back of the invoice statements.

12. The terms and conditions provided among other things that a finance charge of 1 ½% per month (18% per annum), or the maximum rate allowed by law if lower than 18% per annum, will be assessed on all past due invoices and a buyer shall be responsible for reasonable attorneys fees and all costs and expenses for collection when HCI takes action to collect sums due under the invoice statements.

13. New England Allergy failed on a number of occasions to make payment for the Products supplied under the terms of the invoices including the invoices rendered on the dates and in the amounts contained on the attached invoice report, a true and accurate copy of which is attached hereto as Exhibit B. New England Allergy accepted each delivery of Products without complaint and made no attempt to return such Products either at the time of delivery or thereafter.

14. Under information and belief, New England Allergy has knowingly and intentionally engaged in a pattern of conduct to avoid payment and to obtain significant financial concessions from HCI, including, without limitation, the ability to make payments by credit card and the waiver of finance charges.

15. New England Allergy owes HCI $846,696.39 on the account, which amount is past due with interest.

### COUNT I
### Breach of Contract
### (Against New England Allergy)

16. HCI incorporates and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 15, inclusive, of this Complaint.

17. HCI has fulfilled all of its obligations under the contract.

18. New England Allergy's willful and intentional refusal to pay the agreed-upon price constitutes a material breach of the parties' agreements.

19. As a direct and proximate result of New England Allergy's breach, HCI has suffered damages in the amount of at least $846,696.39 plus interest, costs, and reasonable attorneys' fees as shown on the invoice report, a true and accurate copy of which is attached hereto as Exhibit B.

**COUNT II**
**Goods Sold and Delivered**
**(Against New England Allergy)**

20. HCI incorporates and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 19, inclusive, of this Complaint.

21. Pursuant to New England Allergy's orders and as documented in the invoice statements, HCI delivered all Products ordered by New England Allergy.

22. New England Allergy has failed to pay HCI for the Products delivered ordered by, and accepted by it, as documented in the invoice statements.

23. New England Allergy owes HCI no less than $846,696.39 for goods sold and delivered to the defendant.

**COUNT III**
**Account Stated**
**(Against New England Allergy)**

24. HCI incorporates and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 23, inclusive, of this Complaint.

25. Before the institution of this action, HCI and New England Allergy had business transactions between them and, on the dates contained on Exhibit B to this Complaint, they agreed to the resulting balance.

26. HCI rendered an invoice statement to New England Allergy for each such transaction. New England Allergy did not object to any of these invoice statements.

27. New England Allergy owes HCI $846,696.39 on the account, which is due with interest.

## COUNT IV
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against New England Allergy)

28. HCI incorporates and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 27, inclusive, of this Complaint.

29. New England Allergy's willful and intentional failure and refusal to make payment under the terms of the invoices for the Products supplied constitute breaches of the covenant of good faith and fair dealing implied in every contract under Massachusetts law.

30. As a direct and proximate result of New England Allergy's breach, HCI has suffered damages in the amount of at least $846,696.39 plus interest, costs, and reasonable attorneys' fees.

## COUNT V
### Violation of Mass. Gen. L. c. 93A
### (Against New England Allergy)

31. HCI incorporates and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 30, inclusive, of this Complaint.

32. HCI is an entity engaged in a trade or business within the meaning of M.G.L c. 93A.

33. New England Allergy is an entity engaged in a trade or business within the meaning of M.G.L. c. 93A.

34. New England's conduct described herein constitutes unfair and deceptive acts or practices in violation of M.G.L. c. 93A.

35. As a result of New England Allergy's use or employment of unfair and deceptive acts and practices, HCI has suffered and continues to suffer loss of money or property.

36. New England Allergy's wrongful conduct, including, without limitation, its attempt to extort from HCI monies to which it is not entitled was willful and intentional in violation of M.G.L. c. 93A.

37. Accordingly, HCI is entitled to recover multiple damages, plus reasonable attorneys' fees and costs of collection.

### COUNT VI – BREACH OF GUARANTY AGREEMENT
(Against Johnson)

38. HCI incorporates and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 37, inclusive, of this Complaint.

39. In connection with the business transactions between New England Allergy and HCI, Johnson executed and delivered to HCI an unconditional personal guaranty (the "Guaranty") in which he unconditionally and irrevocably guaranteed the debts, obligations, and liabilities of New England Allergy to HCI. A true and accurate copy of the Guaranty is attached hereto as Exhibit A.

40. New England Allergy owes HCI monies that are past due as more fully alleged in Counts I through VI, above.

41. Pursuant to the Guaranty, Johnson owes HCI all amounts for which New England Allergy is and may become liable, including, without limitation, the $846,696.39 that is due, as

shown on the invoice report, attached hereto to as Exhibit B, plus interest, costs and attorneys' fees.

      **WHEREFORE**, the plaintiff Health Coalition, Inc. respectfully requests that this Court:

1. Enter judgment in favor of HCI on all counts of this Complaint;

2. Award HCI its damages incurred as a result of the defendants' actions, including multiple damages and attorneys' fees pursuant to M.G.L. c. 93A;

4. Award HCI its costs, including attorneys' fees and interest incurred in this action; and,

5. Award HCI such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Health Coalition, Inc. hereby demands a jury trial as to all issues so triable.

Respectfully submitted,

HEALTH COALITION, INC.,

By its attorneys,

*[signature]*

Brian M. Forbes (BBO# 644787)
 bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
 sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
Tele:   (617) 261-3100
Fax:    (617) 261-3175

Dated: September 6, 2005

# HEALTH COALITION

**FIRM NAME:** New England Allergy; Asthma, Internal Med. Dr. Thomas Johnson
**TELEPHONE:** 978-683-4211
**ADDRESS:** 555 Turnpike Rd.
**CITY:** N. Andover,
**STATE:** MA
**ZIP:** 01845

**NAME OF PARENT COMPANY, IF SUBSIDIARY/DIVISION**
**ADDRESS:** / **CITY:** **STATE:** **ZIP:**

[✓] CORPORATION  [ ] PARTNERSHIP  [ ] SOLE PROPRIETOR
**HOW LONG IN PRESENT BUSINESS:** 26 years
**FORMER BUSINESS:** N/A

**DEA REG #:** AJ6578720
**STATE LICENSE #:** 36670
**STATE TAX I.D.:** 04-2699646

**PROPRIETOR, PARTNERS OR OFFICERS**
**NAME:** **HOME ADDRESS:**
**NAME:** **HOME ADDRESS:**

**TRADE REFERENCES (PREFERABLY U.S. FIRMS YOU HAVE CREDIT WITH)**

**NAME AND ADDRESS:** Centron (Aventis) 1020 First Ave, **CITY:** King of Prussia **STATE:** PA **ZIP:** 19406-1310 **TELEPHONE:** 800-394-1290
**NAME AND ADDRESS:** Bayer Corp - 400 Morgan Lane **CITY:** West Haven **STATE:** CT **ZIP:** 06516 **TELEPHONE:** 978-459-6101
**NAME AND ADDRESS:** LoMedCo **CITY:** Lowell, MA. **ZIP:** 06516 **TELEPHONE:**

**WHERE DO YOU BANK?** First Mass PO Box 1377 Lewiston, ME 04243
**BRANCH:** Andover
**ACCOUNT NUMBER:** 55904196
**ACCOUNT TYPE:** [ ] COMMERCIAL [ ] SAVINGS [ ] OTHER

**BANK LOANS:** N/A
**LIST ANY ASSETS BEING USED AS SECURITY:** N/A

WILL CASH IN ADVANCE SHIPMENTS BE ACCEPTABLE UNTIL CREDIT IS APPROVED? [ ] YES [ ] NO
**PAYMENT TERMS: NET 15**

THE UNDERSIGNED, ON BEHALF OF THE APPLICANT, HEREBY AUTHORIZE(S) HEALTH COALITION, INC., TO CONTACT THE ABOVE SCHEDULED TRADE AND BANKING REFERENCES AND TO OBTAIN ANY OTHER INFORMATION RELATED TO THE STATEMENTS SET FORTH IN THIS APPLICATION WHICH ARE TRUE AND CORRECT. BY EXECUTING AND SUBMITTING THIS APPLICATION THE UNDERSIGNED, IN CONSIDERATION OF AND IN ORDER TO INDUCE HEALTH COALITION TO ESTABLISH A LINE OF CREDIT, PROMISE AND AGREE TO PAY FOR ALL PURCHASES ACCORDING TO HEALTH COALITION'S TERMS OF SALE. IF AT ANY TIME, FOR ANY REASON, THE APPLICANT FAILS TO PAY FOR SAID PURCHASES WHEN DUE, IT AGREES TO BEAR ALL OF THE COSTS OF COLLECTION INCLUDING INTEREST AT THE HIGHEST RATE PERMITTED BY LAW, ATTORNEY'S FEES AND COURT COST. THE UNDERSIGNED PROPRIETOR(S), PARTNER(S) AND/OR OFFICER(S) OF THE APPLICANT, New England Allergy HEREBY AGREE TO PERSONALLY GUARANTY AND ASSUME ALL OF THE OBLIGATIONS AND RESPONSIBILITIES FOR ANY AND ALL DEBTS THAT THE APPLICANT SHALL INCUR INCLUDING INTEREST, ATTORNEY'S FEES AND COURT COSTS IN CONNECTION WITH THE APPLICANT'S PURCHASES FROM HEALTH COALITION COMMENCING ON 4-3-01 UNTIL SUCH TIME AS HEALTH COALITION ACKNOWLEDGES, IN WRITING, THE TERMINATION OF SAID PERSONAL RESPONSIBILITY. THE UNDERSIGNED HEREBY AGREE(S) TO NOTIFY HEALTH COALITION OF ANY CHANGES IN OWNERSHIP AND FURTHER STATE(S) THAT THE FINANCIAL CONDITION OF THE APPLICANT IS SATISFACTORY TO MEET ALL OF ITS FINANCIAL OBLIGATIONS.

**SIGNATURE:** Physician, and individually as a guarantor
(Please state title)
**Dr. Thomas Johnson**
(Please print name)

**SIGNATURE:** _____, and individually as a guarantor
(Please state title)
_____
(Please print name)
**Date:**

EXHIBIT "A"



**STATEMENT OF ACCOUNT**     Page   1

| Statement Date | Account No. |
|---|---|
| 06/15/05 | THOMJO |

**Health Coalition, Inc.**
255 Alhambra Circle
Suite 900
Coral Gables, FL 33134-7400 USA
Telephone 305/662-2988

Bill To :
  New England Allergy & Immunology
  Accounts Payable Dep
  555 Turnpike Street, Suite 31
  North Andover, MA 01845
      USA

Check No. _____
Date Paid _____
Amount _____

| Transaction Date | Due Date | Invoice Number | Description | Amount | Balance |
|---|---|---|---|---|---|
| 10/31/03 | 01/29/04 | 108644 | Finance Charge | 113.74 | 113.74 |
| 01/31/04 | 04/30/04 | 110730 | Finance Charge | 556.23 | 556.23 |
| 02/29/04 | 05/29/04 | 111332 | Finance Charge | 1,927.46 | 1,927.46 |
| 03/31/04 | 06/29/04 | 112322 | Finance Charge | 906.92 | 906.92 |
| 04/30/04 | 07/29/04 | 113007 | Finance Charge | 321.73 | 321.73 |
| 05/31/04 | 08/29/04 | 113626 | Finance Charge | 3,729.19 | 3,729.19 |
| 06/30/04 | 09/28/04 | 114287 | Finance Charge | 1,143.40 | 1,143.40 |
| 07/31/04 | 10/29/04 | 114953 | Finance Charge | 2,732.31 | 2,732.31 |
| 08/31/04 | 11/29/04 | 115653 | Finance Charge | 1,280.96 | 1,280.96 |
| 09/30/04 | 12/29/04 | 116306 | Finance Charge | 2,251.13 | 2,251.13 |
| 10/25/04 | 01/23/05 | 116738 | Consignment | 175,983.00 | 158,722.54 |
| 10/31/04 | 01/29/05 | 116924 | Finance Charge | 955.40 | 955.40 |
| 11/01/04 | 01/30/05 | 116945 | 110104 | 124.11 | 97.76 |
| 11/19/04 | 02/17/05 | 117309 | 111904 | 308.68 | 308.68 |
| 11/26/04 | 02/24/05 | 117404 | 112604 | 173,712.00 | 173,712.00 |

Your prompt payment will avoid a finance charge of 1.5% per month

*** ( Continued ) ***

Please detach and return with payment

New England Allergy & Immunology
555 Turnpike Street, Suite 31
North Andover, MA 01845
      USA

Amount Enclosed
[          ]

| Statement Date | Account No. | |
|---|---|---|
| 06/15/05 | THOMJO | |
| Invoice No. | Balance | X |
| 108644 | 113.74 | |
| 110730 | 556.23 | |
| 111332 | 1,927.46 | |
| 112322 | 906.92 | |
| 113007 | 321.73 | |
| 113626 | 3,729.19 | |
| 114287 | 1,143.40 | |
| 114953 | 2,732.31 | |
| 115653 | 1,280.96 | |
| 116306 | 2,251.13 | |
| 116738 | 158,722.54 | |
| 116924 | 955.40 | |
| 116945 | 97.76 | |
| 117309 | 308.68 | |
| 117404 | 173,712.00 | |

Remit To:

Health Coalition, Inc.
P.O. Box 60408
Charlotte, NC 28260-0408

EXHIBIT "B"



# STATEMENT OF ACCOUNT

Page 2

| Statement Date | Account No. |
|---|---|
| 06/15/05 | THOMJO |

**Health Coalition, Inc.**
255 Alhambra Circle
Suite 900
Coral Gables, FL 33134-7400 USA
Telephone 305/662-2988

Bill To:
New England Allergy & Immunology
Accounts Payable Dep
555 Turnpike Street, Suite 31
North Andover, MA 01845
USA

Check No. _____

Date Paid _____

Amount _____

| Transaction Date | Due Date | Invoice Number | Description | Amount | Balance |
|---|---|---|---|---|---|
| 11/30/04 | 02/28/05 | 117460 | 113004 | 22,002.97 | 22,002.97 |
| 11/30/04 | 02/28/05 | 117535 | Finance Charge | 5,758.56 | 5,758.56 |
| 12/31/04 | 03/31/05 | 118179 | Finance Charge | 2,765.54 | 2,765.54 |
| 01/03/05 | 04/03/05 | 118375 | 010305 | 561.60 | 561.60 |
| 01/17/05 | 04/17/05 | 118491 | 011705 | 556.48 | 556.48 |
| 01/28/05 | 04/28/05 | 118706 | Consignment | 159,775.00 | 159,775.00 |
| 01/28/05 | 04/28/05 | 118708 | Consignment | 275,000.00 | 275,000.00 |
| 01/31/05 | 05/01/05 | 118799 | Finance Charge | 7,838.69 | 7,838.69 |
| 02/28/05 | 05/29/05 | 119426 | Finance Charge | 5,595.19 | 5,595.19 |
| 04/01/05 | 06/30/05 | 120115 | Finance Charge | 8,530.91 | 8,530.91 |
| 04/30/05 | 07/29/05 | 120769 | Finance Charge | 2,965.16 | 2,965.16 |
| 05/31/05 | 08/29/05 | 121334 | Finance Charge | 6,586.84 | 6,586.84 |

| Current | Over 0 | Over 15 | Over 30 | Over 60 | Over 90 | Total |
|---|---|---|---|---|---|---|
| 18,082.91 | | 5,595.19 | 443,170.17 | 3,327.14 | 376,520.98 | 846,696.39 |

---

New England Allergy & Immunology
555 Turnpike Street, Suite 31
North Andover, MA 01845
USA

Remit To:

Health Coalition, Inc.
P.O. Box 60408
Charlotte, NC 28260-0408

Please detach and return with payment

Amount Enclosed _____

| Statement Date | Account No. | |
|---|---|---|
| 06/15/05 | THOMJO | |
| Invoice No. | Balance | X |
| 117460 | 22,002.97 | |
| 117535 | 5,758.56 | |
| 118179 | 2,765.54 | |
| 118375 | 561.60 | |
| 118491 | 556.48 | |
| 118706 | 159,775.00 | |
| 118708 | 275,000.00 | |
| 118799 | 7,838.69 | |
| 119426 | 5,595.19 | |
| 120115 | 8,530.91 | |
| 120769 | 2,965.16 | |
| 121334 | 6,586.84 | |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Health Coalition, Inc. v. New England Allergy Asthma Immunology & Primary Care P.C.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
            740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   X   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.



05  11816 NMG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). ~~YES~~ NO     OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). ~~YES~~ NO

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? ~~YES~~ NO _____ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Brian M. Forbes & Stacey L. Gorman
ADDRESS Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109
TELEPHONE NO. (617) 261-3100

(Category.frm - 09/92)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Health Coalition, Inc.

## DEFENDANTS
New England Allergy Asthma Immunology & Primary Care P.C. and Thomas F. Johnson, individually

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Brian M. Forbes   (617) 261-3100
Stacey L. Gorman
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street, Boston, MA  02109

ATTORNEYS (IF KNOWN)
Arthur J. McCabe
One Elm Square
Andover, MA  01810

05  11816 NMG

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane / ☐ 315 Airplane Product Liability / ☐ 320 Assault, Libel & Slander / ☐ 330 Federal Employers' Liability / ☐ 340 Marine / ☐ 345 Marine Product Liability / ☐ 350 Motor Vehicle / ☐ 355 Motor Vehicle Product Liability / ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | **PERSONAL INJURY** — ☐ 362 Personal Injury — Med. Malpractice / ☐ 365 Personal Injury — Product Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** — ☐ 370 Other Fraud / ☐ 371 Truth in Lending / ☐ 380 Other Personal Property Damage / ☐ 385 Property Damage Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** — ☐ 510 Motions to Vacate Sentence / **HABEAS CORPUS:** ☐ 530 General / ☐ 535 Death Penalty / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 1332 - diversity; breach of contract; failure to pay for goods received

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 846,696.39
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: September 6, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ B M Forbes

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____