UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2

| | |
|---|---|
| HEALTH COALITION, INC., )<br><br>Plaintiff )<br>)<br>v. )<br>)<br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>Individually )<br>)<br>Defendants )<br>) | Civil Action No. 05 CV 11816 NMG |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted, insofar as New England Allergy (NEA) admits it had a business relationship with HCI.

8.      Denied, although NEA admits it had a business relationship with HCI and purchased products from it.

9.      Admitted.

10.     NEA admits it received periodic invoices from HCI, but denies the invoices accurately reflect the customer/supplier relationship between the parties.

11.    Denied.

12.    NEA admits it had a business relationship with HCI, but denies the terms as set forth in paragraph 12 of Plaintiff's complaint.

13.    NEA admits it has not made full payment for the supplies purchased for justifiable reason, but denies the balance of the allegations in paragraph 13 of Plaintiff's complaint.

14.    Denied.

15.    Denied.

16.    NEA incorporates by reference its answers in paragraphs 1 through 15.

17.    Denied.

18.    Denied.

19.    Denied.

20.    NEA incorporates by reference its answers in paragraphs 1 through 19.

21.    NEA admits it purchased supplies from HCI, but denies the invoices accurately reflect the agreement between the parties.

22.    NEA admits it has not fully paid HCI under the disputed invoices, but claims justifiable reason for the partial non-payment.

23.    Denied.

24.    NEA incorporates by reference its answers in paragraphs 1 through 23.

25.    NEA admits it had a business relationship with HCI, but denies that Exhibit B fully and accurately reflects said relationship.

26.    NEA admits it received periodic invoices from HCI, but denies the balance of the allegations in paragraph 26 of Plaintiff's complaint.

27.    Denied.

28.    NEA incorporates by reference its answers in paragraphs 1 through 27.

29.    Denied.

2

30.    Denied.

31.    NEA incorporates by reference its answers in paragraphs 1 through 30.

32.    Denied.

33.    NEA admits it is engaged in the operation of a professional medical office, but denies the transactions which are the subject of the Plaintiff's complaint, pursuant to M.G.L. Chapter 93A.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    NEA incorporates by reference its answers in paragraphs 1 through 37.

39.    Denied.

40.    NEA admits it owes money to HCI, but claims justification for the amounts which have not been paid.

41.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

HCI is in the business of providing blood derivative products to physicians and medical facilities, and has had a business relationship with NEA for over four years. During the period of time for which HCI is now claiming payment, HCI unilaterally, artificially and unconscionably raised the prices for the products being sold to NEA, which price increases were unjustified by any relevant market conditions. HCI knew or should have known that NEA had no alternative but to continue purchasing the products in order meet professional obligations to patients, and HCI attempted to take advantage of NEA by charging exorbitant prices. HCI has steadfastly refused to provide justification for the substantial and unjustified price increases and refused to submit the matter to any form of Alternate Dispute Resolution.

## SECOND AFFIRMATIVE DEFENSE
## UNCONSCIONABILITY

HCI unconscionably and artificially raised its prices for certain specified medical products and, therefore, should be precluded from recovery on the invoices which are the subject of Plaintiff's complaint.

## THIRD AFFIRMATIVE DEFENSE
## DURESS

HCI was aware that NEA had a professional and ethical responsibility to continue treating patients requiring HCI products and had no alternative but to continue purchasing said products. HCI artificially and unjustifiably and substantially raised the price of the products, thereby taking advantage of NEA's professional responsibilities.

## FOURTH AFFIRMATIVE DEFENSE
## ESTOPPEL

HCI was aware that NEA had a professional and ethical responsibility to continue treating patients requiring HCI products and had no alternative but to continue purchasing said products. HCI artificially and unjustifiably and substantially raised the price of the products, thereby taking advantage of NEA's professional responsibilities. HCI should be estopped from collecting any more than the objectively fair and reasonable price for the products.

## FIFTH AFFIRMATIVE DEFENSE
## FAILURE OF CONSIDERATION

HCI agreed to be fair and reasonable in its dealings with NEA and breached its agreement by claiming exorbitant prices for the product, which action constitutes a failure of consideration.

## SIXTH AFFIRMATIVE DEFENSE
## ILLEGALITY

HCI's conduct constitutes unlawful price gauging and price fixing.

## SEVENTH AFFIRMATIVE DEFENSE
## UNJUST ENRICHMENT

Payment of the amounts claimed by HCI would result in an unjust enrichment.

4

DEFENDANTS CLAIM TRIAL BY JURY.

Respectfully submitted,
Defendants, New England Allergy Asthma
Immunology & Primary Care, P.C. and
Thomas F. Johnson,
By Its Attorney,

Dated:  October 5, 2005

_____
Arthur J. McCabe, Esq.
Arthur J. McCabe & Associates, P.C.
1 Elm Square, P.O. Box 990
Andover, MA  01810
BBO # 327020
Tel:  (978) 470-0200
Fax: (978) 470-3474

## CERTIFICATE OF SERVICE

I, Arthur J. McCabe, certify that on this 5th day of October, 2005, I provided a copy of the Defendants' Answer and Affirmative Defenses, by mailing first-class mail, postage prepaid and by facsimile to (617) 261-3175, to Plaintiff's counsel, Brian M. Forbes, Esquire and Stacey I. Gorman, Esquire, Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA  02109.

_____
Arthur J. McCabe

5