UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC.,      ) | |
|      ) | |
|    Plaintiff,      ) | |
|      ) | |
| v.      ) | |
|      ) | Civil Action No. 05-cv-11816 MEL |
| NEW ENGLAND ALLERGY ASTHMA      ) | |
| IMMUNOLOGY & PRIMARY CARE,      ) | |
| P.C. and THOMAS F. JOHNSON,      ) | |
| Individually      ) | |
|      ) | |
|    Defendants.      ) | |
|      ) | |

## JOINT STATEMENT FOR SCHEDULING CONFERENCE

Pursuant to the Notice of Rescheduling of Scheduling Conference dated November 30, 2005, Health Coalition, Inc. ("HCI") and Defendants New England Allergy Asthma Immunology & Primary Care, P.C. ("New England Allergy") and Thomas F. Johnson ("Dr. Johnson") (collectively the "Defendants") and in accordance with Local Rule 16.1(D), submit the following Joint Statement in connection with the scheduling conference to be held on December 20, 2005.

## I.      INTRODUCTION

This action arises from HCI's sale of blood derivative products to New England Allergy. From 2001 through 2004, New England Allergy ordered blood derivative products from HCI. HCI shipped the products and sought payment pursuant to the terms of the invoices sent to New England Allergy.  To date, New England Allergy has failed to pay an amount of $846,696.39 plus interest for certain products.  In addition, Dr. Johnson, individually, executed a personal guarantee.

As such, HCI sets forth claims against New England Allergy for breach of contract, goods had and received, account stated, breach of implied covenant of good faith and fair dealing

and violations of Mass. Gen. L. ch. 93A.  HCI also has a claim against Dr. Johnson for his

breach of the guaranty agreement.  HCI seeks to recover damages incurred as a result of the

Defendants' actions, including amounts due under the invoices, multiple damages under Mass.

Gen. Law ch. 93A, interest incurred, attorneys' fees and costs.

Defendants admit they owe money to HCI, but claim justification for not making

payment.

## II.    AGENDA FOR SCHEDULING CONFERENCE

The parties propose that the pre-trial matters set forth in Section IV below be discussed

during the scheduling conference.

## III.    INITIAL DISCLOSURE - RULE 26(a)(1) and LOCAL RULE 26.2

HCI served its initial disclosures on October 17, 2005.  The parties have agreed that the

defendants will serve their automatic disclosures as required by Rule 26(f) within the time set

forth in Local Rule 26.2.  At this stage, the parties believe that the number and type of discovery

events set forth in Local Rule 26.1(C) are appropriate.  This does not appear to be a case which

would benefit from phased discovery.

## IV.    PROPOSED PRE-TRIAL SCHEDULE

A proposed pre-trial schedule, including a joint discovery plan and proposed schedule for

the filing of motions, is as follows:

- 3 -

| EVENT | PLAINTIFF'S PROPOSED DATES | DEFENDANTS' PROPOSED DATES |
|---|---|---|
| Fact discovery completed by: | February 15, 2006 | June 15, 2006 |
| Expert disclosures shall be made as required by Rule 26(a)(2) and Local Rules 16.5(C) and 26.4(A) by: | March 1, 2006 | June 29, 2006 |
| Rebuttal expert disclosures shall be made by: | March 15, 2006 | July 13, 2006 |
| Expert discovery to be completed by: | April 20, 2006 | August 18, 2006 |
| All dispositive motions, including those pursuant to Fed. R. Civ. P. 56, filed by: | June 1, 2006 | September 29, 2006 |
| Final Pre-trial Conference | August 15, 2006 | December 13, 2006 |
| Trial Ready | September 4, 2006 | January 2, 2007 |

## V.    MAGISTRATE JUDGE

The parties do not consent to trial by magistrate judge at this time.

## VI.    SETTLEMENT

On December 9, 2005, HCI, through its counsel, made a written settlement proposal as required by Local Rule 16.1(C).

## VII.    ALTERNATIVE DISPUTE RESOLUTION

The parties have engaged in discussions concerning settlement and believe that participation in the Court's mediation program may assist in resolving this case.

## VIII.    LOCAL RULE 16.1(D)(3) CERTIFICATIONS

The Local Rule 16.1(D)(3) certifications will be filed by the parties under separate cover.

HEALTH COALITION, INC.,

By its attorneys,


/s/ Brian M. Forbes
Brian M. Forbes (BBO# 644787)
  bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
  sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
Tele:   (617) 261-3100
Fax:    (617) 261-3175


NEW ENGLAND ALLERGY ASTHMA
IMMUNOLOGY & PRIMARY CARE,
P.C. and THOMAS F. JOHNSON

By their attorney,


/s/ Arthur J. McCabe (w/permission)
Arthur J. McCabe
ARTHUR J. MCCABE & ASSOCIATES, P.C.
One Elm Square
Andover, MA 01810

Dated:  December 13, 2005

- 5 -

## CERTIFICATE OF SERVICE

I, Brian M. Forbes, hereby certify that I have this 13th day of December caused a copy of the foregoing document to be served upon all counsel of record by electronic filing.


/s/ Brian M. Forbes
Brian M. Forbes