UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-cv-11816 MEL |
| NEW ENGLAND ALLERGY ASTHMA | ) |
| IMMUNOLOGY & PRIMARY CARE, | ) |
| P.C. and THOMAS F. JOHNSON, | ) |
| Individually | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF HEALTH COALITION INC.'S MOTION TO COMPEL

Pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure and Local Rules 33.1, 34.1 and 37.1, plaintiff Health Coalition Inc. ("Health Coalition") submits this memorandum of law in support of its motion to compel defendants New England Allergy Asthma Immunology & Primary Care P.C. ("New England Allergy") and Thomas F. Johnson ("Dr. Johnson") (collectively "defendants") to respond, without objection, to Health Coalition's First Set of Interrogatories, respond to plaintiffs' First Set of Document Requests and produce all responsive documents, and serve automatic disclosures as required by Fed. R. Civ. P. 26(a)(1) and Loc. R. 26.2. Defendants have wholly neglected to respond to outstanding discovery within the time required by applicable rules and by extension of such deadlines. For the reasons set forth below, the Court should grant Health Coalition's Motion to Compel.

### Background

On October 19, 2005, Health Coalition served discovery requests on defendants New England Allergy and Dr. Johnson, including Interrogatories and Document Requests pursuant to

Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34 respectively.  See Plaintiff's First Set of Interrogatories

to Defendant New England Allergy Asthma Immunology & Primary Care, P.C (attached hereto

as Exhibit A); Plaintiff's First Set of Document Requests to Defendant New England Allergy

Asthma Immunology & Primary Care, P.C. (attached hereto as Exhibit B); Plaintiff's First Set of

Interrogatories to Defendant Dr. Thomas F. Johnson (attached hereto as Exhibit C); Plaintiff's

First Set of Document Requests to Defendant Thomas F. Johnson (attached hereto as Exhibit D)

(collectively "Interrogatory Requests" and "Document Requests" respectively).  Health Coalition

also served New England Allergy with a Notice of Deposition pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure with the deposition scheduled to commence on December 1,

2005.  See Notice of Deposition scheduled to commence on December 1, 2005 (attached hereto

as Exhibit E).  Pursuant to Fed. R. Civ. P. 33, Loc. R. 33.1, Fed. R. Civ. P. 34, and Loc. R. 34.1,

defendants' responses to the discovery requests were due to be served on November 21, 2005.

On November 22, 2005, a day after defendants' responses were due to be served, by

telephone, defendants' counsel asked for an extension of time to respond to the outstanding

discovery requests.  As a courtesy, even though defendants' responses were already late, Health

Coalition agreed to an extension of time to respond to plaintiff's discovery requests up to and

including December 2, 2005.  Given the extension, Health Coalition also agreed to postpone the

scheduled 30(b)(6) deposition from December 1, 2005, until December 15, 2005, and sent

defendants' counsel a revised 30(b)(6) deposition notice to that effect.  See Notice of Deposition

scheduled to commence on December 15, 2005 (attached hereto as Exhibit F).

On December 2, 2005, counsel for Health Coalition spoke by telephone with defendants'

counsel regarding the status of defendants' discovery responses.  Defendants' counsel indicated

that defendants were not prepared to serve their responses or produce documents per the

November 22, 2005 agreement between the parties.  <u>See</u> December 2, 2005 letter (attached

hereto as Exhibit G) describing call between counsel and December 5, 2005 letter from

defendants' counsel (a true and correct copy which is attached hereto as Exhibit H) regarding his

"misunderstanding" as to the date of production because he "did not write down dates."

    Defendants did not respond to Health Coalition's Interrogatories or Document Requests

by December 2, 2005, and did not request an additional extension of the discovery deadline prior

to that date.  As such, defendants waived all objections to Health Coalition's Interrogatories

pursuant to Fed. R. Civ. P. 33(b)(4) and Loc. R. 33.1(C)(1), and waived all objections to Health

Coalition's Document Requests, pursuant to Loc. R. 34.1(C)(1).

    In light of the upcoming deposition scheduled for December 15' 2005, in a letter dated

December 5, 2005, Health Coalition again asked defendants to produce answers to

Interrogatories and Document Requests, as well produce all responsive documents by the close

of business, Friday, December 9, 2005.  <u>See</u> December 5, 2005 letter (attached hereto as Exhibit

I).  Included in Health Coalition's December 5th letter was a request for a conference pursuant to

Local Rule 37.1.  On December 9, 2005 counsel for Health Coalition received a call from an

assistant in defendants' counsel's office asking for the courtesy of serving discovery responses

on Monday, December 12, 2005 due to the inclement weather that day.  As a courtesy, Health

Coalition agreed.

    On December 12, 2005, counsel for Health Coalition received a copy of the "Combined

First Response of the Defendants to Plaintiff's First Set of Documents Requests" (hereinafter

"Combined First Response") and copies of certain categories of documents produced.  A copy of

the "Combined First Response" is attached hereto as Exhibit J.  As detailed <u>infra</u>, the Combined

First Response is deficient and does not satisfy the requirements set forth in the Local Rules. Defendants also did not serve responses to Interrogatories.

On December 13, 2005, counsel for the parties again spoke by telephone and defendants' counsel stated that defendants would be producing additional documents with defendants' responses to the Interrogatory Requests, which were still outstanding.  On December 13, 2005, Health Coalition also notified defendants in writing that the Combined First Response and document production was deficient.  See December 13, 2005 letter attached hereto as Exhibit K. Health Coalition did not receive a response to this letter.

In a final attempt to obtain outstanding discovery, Health Coalition sent another letter to defendants' counsel detailing all discovery deficiencies and requested a discovery conference pursuant to Local Rule 37.1.  See December 16, 2005 letter (attached hereto as Exhibit L). Based on previous correspondence with defendants' counsel regarding the availability of the 30(b)(6) witness and in light of the overdue discovery responses, Health Coalition also sent a revised 30(b)(6) deposition notice rescheduling the deposition to January 5, 2006.  See Notice of Deposition scheduled to commence on January 5, 2006 (attached hereto as Exhibit M). Significantly, defendants never responded to the December 16th letter or Health Coalition's requests for a Local Rule 37.1 conference.

On December 19, 2005, Health Coalition received a cover letter from defendants' counsel purporting to enclose "New England Allergy's Second Response to Plaintiff's First Request for Documents."  A copy of the December 19, 2005 cover letter is attached hereto as Exhibit N. Defendants' package did not include a response complying with Fed. R. Civ. P. 34 and Loc. R. 34.1, but did contain some additional documents.

On December 20, 2005, the parties attended the Court's Scheduling Conference.  At the conference, defendants' counsel represented to the Court that defendants' responses to Interrogatories were being executed that day and that they would be served on Health Coalition shortly.  To date, plaintiff has not been served with any responses to Interrogatories.[1]

Finally, in addition to the absence of responses to discovery propounded by Health Coalition, defendants' automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Loc. R. 26.2 are late and have not been served within the time set forth in Loc. R. 26.2(A) and the parties Joint Statement For Scheduling Conference.[2]

Prior to filing the filing of the instant Motion, Health Coalition made two requests for a discovery conference pursuant to Loc. R. 37.1.  See Exhibits I and L.  More then seven days have elapsed since the requests for a conference were made, and to date, defendants have not responded to these requests.  See Loc. R. 37.1(A) ("Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion").

<u>Argument</u>

I.    **DEFENDANTS' RESPONSES TO INTERROGATORIES ARE OVERDUE**

Pursuant Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, Health Coalition served its Interrogatory Requests on defendants New England Allergy and Dr. Johnson on October 19, 2005.  If the served party does not respond within thirty days after service, the

---

[1]    After the December 20th Scheduling Conference, the Court also ordered that the parties attend mediation within 60 days.  Thus, defendants complete and full responses to outstanding discovery is necessary in order for the parties to engage in a productive mediation session.

[2]    Health Coalition served its automatic disclosures on defendants on October 17, 2005.

submitting party may move for an order compelling discovery.  See Fed. R. Civ. P. 33(b)(3);

Fed. R. Civ. P. 33(b)(5); Fed. R. Civ. P. 37(a)(2)(B).

To date, defendants have not served any responses to the Interrogatories.  By various

letters and telephone calls, Health Coalition notified defendants of the absence of Interrogatory

Responses, requested that defendants serve their Responses, and indicated that if defendants

failed to respond, Health Coalition would have no choice but to seek relief from the Court.  See

letters attached hereto as Exhibits G, I, K, and L.  Notably, at the December 20th scheduling

conference, defendants acknowledged their failure to respond to Interrogatory Requests and

represented to the Court that Interrogatory Responses would be forthcoming.  As a result of

defendants continued failure to timely respond, Health Coalition has already rescheduled the

pending 30(b)(6) deposition two times and defendants' delays have caused Health Coalition to

incur significant expenses.

Despite Health Coalitions multiple requests for responses and a request for a Loc. R. 37.1

conference, the defendants' continuous statements that Interrogatory Responses would be served

shortly, and defendants' representation to the Court that Interrogatory Responses would be

forthcoming, defendants New England Allergy and Dr. Johnson have failed to provide any

response to Health Coalition's Interrogatory Requests.

Significantly, defendants have not set forth any grounds for their failure to serve

responses to Interrogatories and have not asserted any privileges.  Nor could defendants take

such a position.  No answers, responses, objections, or requests for an extension were received

within the time permitted by the rules.  As such, defendants' objections to Interrogatories are

waived.  See Fed. R. Civ. P. 33(b)(3); Loc. R. 33.1(C)(1).

Due to defendants failure to respond to Health Coalition's repeated attempts to obtain Interrogatory Responses and defendants' inexcusable delay, this Court should grant Health Coalition's motion and order that defendants immediately respond to Health Coalition's First Set of Interrogatories. Additionally, pursuant to Fed. R. Civ. P. 37(a)(4) and Fed. R. Civ. P. 37(d), the Court should order that defendants pay Health Coalition's reasonable expenses in bringing the instant motion, including attorney's fees.

## II.    DEFENDANTS RESPONSES TO DOCUMENT REQUESTS ARE DEFICIENT AND OVERDUE

As detailed above, defendants' responses to discovery, including requests for production of documents are overdue and are deficient. Health Coalition served its Document Requests on defendants New England Allergy and Dr. Johnson pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 34.1 on October 19, 2005. See Exhibits B and D. If the served party does not respond within thirty days after service, the submitting party may move for an order compelling discovery. See Fed. R. Civ. P. 34(b); Fed. R. Civ. P. 37(a)(2)(B).

Defendants first sought an extension of time to respond to Document Requests on November 22, 2005, after the responses were due to be served. Even after Health Coalition provided the courtesy of an enlargement of time for defendants to respond to Discovery Requests, defendants nonetheless failed to serve discovery responses by December 2, 2005, the extended deadline. On December 12, 2005, only a few days prior to the scheduled 30(b)(6) deposition, Health Coalition received defendants' Combined First Response as well as copies of certain categories of documents. See Exhibit J. Defendants' Combined First Response to documents requests, however, is deficient and does not comply with Rule 34 of the Federal Rules of Civil Procedure and Local Rule 34.1. Local Rule 34.1 provides in relevant part:

(A)    Form of Response

(1)    Answers and objections in response to requests for document production served pursuant to Fed. R. Civ. P. 34 shall be made in the order of the requests propounded.

(2)    Each answer, statement, or objection must be preceded by the request to which it responds.

See Loc. R. 34.1(A).  It is evident that the Combined First Response does not respond to the requests in the order propounded and otherwise does not appropriately answer each specific document request.  See Exhibit J.  Because the Combined First Response does not conform to these required conventions, it is not clear how defendants are responding to each request and it is not clear whether defendants have produced all responsive documents in their possession, custody, or control.  Additionally, the documents produced with defendants' Combined First Response were not Bates-labeled and the multiple invoices and other related documents were disorganized and out of order.  By letters dated December 13, 2005 and December 16, 2005, Health Coalition identified these deficiencies and requested a Rule 37.1 conference.  See Exhibits K and L.  Defendants did not respond.

On December 19, 2005, Health Coalition received additional documents, but no supplement to the Response.  See Exhibit N.  Despite defendants' December 19th production, it is still not clear how defendants are responding to each document request and defendants have not indicated whether they have produced all responsive documents in their possession, custody, or control.

As is the case with defendants' overdue interrogatories responses, defendants waived their objections to the production of documents.  Significantly, defendants have not set forth any grounds for their failure to serve complete responses to document requests and have not asserted any privileges.  As such, defendants' have waived the right to state objections to Health Coalition's document requests.  See Loc. R. 34.1(C)(1).

In light of defendants' refusal to cooperate with Health Coalition's discovery requests, the Court should issue an order compelling defendants to immediately supplement its responses to document requests and provide all responsive documents. Likewise, pursuant to Fed. R. Civ. P. 37(a)(4) and Fed. R. Civ. P. 37(d), the Court should order that defendants pay Health Coalition's reasonable expenses in bringing the instant motion, including attorney's fees.

## III.     DEFENDANTS' AUTOMATIC DISCLOSURES ARE OVERDUE

Defendants' automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Loc. R. 26.2 are late and have not been served within the time set forth in Local Rule 26.2(A) and the Joint Statement For Scheduling Conference filed by the parties. Specifically, the applicable rules and the Joint Statement contemplate that Rule 26(a)(1) disclosures are to be served within fourteen days of the parties Rule 26(f) conference. On November 20, 2005, counsel for Health Coalition left a message for defendants' counsel to commence the conference required by Fed. R. Civ. P. 26(f). Counsel for the parties spoke on December 2, 2005 regarding Rule 26(f) issues and ultimately filed the Joint Statement for Scheduling Conference on December 13, 2005.

To date, defendants have not served their automatic disclosures. Health Coalition has notified defendants of this deficiency (see Exhibit L), but has received no response. Thus, pursuant to Fed. R. Civ. P. 37(a)(2)(A), Health Coalition seeks an order compelling defendants to make required automatic disclosures. Again, pursuant to Fed. R. Civ. P. 37(a)(4) and Fed. R. Civ. P. 37(d), the Court should order that defendants pay Health Coalition's reasonable expenses in bringing the instant motion, including attorney's fees.

## CONCLUSION

Health Coalition has given defendants ample time to prepare responses to discovery requests but to no avail. Defendants' responses to Interrogatories and Document Requests are now more than two months late after the original deadline. Defendants have also neglected their

obligations to serve automatic disclosures. Defendants' delay has caused Health Coalition to postpone its depositions of defendants and has delayed the progress of the litigation generally.

For the foregoing reasons, and to avoid further delay to the litigation, Health Coalition respectfully requests that the Court:

a) order that defendants immediately respond to Health Coalition's First Set of Interrogatories and First Request for the Production of Documents;

b) order that defendants have waived all objections to both sets of discovery;

c) order that defendants serve automatic disclosures;

d) pursuant to Fed. R. Civ. P. 37(a)(4)(A), award Health Coalition its costs, including its attorneys' fees, incurred in making this motion; and

e) grant such other and further relief as the Court deems just and proper.

For the Court's convenience, a proposed Order is attached as Exhibit 1 to Health Coalition's motion filed simultaneously herewith.

Respectfully submitted,

HEALTH COALITION, INC.,

By its attorneys,

/s/ Brian M. Forbes
Brian M. Forbes (BBO# 644787)
  bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
  sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
Tele:   (617) 261-3100
Fax:    (617) 261-3175

Dated:  December 28, 2005

## <u>CERTIFICATE OF SERVICE</u>

I, Brian M. Forbes, hereby certify that I have this 28th day of December caused a copy of the foregoing document to be served upon all counsel of record by electronic filing.

<u>/s/ Brian M. Forbes</u>
Brian M. Forbes

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC.,      ) | |
|                  ) | |
|     Plaintiff,          ) | |
|                  ) | |
| v.                 ) | Civil Action No. 05-cv-11816 NMG |
|                  ) | |
| NEW ENGLAND ALLERGY ASTHMA  ) | |
| IMMUNOLOGY & PRIMARY CARE,    ) | |
| P.C. and THOMAS F. JOHNSON,     ) | |
| Individually            ) | |
|                  ) | |
|     Defendants.       ) | |
|                  ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and Local Rule 33.1 in the

United States District Court for the District of Massachusetts, plaintiff Health Coalition, Inc.

("HCI") hereby propounds the following interrogatories to be answered separately and fully in

writing and under oath by defendant New England Allergy Asthma Immunology & Primary

Care, P.C. ("New England Allergy") in accordance with the Instructions and Definitions set forth

below no later than thirty (30) days after service of these interrogatories upon New England

Allergy.

## DEFINITIONS

1.     "You," "your," and "New England Allergy" shall mean New England Allergy

Asthma Immunology & Primary Care, P.C., its predecessors, whether acquired by merger or

consolidation or by other means, its successors and divisions, its subsidiaries, whether wholly or

partially owned, its affiliates, agents, attorneys, parties, controlling shareholder (s), employees,

officers and directors.

2.    "HCI" shall mean the plaintiff in this action, Health Coalition, Inc., and any

employee, officer, director, representative, agent, subdivision or unit, affiliate, parent, subsidiary,

or predecessor in interest, of HCI.

3.    "Dr. Johnson" shall mean defendant Dr. Thomas F. Johnson.

4.    The term "Complaint" refers to the complaint filed by HCI in this action on

September 6, 2005.

5.    The term "Answer" refers to the Defendants' Answer and Affirmative Defenses

filed on behalf of New England Allergy and Dr. Johnson on or about October 5, 2002.

6.    The term "Affirmative Defenses" refers to the Affirmative Defenses set forth in

the Answer.

7.    The term "products" means to all types of products, materials, drugs or any other

good purchased from HCI by New England Allergy.

8.    The term "invoice" means any request to you from HCI requesting payment for

products delivered to New England Allergy.

9.    The term "communication" means the transmittal of information (in the form of

facts, ideas, inquiries, or otherwise). This definition shall further include any oral, written, or

electronic transmittal of information or request for information made from one person to another,

whether made in person, by telephone, or by any other means.

10.    The term "document" is defined to be synonymous in meaning and in scope to the

usage of this term in Federal Rule of Civil Procedure 34(a) and Local Rule 26.5 of the United

States District Court for the District of Massachusetts.

      (a)    The term "document" shall include, without limitation, any writing,
      whether handwritten, printed, typed, or otherwise made, of any kind or
      nature, however produced or reproduced, including drafts thereof, and
      including copies bearing notations or marks not found on the original.

(b)  This definition shall further include, without limitation, agreements, letters, correspondence, memoranda, e-mail, notes, analyses, appraisals, valuations, reports, studies, bills, statements, work papers, books, records, journals, ledgers, logs, messages of any nature (including reports, notes, notations, and memorandum of or relating to telephone conversations and conferences), agenda, minutes or transcripts or tapes of communications or meetings, desk calendars, appointed books, diaries, lists, questionnaires, surveys, tapes or other recordings from which information can be obtained.

(c)  This definition shall include documents, stored, maintained or transmitted as electronic data.

11.    The term "electronic data" includes writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means, and means the original, or identical duplicate when the original is not available, and any non-identical copies, whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind. Electronic data includes, but is not limited to, activity listing of electronic mail recipients and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, any and all items stored on electronic media, including, but not limited to, computer memories, hard disks, floppy disks, CD-ROMs and removable media. Electronic data also includes the file, folder tab and/or containers and labels appended to, or associated with, and any physical storage device associated with each original and/or copy.

12.    The term "person" is defined as any natural person or business, legal or governmental entity, or association.

13.    The term "relating to" means concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, discussing, showing, embodying, studying, reflecting, analyzing, or constituting.

14.     The term "agreement" means an actual or contemplated (a) written or oral agreement; (b) term or provision of such agreement; or (c) amendment of any nature to or termination of such agreement.

15.     To the extent necessary to bring within the scope of these interrogatories contained herein any information that might otherwise be construed to be outside their scope:

(a)     the singular of each word shall be construed to include its plural and vice versa;

(b)     "and" as well as "or" shall be construed both conjunctively and disjunctively;

(c)     "each" shall be construed to include "every" and vice versa;

(d)     "any" shall be construed to include "all" and vice versa; and

(e)     the use of a term in the feminine is deemed to include the masculine and vice versa.

16.     "Identify" shall have the meaning set forth in Local Rule 26.5(C) and otherwise means as follows:

(a)     when used in reference to a natural person, to give the person's full name, present or last known business or residential address, present or last known place or employment, and business affiliation and position, if any, during the relevant time period;

(b)     when used in reference to a legal or business entity, to give the entity's full name and the address of its principal place(s) of business, and to identify any representative of such entity who has knowledge concerning any information in connection with which such entity has been identified; and

(c)     when used in reference to a document, to give the date of the document, author(s), addressee(s), or recipient(s), type of document, general subject matter, and the name and address of its current custodian.

17.     Pursuant to Local Rule 26.5(C), when an interrogatory calls upon you to "state the basis" of, or for, a particular claim, assertion, allegation, or contention, please:

(a)    identify each document (and, where pertinent, the section, article, paragraph, or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b)    identify each and every communication, and the parties to that communication, which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c)    state separately the acts, or omissions to act, on the part of any person (identifying the acts, or omissions to act, by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d)    state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the interrogatory.

## INSTRUCTIONS

1.    In answering these interrogatories, you shall furnish all information in your possession, custody, and control, including, without limitation, any information in the possession, custody, and control of your agents, affiliates, attorneys, employees, experts, representatives, or any other persons acting on your behalf.

2.    If you cannot answer any of the following interrogatories in full after exercising due diligence to secure the information to do so, please so state, answer to the extent possible, explain why you cannot answer the remainder, and provide a supplemental response when you obtain any information that would allow you to answer in full.

3.    These interrogatories are continuing in nature so as to require the production of supplemental documents and the filing of supplemental answers to the extent required under the Federal Rules of Civil Procedure and the local rules of the Court.

4.    If your answer to any of the following interrogatories derives from a document, in your answer please identify the document and produce a copy thereof.

5.      If you object to a particular interrogatory, state the bases for each objection in your answer to each such interrogatory. If you object on the basis, for example, that a particular term or phrase in an interrogatory is vague, ambiguous, or indefinite, provide your understanding of the term or phrase and respond accordingly.

6.      If any responsive document or object was in your possession, custody, or control but is now in the possession, custody, or control of any other person or entity, or has been disposed of, lost, discarded, or destroyed, identify each such document or object, specifying: (a) the document's date, author(s), and addressee(s), or recipient(s); (b) the contents of the document or the nature of the object; (c) the name(s), address(es), and job title(s) of those to whom the document or object was given, shown, or sent; (d) the name and address of the document's or object's current custodian, if any, or the date of its disposition and the name, address, and job title of the person responsible therefore; (e) the date when the document or object was last in your possession, custody, or control; and (f) if known, the reason that the document or object was disposed of, lost, discarded, or destroyed.

7.      If you withhold information otherwise discoverable by claiming that it is privileged or otherwise protected from discovery in whole or in part, please describe the nature of the information, document, communication, or object not produced or disclosed with sufficient particularity and in sufficient detail to permit defendants to assess the applicability of the claimed privilege or protection and the Court to rule on the validity of the objection, including, without limitation, with respect to a document: (a) the date, author(s), addressee(s), recipient(s), and subject matter of the document, and the name and address of its current custodian; (b) the type of document it is; and (c) the name(s), address(es), and job titles of those

to whom the document was given, shown, or sent.  All portions of each such document that you do not claim to be privileged or otherwise protected from discovery shall be produced.

8.    Unless otherwise specified (as, for example, by the use of the word "ever" or the phrase "at any time") and without regard to the tenses used, these interrogatories request information from January 1, 2001, through the present.

## **INTERROGATORIES**

Interrogatory No. 1:

Identify the person(s) answering these interrogatories, including the person(s) full name, date of birth, residential address, business address, employer, and title.

Interrogatory No. 2:

Identify each person who assisted in preparing the answers to these interrogatories and, following the identity of each such person, state the number of each interrogatory for which that person provided assistance.

Interrogatory No. 3:

Identify each and every person who has or may have knowledge of the facts and circumstances alleged in the Complaint including that person's full name, date of birth, residential address, business address, employer and title, and, as to each person, describe in detail the knowledge or information possessed by that person.

Interrogatory No. 4:

Identify with particularity the existence, custodian, location, and general description of each document in your possession, custody, or control that is relevant to, or contains information that is relevant to, or reasonably calculated to lead to the discovery of admissible evidence

concerning the allegations set forth in the Complaint or the Answer, or that otherwise concerns the subject matter of this action.

Interrogatory No. 5:

Describe in detail any communications between HCI and New England Allergy, including, but not limited to the purchasing of products from HCI, the Sales Agreement attached as Exhibit A to the Complaint, terms of payment, invoices, and payment for products. Identify the persons participating or present, dates, and the documents relating or referring in any way to such communications.

Interrogatory No. 6:

Describe in detail any communications between New England Allergy and any person concerning the matters which are the subject of this action. Identify the persons participating or present, dates, and the documents relating or referring in any way to such communications.

Interrogatory No. 7:

Identify all agreements or contracts entered into by New England Allergy with HCI, including the dates of those agreements or contracts, the names of the parties to those agreements or contracts, and the subject matter of those agreements or contracts.

Interrogatory No. 8:

Identify each invoice received from HCI, including but not limited to, the invoice number, products sent, amounts owed to HCI and the payment terms.

Interrogatory No. 9:

Identify each payment made by New England Allergy to HCI, including but not limited to, the corresponding invoice, the amount paid, type of payment, and the date of the payment.

Interrogatory No. 10:

Identify all of New England Allergy's debt, including but not limited to the name of the creditor, the amount of credit extended, the amount of the debt, and the terms of payment.

Interrogatory No. 11:

State with specificity all facts and circumstances that support New England Allergy's denial or non-payment of any amount due HCI.

Interrogatory No. 12:

State the basis for your allegation that you have "not made full payment for the supplies purchased for justifiable reason."

Interrogatory No. 13:

State the basis for your allegation that the invoices from HCI to New England Allergy do not "accurately reflect the customer/supplier relationship between the parties."

Interrogatory No. 14:

State the basis of your allegation denying that "the invoices accurately reflect the agreement between the parties."

Interrogatory No. 15:

State the basis for each of the Affirmative Defenses as set forth in the Answer.

HEALTH COALITION, INC.,

By its attorneys,

Brian M. Forbes (BBO# 644787)
  bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
  sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
Tele:   (617) 261-3100
Fax:    (617) 261-3175

Dated:  October 19, 2005

## CERTIFICATE OF SERVICE

I, Brian M. Forbes, hereby certify that a true copy of the above document was served on October 19, 2005 upon all counsel of record by first class mail, postage prepaid.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW ENGLAND ALLERGY ASTHMA | ) |
| IMMUNOLOGY & PRIMARY CARE, | ) |
| P.C. and THOMAS F. JOHNSON, | ) |
| Individually | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 05-cv-11816 NMG

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT
## NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C.

Health Coalition, Inc. ("HCI"), by their counsel Kirkpatrick & Lockhart Nicholson

Graham LLP, hereby request pursuant to Fed. R. Civ. P. 34 and Local Rule 34 of the United

States District Court for the District of Massachusetts that defendant New England Allergy

Asthma Immunology & Primary Care, P.C. ("New England Allergy"), produce for inspection

and copying at a mutually agreeable place and time any and all documents described below that

are in its possession, custody or control, including those in the possession, custody, or control of

its agents, attorneys or other representatives.

### DEFINITIONS

1.      The definitions and rules of construction set forth in Local Rules for the United

States District Court for the District of Massachusetts are hereby incorporated by reference.

2.      "You," "your," and "New England Allergy" shall mean New England Allergy

Asthma Immunology & Primary Care, P.C., its predecessors, whether acquired by merger or

consolidation or by other means, its successors and divisions, its subsidiaries, whether wholly or

partially owned, its affiliates, agents, attorneys, parties, controlling shareholder (s), employees, officers and directors.

3.    "Dr. Johnson" shall mean defendant Dr. Thomas F. Johnson.

4.    "HCI" shall mean the plaintiff in this action, Health Coalition, Inc., and any employee, officer, director, representative, agent, subdivision or unit, affiliate, parent, subsidiary, or predecessor in interest, of HCI.

5.    The term "Complaint" refers to the complaint filed by HCI in this action on September 6, 2005.

6.    The term "Answer" refers to the Defendants' Answer and Affirmative Defenses filed on behalf of New England Allergy and Dr. Johnson on or about October 5, 2002.

7.    The term "Affirmative Defenses" refers to the Affirmative Defenses set forth in the Answer.

8.    The term "products" means to all types of products, materials, drugs or any other goods purchased from HCI by New England Allergy.

9.    The term "invoice" means any request to you from HCI requesting payment for products delivered to New England Allergy.

10.    The term "Sales Agreement" means that the Sales Agreement executed by Dr. Johnson in his individual capacity as guarantor, attached as Exhibit A to the Complaint.

11.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  This definition shall further include any oral, written, or electronic transmittal of information or request for information made from one person to another, whether made in person, by telephone, or by any other means.

- 2 -

12.    The term "document" is defined to be synonymous in meaning and in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Local Rule 26.5 of the United States District Court for the District of Massachusetts.

(a)    The term "document" shall include, without limitation, any writing, whether handwritten, printed, typed, or otherwise made, of any kind or nature, however produced or reproduced, including drafts thereof, and including copies bearing notations or marks not found on the original.

(b)    This definition shall further include, without limitation, agreements, letters, correspondence, memoranda, e-mail, notes, analyses, appraisals, valuations, reports, studies, bills, statements, work papers, books, records, journals, ledgers, logs, messages of any nature (including reports, notes, notations, and memorandum of or relating to telephone conversations and conferences), agenda, minutes or transcripts or tapes of communications or meetings, desk calendars, appointed books, diaries, lists, questionnaires, surveys, tapes or other recordings from which information can be obtained.

(c)    This definition shall include documents, stored, maintained or transmitted as electronic data.

13.    The term "electronic data" includes writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means, and means the original, or identical duplicate when the original is not available, and any non-identical copies, whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind.  Electronic data includes, but is not limited to, activity listing of electronic mail recipients and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, any and all items stored on electronic media, including, but not limited to, computer memories, hard disks, floppy disks, CD-ROMs and removable media.  Electronic data also includes the file, folder tab and/or containers and labels appended to, or associated with, and any physical storage device associated with each original and/or copy.

14.     The term "person" is defined as any natural person or business, legal or governmental entity, or association.

15.     The term "relating to" means concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, discussing, showing, embodying, studying, reflecting, analyzing, or constituting.

16.     The term "agreement" means an actual or contemplated (a) written or oral agreement; (b) term or provision of such agreement; or (c) amendment of any nature to or termination of such agreement.

17.     To the extent necessary to bring within the scope of these requests contained herein any information that might otherwise be construed to be outside their scope:

(a)     the singular of each word shall be construed to include its plural and vice versa;

(b)     "and" as well as "or" shall be construed both conjunctively and disjunctively;

(c)     "each" shall be construed to include "every" and vice versa;

(d)     "any" shall be construed to include "all" and vice versa; and

(e)     the use of a term in the feminine is deemed to include the masculine and vice versa.

## **INSTRUCTIONS**

1.     The documents requested in these requests are to be reproduced either as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this Request in accordance with Fed. R. Civ. P. 34(b) and the local rules.

2.     Unless otherwise stated herein, each and every request set forth in the numbered paragraphs below seeks all responsive documents any information in the possession, custody,

and control of you, your agents, affiliates, attorneys, employees, experts, representatives, or any

other persons acting on your behalf.

3.    In the event that any documents responsive to the requests set forth in the

numbered paragraphs below were, but no longer are, within your possession, custody or control,

state the circumstances and timing of the loss of possession, custody or control, and the name of

the persons or entities to which possession was transferred, if any.

4.    If you cannot answer any of the following requests in full after exercising due

diligence to secure the information to do so, please so state, answer to the extent possible,

explain why you cannot answer the remainder, and provide a supplemental response when you

obtain any information that would allow you to answer in full.

5.    Each request for the production of documents is a request for the original of the

final version of such document(s), although an identical copy may be produced when an original

is not available, as well as any non-identical drafts or non-identical copies of such document(s),

including those that are non-identical by reason of notations or markings on the copies.

6.    Proper safeguards against the destruction of electronic/computer data, including

the destruction of back-up and archival data, must be followed pending final resolution of this

case.

7.    Where electronic data or information stored on any electronic media is responsive

to a request, HCI seeks electronic copies of the information, as well as instructions and programs

necessary to search or retrieve such information, including all attachments and enclosures, which

should not be separated from the items to which they are attached or with which they are

enclosed.

8.     If any one of the requests for documents contained herein is claimed to be objectionable, state the portion of such request that is claimed to be objectionable, and the nature and basis of that objection.

9.     If you contend that any responsive document is protected from disclosure by virtue of a privilege, supply a description of the information in question which shall provide, with respect to each such writing as part of such description thereof: (a) each privilege whereby you contend the contents of such writing are protected from disclosure; (b) each and every fact upon which you rely on to support the claim of privilege; (c) the type of writing (e.g. letter, memorandum, telegram, facsimile, notes or memorandum of telephone conversations, etc.); (d) the date of each such writing; (e) the author(s) of each such writing; (f) the person(s) to whom each such writing was directed; (g) the person(s) to whom copies of each such writing were supplied; and (h) the general subject matter of each such writing.

10.     If no documents exist that are responsive to a particular request, please state that no documents exist.

11.     These requests are continuing in nature so as to require the production of supplemental documents and the filing of supplemental answers to the extent required under the Federal Rules of Civil Procedure and the local rules of the Court.

12.     Unless otherwise stated or apparent from the context of these requests, these requests pertain to the period from January 1, 2001 to present.

## **DOCUMENT REQUESTS**

Request No. 1

All documents concerning the factual allegations set forth in the Complaint.

Request No. 2

All documents disclosing or otherwise concerning all persons with knowledge of the factual allegations of the Complaint, and for each such person, all documents disclosing the person's full name, current or last known residential address, current or last known business address, employer and title, and state the facts known by each such person.

Request No. 3

All documents concerning communications between HCI and New England Allergy, including, but not limited to the purchasing of products from HCI, the Sales Agreement attached as Exhibit A to the Complaint, terms of payment, invoices, and payment for products.

Request No. 4

All documents concerning communications between New England Allergy and any person concerning the matters which are the subject of this action.

Request No. 5

All documents relating to the business relationship between New England Allergy and HCI, whether received from the HCI or otherwise created by, received by, or provided by any other person.

Request No. 6

All documents relating to or concerning any agreements or contracts entered into by New England Allergy and/or Dr. Johnson and HCI.

Request No. 7

All documents relating to or concerning the products New England Allergy purchased from HCI, including but not limited to all purchase orders.

Request No. 8

All documents relating to or concerning the terms of payment for products purchased from HCI.

Request No. 9

All documents relating to or concerning the invoices or account statements sent from HCI to New England Allergy, including but not limited to copies of all invoices and account statements received.

Request No. 10

All documents relating to or concerning or reflecting payments made by New England Allergy to HCI for any purpose, including but not limited to, general ledgers, bank statements, copies of canceled checks, credit card statements, correspondence, notes, and memoranda.

Request No. 11

All documents relating to or concerning payments made by Dr. Johnson to HCI on behalf of New England Allergy, including but not limited to, general ledgers, bank statements, copies of canceled checks, credit card statements, correspondence, notes, and memoranda.

Request No. 12

All documents concerning New England Allergy's income, expenses, profits, and losses, including but not limited to New England Allergy's audited and unaudited financial statements and federal and state income tax returns from 2001 to date.

Request No. 13

All documents concerning applications prepared by or prepared for New England Allergy for credit or loans from any bank, credit union, lending institution, or issuer of credit cards.

Request No. 14

      All documents concerning New England Allergy's debts, including, but without limitation, documents identifying the names of creditors, the nature of the debt, and the amount owed to each creditor.

Request No. 15

      All documents relating to or concerning New England Allergy's decision not to make full payment of certain invoices from HCI.

Request No. 16

      All documents relating to or concerning the Affirmative Defenses set forth in your Answer.

Request No. 17

      All organizational charts of New England Allergy.

Request No. 18

      All documents identifying every lawsuit initiated against you or by you from January 1, 2001 to date in any state or federal (including bankruptcy) court in the United States, including documents identifying the names of the parties involved, the nature of the suit, and the nature of the resolution of the action if any.

Request No. 19

      All documents disclosing or otherwise concerning each non-expert witness who you intend to call as a witness in this proceeding, including all documents disclosing or otherwise concerning the substance of the knowledge or expected testimony of each such person.

Request No. 20

All documents disclosing or otherwise concerning each person you intend to call as an expert at trial and for each such person, all documents disclosing or otherwise concerning: all opinions to be expressed and the basis therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used in summary of or support for the opinions; concerning the qualifications of the witness; all publications authored by the witness within the preceding ten years; and all documents concerning the compensation to be paid for the study and testimony.

Request No. 21

All documents identified in, relied upon or referred to in preparing your response to Health Coalition, Inc.'s First Set of Interrogatories.

HEALTH COALITION, INC.,

By its attorneys,

Brian M. Forbes (BBO# 644787)
  bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
  sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
Tele:   (617) 261-3100
Fax:    (617) 261-3175

Dated:  October 19, 2005

## CERTIFICATE OF SERVICE

I, Brian M. Forbes, hereby certify that a true copy of the above document was served on October 19, 2005 upon all counsel of record by first class mail, postage prepaid.

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC.,      ) | |
|        ) | |
|     Plaintiff,       ) | |
|        ) | |
| v.        ) | Civil Action No. 05-cv-11816 NMG |
|        ) | |
| NEW ENGLAND ALLERGY ASTHMA   ) | |
| IMMUNOLOGY & PRIMARY CARE,   ) | |
| P.C. and THOMAS F. JOHNSON,    ) | |
| Individually       ) | |
|        ) | |
|     Defendants.      ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT DR. THOMAS F. JOHNSON

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and Local Rule 33.1 of the

United States District Court for the District of Massachusetts, plaintiff Health Coalition, Inc.

("HCI") hereby propounds the following interrogatories to be answered separately and fully in

writing and under oath by defendant Dr. Thomas F. Johnson ("Dr. Johnson") in accordance with

the Instructions and Definitions set forth below no later than thirty (30) days after service of

these interrogatories upon Dr. Johnson.

### DEFINITIONS

1.    "You," "your," and "Dr. Johnson" shall mean defendant Dr. Thomas F. Johnson.,

individually and as a director and president of New England Allergy Asthma Immunology &

Primary Care, P.C.

2.    "HCI" shall mean the plaintiff in this action, Health Coalition, Inc., and any

employee, officer, director, representative, agent, subdivision or unit, affiliate, parent, subsidiary,

or predecessor in interest, of HCI.

3.    "New England Allergy" shall mean New England Allergy Asthma Immunology
& Primary Care, P.C., its predecessors, whether acquired by merger or consolidation or by other
means, its successors and divisions, its subsidiaries, whether wholly or partially owned, its
affiliates, agents, attorneys, parties, controlling shareholder (s), employees, officers and
directors.

4.    The term "Complaint" refers to the complaint filed by HCI in this action on
September 6, 2005.

5.    The term "Answer" refers to the Defendants' Answer and Affirmative Defenses
filed on behalf of New England Allergy and Dr. Johnson on or about October 5, 2002.

6.    The term "Affirmative Defenses" refers to the Affirmative Defenses set forth in
the Answer.

7.    The term "products" means to all types of products, materials, drugs or any other
good purchased from HCI by New England Allergy.

8.    The term "invoice" means any request to you from HCI requesting payment for
products delivered to New England Allergy.

9.    The term "Sales Agreement" means that the Sales Agreement as executed by Dr.
Johnson in his individual capacity as guarantor as attached as Exhibit A to the Complaint.

10.    The term "communication" means the transmittal of information (in the form of
facts, ideas, inquiries, or otherwise).  This definition shall further include any oral, written, or
electronic transmittal of information or request for information made from one person to another,
whether made in person, by telephone, or by any other means.

11.    The term "document" is defined to be synonymous in meaning and in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Local Rule 26.5 of the United States District Court for the District of Massachusetts.

    (a)    The term "document" shall include, without limitation, any writing, whether handwritten, printed, typed, or otherwise made, of any kind or nature, however produced or reproduced, including drafts thereof, and including copies bearing notations or marks not found on the original.

    (b)    This definition shall further include, without limitation, agreements, letters, correspondence, memoranda, e-mail, notes, analyses, appraisals, valuations, reports, studies, bills, statements, work papers, books, records, journals, ledgers, logs, messages of any nature (including reports, notes, notations, and memorandum of or relating to telephone conversations and conferences), agenda, minutes or transcripts or tapes of communications or meetings, desk calendars, appointed books, diaries, lists, questionnaires, surveys, tapes or other recordings from which information can be obtained.

    (c)    This definition shall include documents, stored, maintained or transmitted as electronic data.

12.    The term "electronic data" includes writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means, and means the original, or identical duplicate when the original is not available, and any non-identical copies, whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind. Electronic data includes, but is not limited to, activity listing of electronic mail recipients and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, any and all items stored on electronic media, including, but not limited to, computer memories, hard disks, floppy disks, CD-ROMs and removable media. Electronic data also includes the file, folder tab and/or containers and labels appended to, or associated with, and any physical storage device associated with each original and/or copy.

13.    The term "person" is defined as any natural person or business, legal or governmental entity, or association.

14.    The term "relating to" means concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, discussing, showing, embodying, studying, reflecting, analyzing, or constituting.

15.    The term "agreement" means an actual or contemplated (a) written or oral agreement; (b) term or provision of such agreement; or (c) amendment of any nature to or termination of such agreement.

16.    To the extent necessary to bring within the scope of these interrogatories contained herein any information that might otherwise be construed to be outside their scope:

    (a)    the singular of each word shall be construed to include its plural and vice versa;

    (b)    "and" as well as "or" shall be construed both conjunctively and disjunctively;

    (c)    "each" shall be construed to include "every" and vice versa;

    (d)    "any" shall be construed to include "all" and vice versa; and

    (e)    the use of a term in the feminine is deemed to include the masculine and vice versa.

17.    "Identify" shall have the meaning set forth in Local Rule 26.5(C) and otherwise means as follows:

    (a)    when used in reference to a natural person, to give the person's full name, present or last known business or residential address, present or last known place or employment, and business affiliation and position, if any, during the relevant time period;

    (b)    when used in reference to a legal or business entity, to give the entity's full name and the address of its principal place(s) of business, and to identify any representative of such entity who has knowledge concerning any information in connection with which such entity has been identified; and

(c)    when used in reference to a document, to give the date of the document, author(s), addressee(s), or recipient(s), type of document, general subject matter, and the name and address of its current custodian.

18.    Pursuant to Local Rule 26.5(C), when an interrogatory calls upon you to "state the basis" of, or for, a particular claim, assertion, allegation, or contention, please:

(a)    identify each document (and, where pertinent, the section, article, paragraph, or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b)    identify each and every communication, and the parties to that communication, which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c)    state separately the acts, or omissions to act, on the part of any person (identifying the acts, or omissions to act, by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d)    state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the interrogatory.

## INSTRUCTIONS

1.    In answering these interrogatories, you shall furnish all information in your possession, custody, and control, including, without limitation, any information in the possession, custody, and control of your agents, affiliates, attorneys, employees, experts, representatives, or any other persons acting on your behalf.

2.    If you cannot answer any of the following interrogatories in full after exercising due diligence to secure the information to do so, please so state, answer to the extent possible, explain why you cannot answer the remainder, and provide a supplemental response when you obtain any information that would allow you to answer in full.

3.      These interrogatories are continuing in nature so as to require the production of supplemental documents and the filing of supplemental answers to the extent required under the Federal Rules of Civil Procedure and the local rules of the Court.

4.      If your answer to any of the following interrogatories derives from a document, in your answer please identify the document and produce a copy thereof.

5.      If you object to a particular interrogatory, state the bases for each objection in your answer to each such interrogatory.  If you object on the basis, for example, that a particular term or phrase in an interrogatory is vague, ambiguous, or indefinite, provide your understanding of the term or phrase and respond accordingly.

6.      If any responsive document or object was in your possession, custody, or control but is now in the possession, custody, or control of any other person or entity, or has been disposed of, lost, discarded, or destroyed, identify each such document or object, specifying: (a) the document's date, author(s), and addressee(s), or recipient(s); (b) the contents of the document or the nature of the object; (c) the name(s), address(es), and job title(s) of those to whom the document or object was given, shown, or sent; (d) the name and address of the document's or object's current custodian, if any, or the date of its disposition and the name, address, and job title of the person responsible therefor; (e) the date when the document or object was last in your possession, custody, or control; and (f) if known, the reason that the document or object was disposed of, lost, discarded, or destroyed.

7.      If you withhold information otherwise discoverable by claiming that it is privileged or otherwise protected from discovery in whole or in part, please describe the nature of the information, document, communication, or object not produced or disclosed with sufficient particularity and in sufficient detail to permit defendants to assess the applicability of

the claimed privilege or protection and the Court to rule on the validity of the objection, including, without limitation, with respect to a document: (a) the date, author(s), addressee(s), recipient(s), and subject matter of the document, and the name and address of its current custodian; (b) the type of document it is; and (c) the name(s), address(es), and job titles of those to whom the document was given, shown, or sent.  All portions of each such document that you do not claim to be privileged or otherwise protected from discovery shall be produced.

8.    Unless otherwise specified (as, for example, by the use of the word "ever" or the phrase "at any time") and without regard to the tenses used, these interrogatories request information from January 1, 2001, through the present.

## INTERROGATORIES

Interrogatory No. 1:

Identify each person who assisted in preparing the answers to these interrogatories and, following the identity of each such person, state the number of each interrogatory for which that person provided assistance.

Interrogatory No. 2:

Identify each and every person who has or may have knowledge of the facts and circumstances alleged in the Complaint including that person's full name, date of birth, residential address, business address, employer and title, and, as to each person, describe in detail the knowledge or information possessed by that person.

Interrogatory No. 3:

Identify with particularity the existence, custodian, location, and general description of each document in your possession, custody, or control that is relevant to, or contains information that is relevant to, or reasonably calculated to lead to the discovery of admissible evidence

concerning, the allegations set forth in the Complaint or the Answer, or that otherwise concerns the subject matter of this action.

Interrogatory No. 4:

Describe in detail any communications between HCI and you, including, but not limited to the purchasing of products from HCI, the Sales Agreement attached as Exhibit A to the Complaint, terms of payment, invoices, and payment for products. Identify the persons participating or present, dates, and the documents relating or referring in any way to such communications.

Interrogatory No. 5:

Describe in detail any communications between New England Allergy and any person concerning the matters which are the subject of this action. Identify the persons participating or present, dates, and the documents relating or referring in any way to such communications.

Interrogatory No. 6:

Identify all agreements or contracts entered into by New England Allergy and/or you with HCI, including the dates of those agreements or contracts, the names of the parties to those agreements or contracts, and the subject matter of those agreements or contracts.

Interrogatory No. 7:

Identify each invoice received from HCI, including but not limited to, the invoice number, products sent, amounts owed to HCI and the payment terms.

Interrogatory No. 8:

Identify each payment made by New England Allergy and/or you to HCI, including but not limited to, the corresponding invoice, the amount paid, type of payment, and the date of the payment.

Interrogatory No. 9:

     Describe in detail the reasons for New England Allergy's and/or your failure to make complete payment of the invoices as required under the terms of the invoice.

Interrogatory No. 10:

     Identify all of your debt, including but not limited to the name of the creditor, the amount of credit extended, the amount of the debt, the terms of payment extended, and whether the debt was incurred on behalf of New England Allergy.

Interrogatory No. 11:

     State with specificity all facts and circumstances that support denial or non payment of any amount due HCI.

Interrogatory No. 12:

     State the basis for your admission that you have "not made full payment for the supplies purchased for justifiable reason."

Interrogatory No. 13:

     State the basis for your allegation that the invoices from HCI to New England Allergy do not "accurately reflect the customer/supplier relationship between the parties."

Interrogatory No. 14:

     State the basis of your allegation denying that "the invoices accurately reflect the agreement between the parties."

Interrogatory No. 15:

State the basis for each of the Affirmative Defenses as set forth in the Answer.

HEALTH COALITION, INC.,

By its attorneys,

_____

Brian M. Forbes (BBO# 644787)
  bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
  sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
Tele:   (617) 261-3100
Fax:    (617) 261-3175

Dated:  October 19, 2005

## CERTIFICATE OF SERVICE

I, Brian M. Forbes, hereby certify that a true copy of the above document was served on October 19, 2005 upon all counsel of record by first class mail, postage prepaid.

_____

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>Individually )<br><br>Defendants. ) | Civil Action No. 05-cv-11816 NMG |

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS
## TO DEFENDANT DR. THOMAS F. JOHNSON

Health Coalition, Inc. ("HCI"), by their counsel Kirkpatrick & Lockhart Nicholson

Graham LLP, hereby request pursuant to Fed. R. Civ. P. 34 and Local Rule 34 of the United

States District Court for the District of Massachusetts that defendant Dr. Thomas F. Johnson

("Dr. Johnson"), produce for inspection and copying at a mutually agreeable place and time any

and all documents described below that are in his possession, custody or control, including those

in the possession, custody, or control of his agents, attorneys or other representatives.

## DEFINITIONS

1.      "You," "your," and "Dr. Johnson" shall mean defendant Dr. Thomas F. Johnson,

individually and as a director and president of New England Allergy Asthma Immunology &

Primary Care, P.C.

2.      "HCI" shall mean the plaintiff in this action, Health Coalition, Inc., and any

employee, officer, director, representative, agent, subdivision or unit, affiliate, parent, subsidiary,

or predecessor in interest, of HCI.

3.     "New England Allergy" shall mean New England Allergy Asthma Immunology & Primary Care, P.C., its predecessors, whether acquired by merger or consolidation or by other means, its successors and divisions, its subsidiaries, whether wholly or partially owned, its affiliates, agents, attorneys, parties, controlling shareholder (s), employees, officers and directors.

4.     The term "Complaint" refers to the complaint filed by HCI in this action on September 6, 2005.

5.     The term "Answer" refers to the Defendants' Answer and Affirmative Defenses filed on behalf of New England Allergy and Dr. Johnson on or about October 5, 2002.

6.     The term "Affirmative Defenses" refers to the Affirmative Defenses set forth in the Answer.

7.     The term "products" means to all types of products, materials, drugs or any other good purchased from HCI by New England Allergy.

8.     The term "invoice" means any request to you from HCI requesting payment for products ordered by and delivered to New England Allergy.

9.     The term "Sales Agreement" means that the Sales Agreement as executed by Dr. Johnson in his individual capacity as guarantor, attached as Exhibit A to the Complaint.

10.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  This definition shall further include any oral, written, or electronic transmittal of information or request for information made from one person to another, whether made in person, by telephone, or by any other means.

11.    The term "document" is defined to be synonymous in meaning and in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Local Rule 26.5 of the United States District Court for the District of Massachusetts.

(a)    The term "document" shall include, without limitation, any writing, whether handwritten, printed, typed, or otherwise made, of any kind or nature, however produced or reproduced, including drafts thereof, and including copies bearing notations or marks not found on the original.

(b)    This definition shall further include, without limitation, agreements, letters, correspondence, memoranda, e-mail, notes, analyses, appraisals, valuations, reports, studies, bills, statements, work papers, books, records, journals, ledgers, logs, messages of any nature (including reports, notes, notations, and memorandum of or relating to telephone conversations and conferences), agenda, minutes or transcripts or tapes of communications or meetings, desk calendars, appointed books, diaries, lists, questionnaires, surveys, tapes or other recordings from which information can be obtained.

(c)    This definition shall include documents, stored, maintained or transmitted as electronic data.

12.    The term "electronic data" includes writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means, and means the original, or identical duplicate when the original is not available, and any non-identical copies, whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind.  Electronic data includes, but is not limited to, activity listing of electronic mail recipients and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, any and all items stored on electronic media, including, but not limited to, computer memories, hard disks, floppy disks, CD-ROMs and removable media.  Electronic data also includes the file, folder tab and/or containers and labels appended to, or associated with, and any physical storage device associated with each original and/or copy.

- 3 -

13.     The term "person" is defined as any natural person or business, legal or governmental entity, or association.

14.     The term "relating to" means concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, discussing, showing, embodying, studying, reflecting, analyzing, or constituting.

15.     The term "agreement" means an actual or contemplated (a) written or oral agreement; (b) term or provision of such agreement; or (c) amendment of any nature to or termination of such agreement.

16.     To the extent necessary to bring within the scope of these interrogatories contained herein any information that might otherwise be construed to be outside their scope:

(a)     the singular of each word shall be construed to include its plural and vice versa;

(b)     "and" as well as "or" shall be construed both conjunctively and disjunctively;

(c)     "each" shall be construed to include "every" and vice versa;

(d)     "any" shall be construed to include "all" and vice versa; and

(e)     the use of a term in the feminine is deemed to include the masculine and vice versa.

## INSTRUCTIONS

1.     The documents requested in these requests are to be reproduced either as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this Request in accordance with Fed. R. Civ. P. 34(b) and the local rules.

2.     Unless otherwise stated herein, each and every request set forth in the numbered paragraphs below seeks all responsive documents any information in the possession, custody,

and control of you, your agents, affiliates, attorneys, employees, experts, representatives, or any other persons acting on your behalf.

3.    In the event that any documents responsive to the requests set forth in the numbered paragraphs below were, but no longer are, within your possession, custody or control, state the circumstances and timing of the loss of possession, custody or control, and the name of the persons or entities to which possession was transferred, if any.

4.    If you cannot answer any of the following requests in full after exercising due diligence to secure the information to do so, please so state, answer to the extent possible, explain why you cannot answer the remainder, and provide a supplemental response when you obtain any information that would allow you to answer in full.

5.    Each request for the production of documents is a request for the original of the final version of such document(s), although an identical copy may be produced when an original is not available, as well as any non-identical drafts or non-identical copies of such document(s), including those that are non-identical by reason of notations or markings on the copies.

6.    Proper safeguards against the destruction of electronic/computer data, including the destruction of back-up and archival data, must be followed pending final resolution of this case.

7.    Where electronic data or information stored on any electronic media is responsive to a request, HCI seeks electronic copies of the information, as well as instructions and programs necessary to search or retrieve such information, including all attachments and enclosures, which should not be separated from the items to which they are attached or with which they are enclosed.

8.     If any one of the requests for documents contained herein is claimed to be objectionable, state the portion of such request that is claimed to be objectionable, and the nature and basis of that objection.

9.     If you contend that any responsive document is protected from disclosure by virtue of a privilege, supply a description of the information in question which shall provide, with respect to each such writing as part of such description thereof: (a) each privilege whereby you contend the contents of such writing are protected from disclosure; (b) each and every fact upon which you rely on to support the claim of privilege; (c) the type of writing (e.g. letter, memorandum, telegram, facsimile, notes or memorandum of telephone conversations, etc.); (d) the date of each such writing; (e) the author(s) of each such writing; (f) the person(s) to whom each such writing was directed; (g) the person(s) to whom copies of each such writing were supplied; and (h) the general subject matter of each such writing.

10.     If no documents exist that are responsive to a particular request, please state that no documents exist.

11.     These requests are continuing in nature so as to require the production of supplemental documents and the filing of supplemental answers to the extent required under the Federal Rules of Civil Procedure and the local rules of the Court.

12.     Unless otherwise stated or apparent from the context of these requests, these Requests pertain to the period from January 1, 2001 to present.

## DOCUMENT REQUESTS

Request No. 1

All documents concerning the factual allegations set forth in the Complaint.

Request No. 2

All documents disclosing or otherwise concerning all persons with knowledge of the factual allegations of the Complaint, and for each such person, all documents disclosing the person's full name, current or last known residential address, current or last known business address, employer and title, and state the facts known by each such person.

Request No. 3

All documents concerning communications between HCI and you, including, but not limited to the purchasing of products from HCI, the Sales Agreement attached as Exhibit A to the Complaint, terms of payment, invoices, and payment for products.

Request No. 4

All documents concerning communications between you and any person concerning the matters which are the subject of this action.

Request No. 5

All documents concerning your positions and/or employment with New England Allergy.

Request No. 6

All documents relating to the business relationship between you and HCI, whether received from the HCI or otherwise created by, received by, or provided by any other person.

Request No. 7

All documents relating to or concerning any agreements or contracts entered into by you and HCI, including but not limited to the Sales Agreement.

- 7 -

Request No. 8

    All documents relating to or concerning your ability to make payment as the guarantor under the Sales Agreement.

Request No. 9

    All documents relating to or concerning the products New England Allergy purchased from HCI, including but not limited to all purchase orders.

Request No. 10

    All documents relating to or concerning the terms of payment for products purchased from HCI.

Request No. 11

    All documents relating to or concerning the invoices or account statements sent from HCI to New England Allergy or you, including but not limited to copies of all invoices and account statements received.

Request No. 12

    All documents relating to or concerning or reflecting payments made by you individually or on behalf to New England Allergy to HCI for any purpose, including but not limited to, general ledgers, bank statements, copies of canceled checks, credit card statements, correspondence, notes, and memoranda.

Request No. 13

    All documents concerning your income, expenses, profits, and losses, including but not limited to audited and unaudited financial statements and your federal and state income tax returns from 2001 to date.

<u>Request No. 14</u>

All documents concerning applications prepared by or prepared for you for credit or loans from any bank, credit union, lending institution, or issuer of credit cards.

<u>Request No. 15</u>

All documents concerning your debts, including, but without limitation, documents identifying the names of creditors, the nature of the debt, and the amount owed to each creditor.

<u>Request No. 16</u>

All documents relating to or concerning New England Allergy's and/or your decision not to make full payment of certain invoices from HCI.

<u>Request No. 17</u>

All documents relating to or concerning the Affirmative Defenses set forth in your Answer.

<u>Request No. 18</u>

All documents identifying every lawsuit initiated against you or by you from January 1, 2001 to date in any state or federal (including bankruptcy) court in the United States, including documents identifying the names of the parties involved, the nature of the suit, and the nature of the resolution of the action if any.

<u>Request No. 19</u>

All documents disclosing or otherwise concerning each non-expert witness who you intend to call as a witness in this proceeding, including all documents disclosing or otherwise concerning the substance of the knowledge or expected testimony of each such person.

Request No. 20

All documents disclosing or otherwise concerning each person you intend to call as an

expert at trial and for each such person, all documents disclosing or otherwise concerning: all

opinions to be expressed and the basis therefore; the data or other information considered by the

witness in forming the opinions; any exhibits to be used in summary of or support for the

opinions; concerning the qualifications of the witness; all publications authored by the witness

within the preceding ten years; and all documents concerning the compensation to be paid for the

study and testimony.

Request No. 21

All documents identified in, relied upon or referred to in preparing your response to

Health Coalition, Inc.'s First Set of Interrogatories.


                                HEALTH COALITION, INC.,

                                By its attorneys,


                                _____
                                Brian M. Forbes (BBO# 644787)
                                 bforbes@klng.com
                                Stacey L. Gorman (BBO# 655147)
                                 sgorman@klng.com
                                KIRKPATRICK & LOCKHART
                                NICHOLSON GRAHAM LLP
                                75 State Street
                                Boston, MA  02109
                                Tele:   (617) 261-3100
                                Fax:    (617) 261-3175

Dated:  October 19, 2005

## CERTIFICATE OF SERVICE

I, Brian M. Forbes, hereby certify that a true copy of the above document was served on October 19, 2005 upon all counsel of record by first class mail, postage prepaid.

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC.,       )<br>        )<br>    Plaintiff,     )<br>        )<br>v.          )<br>        )<br>NEW ENGLAND ALLERGY ASTHMA  )<br>IMMUNOLOGY & PRIMARY CARE,   )<br>P.C. and THOMAS F. JOHNSON,   )<br>Individually      )<br>        )<br>    Defendants.    )<br>        ) | Civil Action No. 05-cv-11816 NMG |

## NOTICE OF DEPOSITION

**TO**:   Arthur J. McCabe, Esquire
Arthur J. McCabe & Associates, PC
One Elm Square
P.O. Box 990
Andover, MA 01810

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, plaintiff, the Health Coalition, Inc., through its undersigned counsel, will take the

deposition upon oral examination of the person or persons designated by defendant **New**

**England Allergy Asthma Immunology & Primary Care, P.C.**, commencing on **December 1,**

**2005 at 10:00 a.m.** at the offices of Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State

Street, 6th Floor, Boston, MA, 02109-1808, before a Notary Public or other officer authorized to

administer oaths. The examination will continue from day-to-day until completed. The person

or persons so designated by New England Allergy Asthma Immunology & Primary Care, P.C. to

testify on its behalf shall be prepared to testify as to the matters set forth in Schedule A to this

notice of deposition.

Counsel is invited to attend and participate as provided for under the Federal Rules of Civil Procedure.

HEALTH COALITION, INC.,

By its attorneys,

Brian M. Forbes (BBO# 644787)
  bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
  sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
Tele:   (617) 261-3100
Fax:    (617) 261-3175

Dated:  October 19, 2005

## CERTIFICATE OF SERVICE

I, Brian M. Forbes, hereby certify that a true copy of the above document was served on October 19, 2005 upon all counsel of record by first class mail, postage prepaid.

## SCHEDULE A

## 30(b)(6) DEPOSITION OF NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C.

**I.    DEFINITIONS**

The definitions set forth in U.S.D.C. Local Rule 26.5(C) are incorporated herein by reference. The following definitions shall also apply to the following words as they appear in this Schedule A:

1.      "You," "your," and "New England Allergy" shall mean New England Allergy Asthma Immunology & Primary Care, P.C., its predecessors, whether acquired by merger or consolidation or by other means, its successors and divisions, its subsidiaries, whether wholly or partially owned, its affiliates, agents, attorneys, parties, controlling shareholder (s), employees, officers and directors.

2.      "HCI" shall mean the plaintiff in this action, Health Coalition, Inc., and any employee, officer, director, representative, agent, subdivision or unit, affiliate, parent, subsidiary, or predecessor in interest, of HCI.

3.      "Dr. Johnson" shall mean defendant Dr. Thomas F. Johnson.

4.      The term "Complaint" refers to the complaint filed by HCI in this action on September 6, 2005.

5.      The term "Answer" refers to the Defendants' Answer and Affirmative Defenses filed on behalf of New England Allergy and Dr. Johnson on or about October 5, 2002.

6.      The term "Sales Agreement" means that the Sales Agreement executed by Dr. Johnson in his individual capacity as guarantor, attached as Exhibit A to the Complaint.

7.      The term "products" means to all types of products, materials, drugs or any other good purchased from HCI by New England Allergy.

8.    The term "invoice" means any request to you from HCI requesting payment for products delivered to New England Allergy.

9.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  This definition shall further include any oral, written, or electronic transmittal of information or request for information made from one person to another, whether made in person, by telephone, or by any other means.

## II.    AREAS OF EXAMINATION

1.    The history and background of New England Allergy, including without limitation, a description of the company, the number of its employees, the role of its employees, the types of patients served and types of services rendered.

2.    The facts and circumstances surrounding the establishment of a business relationship between New England Allergy and HCI, including but not limited to the actions of New England Allergy employees and all communications between New England Allergy and HCI.

3.    The facts and circumstances surrounding New England Allergy's decision to purchase products from HCI.

4.    The facts and circumstances surrounding each of New England Allergy's purchases of products from HCI.

5.    The facts and circumstances surrounding New England Allergy's receipt of invoice statements for the products purchased from HCI.

6.    The facts and circumstances surrounding New England Allergy's payment of or failure to pay the invoice statements for products purchased from HCI.

7.    The facts and circumstances surrounding establishment or modification of payment terms pursuant to the HCI invoice statements.

8.    All communications between New England Allergy and HCI regarding each of New England Allergy's purchases of products from HCI.

9.    All communications between New England Allergy and HCI regarding HCI's invoice statements for products purchased by New England Allergy.

10.    All communications between New England Allergy and HCI regarding payments made or not made by New England Allergy for products purchased from HCI.

11.    All communications that New England Allergy had internally or with any other person regarding New England Allergy's business relationship with HCI, including but not limited to, communications regarding purchases, invoicing and payments.

12.    The basis for New England Allergy's failure to make payment of all HCI invoices pursuant to their terms.

13.    The facts and circumstances concerning New England Allergy's income, expenses, profits, and losses, including but not limited to New England Allergy's audited and unaudited financial statements and federal and state income tax returns from 2001 to date.

14.    The facts and circumstance concerning the New England Allergy's application for credit or loans from any bank, credit union, lending institution, or issuer of credit cards, including without limitation the information provided by New England Allergy, whether the credit or loan was given, the amount of the credit or loan given, and the terms of the credit or loan.

15.    The facts and circumstances concerning New England Allergy's debts, including, but without limitation, the names of creditors, the nature of the debt, and the amount owed to each creditor.

16.    The basis for the First Affirmative Defense as set forth in the Answer, which asserts that HCI breached the implied covenant of good faith and fair dealing by unilaterally, artificially and unconscionably raised the prices for the products sold to New England Allergy.

17.    The basis for the Second Affirmative Defense as set forth in the Answer, which asserts that HCI unconscionably and artificially raised it prices and should thereby be precluded from recovering under the invoices.

18.    The basis for the Third Affirmative Defense as set forth in the Answer, which asserts duress in that HCI knew that New England Allergy had professional and ethical obligations to continue treating patients and New England Allergy had no alternative option other than continuing its purchase of artificially inflated prices.

19.    The basis for the Fourth Affirmative Defense as set forth in the Answer, which asserts that HCI should be estopped from collecting any more than an objectively fair and reasonable price for the products.

20.    The basis for the Fifth Affirmative Defense as set forth in the Answer, which asserts a failure of consideration by HCI.

21.    The basis for the Sixth Affirmative Defense as set forth in the Answer, which asserts that HCI's conduct constitutes unlawful price gauging and price fixing.

22.    The basis for the Seventh Affirmative Defense as set forth in the Answer, which asserts that payment of the amounts claimed by HCI would constitute unjust enrichment.

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>NEW ENGLAND ALLERGY ASTHMA<br>IMMUNOLOGY & PRIMARY CARE,<br>P.C. and THOMAS F. JOHNSON,<br>Individually<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. 05-cv-11816 MEL |

## NOTICE OF DEPOSITION

**TO**: Arthur J. McCabe, Esquire
     Arthur J. McCabe & Associates, PC
     One Elm Square
     P.O. Box 990
     Andover, MA 01810

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff, the Health Coalition, Inc., through its undersigned counsel, will take the deposition upon oral examination of the person or persons designated by defendant **New England Allergy Asthma Immunology & Primary Care, P.C.**, commencing on **December 15, 2005 at 10:00 a.m.** at the offices of Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, 6th Floor, Boston, MA, 02109-1808, before a Notary Public or other officer authorized to administer oaths. The examination will continue from day-to-day until completed. The person or persons so designated by New England Allergy Asthma Immunology & Primary Care, P.C. to testify on its behalf shall be prepared to testify as to the matters set forth in Schedule A to this notice of deposition.

Counsel is invited to attend and participate as provided for under the Federal Rules of Civil Procedure.

HEALTH COALITION, INC.,

By its attorneys,

Brian M. Forbes (BBO# 644787)
  bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
  sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
Tele:   (617) 261-3100
Fax:    (617) 261-3175

Dated:  December 5, 2005

## CERTIFICATE OF SERVICE

I, Brian M. Forbes, hereby certify that a true copy of the above document was served on December 5, 2005 upon all counsel of record by first class mail, postage prepaid.

Brian M. Forbes

## SCHEDULE A

## 30(b)(6) DEPOSITION OF NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C.

**I.    DEFINITIONS**

The definitions set forth in U.S.D.C. Local Rule 26.5(C) are incorporated herein by reference. The following definitions shall also apply to the following words as they appear in this Schedule A:

1.    "You," "your," and "New England Allergy" shall mean New England Allergy Asthma Immunology & Primary Care, P.C., its predecessors, whether acquired by merger or consolidation or by other means, its successors and divisions, its subsidiaries, whether wholly or partially owned, its affiliates, agents, attorneys, parties, controlling shareholder (s), employees, officers and directors.

2.    "HCI" shall mean the plaintiff in this action, Health Coalition, Inc., and any employee, officer, director, representative, agent, subdivision or unit, affiliate, parent, subsidiary, or predecessor in interest, of HCI.

3.    "Dr. Johnson" shall mean defendant Dr. Thomas F. Johnson.

4.    The term "Complaint" refers to the complaint filed by HCI in this action on September 6, 2005.

5.    The term "Answer" refers to the Defendants' Answer and Affirmative Defenses filed on behalf of New England Allergy and Dr. Johnson on or about October 5, 2002.

6.    The term "Sales Agreement" means that the Sales Agreement executed by Dr. Johnson in his individual capacity as guarantor, attached as Exhibit A to the Complaint.

7.    The term "products" means to all types of products, materials, drugs or any other good purchased from HCI by New England Allergy.

8.  The term "invoice" means any request to you from HCI requesting payment for products delivered to New England Allergy.

9.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). This definition shall further include any oral, written, or electronic transmittal of information or request for information made from one person to another, whether made in person, by telephone, or by any other means.

## II.   AREAS OF EXAMINATION

1.  The history and background of New England Allergy, including without limitation, a description of the company, the number of its employees, the role of its employees, the types of patients served and types of services rendered.

2.  The facts and circumstances surrounding the establishment of a business relationship between New England Allergy and HCI, including but not limited to the actions of New England Allergy employees and all communications between New England Allergy and HCI.

3.  The facts and circumstances surrounding New England Allergy's decision to purchase products from HCI.

4.  The facts and circumstances surrounding each of New England Allergy's purchases of products from HCI.

5.  The facts and circumstances surrounding New England Allergy's receipt of invoice statements for the products purchased from HCI.

6.  The facts and circumstances surrounding New England Allergy's payment of or failure to pay the invoice statements for products purchased from HCI.

7.    The facts and circumstances surrounding establishment or modification of payment terms pursuant to the HCI invoice statements.

8.    All communications between New England Allergy and HCI regarding each of New England Allergy's purchases of products from HCI.

9.    All communications between New England Allergy and HCI regarding HCI's invoice statements for products purchased by New England Allergy.

10.    All communications between New England Allergy and HCI regarding payments made or not made by New England Allergy for products purchased from HCI.

11.    All communications that New England Allergy had internally or with any other person regarding New England Allergy's business relationship with HCI, including but not limited to, communications regarding purchases, invoicing and payments.

12.    The basis for New England Allergy's failure to make payment of all HCI invoices pursuant to their terms.

13.    The facts and circumstances concerning New England Allergy's income, expenses, profits, and losses, including but not limited to New England Allergy's audited and unaudited financial statements and federal and state income tax returns from 2001 to date.

14.    The facts and circumstance concerning the New England Allergy's application for credit or loans from any bank, credit union, lending institution, or issuer of credit cards, including without limitation the information provided by New England Allergy, whether the credit or loan was given, the amount of the credit or loan given, and the terms of the credit or loan.

- 5 -

15.     The facts and circumstances concerning New England Allergy's debts, including, but without limitation, the names of creditors, the nature of the debt, and the amount owed to each creditor.

16.     The basis for the First Affirmative Defense as set forth in the Answer, which asserts that HCI breached the implied covenant of good faith and fair dealing by unilaterally, artificially and unconscionably raised the prices for the products sold to New England Allergy.

17.     The basis for the Second Affirmative Defense as set forth in the Answer, which asserts that HCI unconscionably and artificially raised it prices and should thereby be precluded from recovering under the invoices.

18.     The basis for the Third Affirmative Defense as set forth in the Answer, which asserts duress in that HCI knew that New England Allergy had professional and ethical obligations to continue treating patients and New England Allergy had no alternative option other than continuing its purchase of artificially inflated prices.

19.     The basis for the Fourth Affirmative Defense as set forth in the Answer, which asserts that HCI should be estopped from collecting any more than an objectively fair and reasonable price for the products.

20.     The basis for the Fifth Affirmative Defense as set forth in the Answer, which asserts a failure of consideration by HCI.

21.     The basis for the Sixth Affirmative Defense as set forth in the Answer, which asserts that HCI's conduct constitutes unlawful price gauging and price fixing.

22.     The basis for the Seventh Affirmative Defense as set forth in the Answer, which asserts that payment of the amounts claimed by HCI would constitute unjust enrichment.

# EXHIBIT G



**Kirkpatrick & Lockhart Nicholson Graham** LLP

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

Brian M. Forbes

617.261.3152
Fax: 617.261.3175
bforbes@klng.com

December 2, 2005

## VIA FACSIMILE AND FIRST CLASS MAIL

Arthur J. McCabe, Esquire
Arthur J. McCabe & Associates, PC
One Elm Square
P.O. Box 990
Andover, MA 01810

Re:   <u>Health Coalition, Inc. v. New England Allergy Asthma
      Immunology and Primary Care P.C., et al.</u>,
      Civil No. 05-CV-11816 (D. Mass.)

Dear Attorney McCabe:

On October 19, 2005 plaintiff Health Coalition, Inc. served discovery requests on defendants New England Allergy Asthma Immunology and Primary Care P.C. and Dr. Thomas F. Johnson, including interrogatories and document requests. Health Coalition, Inc. also served defendants with a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure with the deposition to commence on December 1, 2005. Defendants' responses to the discovery requests were due to be served on November 21, 2005.

On November 22, 2005, a day after your responses were due to be served, by telephone, you asked for an extension of time to respond to the outstanding discovery requests. As a courtesy I agreed to an extension of time to respond to plaintiff's discovery requests to and including December 2, 2005. I also agreed to postpone the 30(b)(6) deposition until December 15, 2005.

While speaking with you today about the status of your discovery responses you indicated that you are not prepared to serve your responses and produce documents today per our agreement of November 22, 2005. Defendants' responses to discovery are overdue. Please let me know when we can expect to receive responses to the discovery requests so that we can avoid the need to file a motion to compel.

BOS-919738 v1/9435260/0903

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



Kirkpatrick & Lockhart Nicholson Graham LLP

Arthur J. McCabe, Esquire
December 2, 2005
Page 2

We intend to proceed with the 30(b)(6) deposition on December 15, 2005. If we do not receive adequate discovery responses and the responsive documents in sufficient time, we will reserve all rights, including the right to suspend or reopen any depositions. I look forward to hearing from you.

Very truly yours,

Brian M. Forbes

BMF/mah:0435260.0903

# EXHIBIT H

Dec 05 05 12:50p     Ray Cormier          978-470-4985          P.2



**Arthur J. McCabe & Associates, P.C.**
Attorneys and Counselors at Law

December 5, 2005

FAX:  (617) 261-3175

Brian Forbes, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA  02109

RE:     Health Coalition, Inc. v. New England Allergy Asthma
        Immunology and Primary Care P.C., et al
        Civil Action No. 05-CV-11816

Dear Brian:

This will confirm my telephone conversation with you on Friday.  I regret there was a misunderstanding as to the extended date for production and deposition.  I admit that I did not write down the dates when we spoke a few weeks ago, because I am in the process of moving my office, but I had thought we agreed that I would try to produce the documents and responses a week prior to the deposition and before our case management conference on the 20th.  I know we agreed you would not be required to re-notice the deposition.

I will start forwarding documents to you this week.  I will agree in advance that if you need to suspend the deposition because we have not completed production, you may do so.  To avoid any misunderstanding with regard to the deposition, please advise in writing as the date, time and venue.

I will be in London on business until Friday, but I will have my paralegals start forwarding documents to you.  If you have any questions, please contact Patty in my office.

Very truly yours,

Arthur J. McCabe

Arthur J. McCabe

One Elm Square, P.O. Box 990, Andover, MA 01810   tel 978-470-0200 • fax 978-470-3474
artmccabe@mccabeassoc.com • www.mccabeassoc.com

# EXHIBIT I



**Kirkpatrick & Lockhart Nicholson Graham LLP**

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

Brian M. Forbes

617.261.3152
Fax: 617.261.3175
bforbes@klng.com

December 5, 2005

**VIA FACSIMILE AND FIRST CLASS MAIL**

Arthur J. McCabe, Esquire
Arthur J. McCabe & Associates, PC
One Elm Square
P.O. Box 990
Andover, MA 01810

Re:  Health Coalition, Inc. v. New England Allergy Asthma
     Immunology and Primary Care P.C., et al.,
     Civil No. 05-CV-11816 (D. Mass.)

Dear Art:

I am in your receipt of your letter today in which you indicate that you had a misunderstanding as to the "extended date for production and deposition" and that you would "try to produce the documents responses a week prior" to the December 15th deposition. I am writing now to confirm the events of the past few weeks and to ensure that there are no further misunderstandings.

As you know, on October 19, 2005 plaintiff Health Coalition, Inc. served discovery requests on defendants New England Allergy Asthma Immunology and Primary Care P.C. and Dr. Thomas F. Johnson, including interrogatories and document requests. Health Coalition, Inc. also served defendants with a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure with the deposition to commence on December 1, 2005. Defendants' responses to the discovery requests were due to be served on November 21, 2005.

On November 22, 2005, a day after your responses were due to be served, by telephone, you asked for an extension of time to respond to the outstanding discovery requests. As a courtesy, even though your responses were already late, I agreed to an extension of time to respond to plaintiff's discovery requests up to and including December 2, 2005. I also agreed to postpone the 30(b)(6) deposition until December 15, 2005. In connection with that deposition, I have

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Arthur J. McCabe, Esquire
December 5, 2005
Page 2

enclosed a revised 30(b)(6) deposition notice. The deposition is to commence at 10:00 A.M. on December 15, 2005 at the offices of Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109.

As I indicated in my letter to you on December 2, 2005, defendants' responses to discovery, including requests for production of documents and interrogatories are overdue. Accordingly, pursuant to the Local Rules of the Court, defendants have waived their objections to the interrogatories and requests for production of documents.

Although, to date, you have not served any responses to the interrogatories or document requests, we intend to proceed with the 30(b)(6) deposition on December 15, 2005. To that end, please produce your answers to interrogatories and document requests, as well as all responsive documents to me at my office by the close of business, Friday, December 9, 2005. If we do not receive complete discovery answers and responsive documents, we will reserve all rights, including the right to suspend or reopen any depositions, and to seek relief from the Court. If you have any disagreement to the terms stated herein, please consider this letter a request for a conference pursuant to Local Rule 37.1.

As for the upcoming initial scheduling conference with the Court scheduled for December 20, 2005, I am also attaching a draft Joint Statement for Scheduling Conference. A final Joint Statement must be filed with the Court by December 13, 2005. Please let me know as soon as possible if you have any suggested changes to this proposed draft.

I look forward to hearing from you.

Very truly yours,

Brian M. Forbes

BMF/mah:0435260.0903

# EXHIBIT J

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-cv-11816NMG |
| ) | |
| v. ) | |
| ) | |
| NEW ENGLAND ALLERGY ASTHMA ) | |
| IMMUNOLOGY & PRIMARY CARE, ) | |
| P.C. and THOMAS F. JOHNSON, ) | |
| Individually ) | |
| ) | |
| Defendants. ) | |

## COMBINED FIRST RESPONSE OF THE DEFENDANTS TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

### GENERAL OBJECTION

1.     The definitions set forth in Plaintiff's requests are overly broad and confusing and calls for responses well beyond the scope of the response required by the federal rules of civil procedure.

2.     The individual document requests are repetitive and overlapping and consequently the documents produced herewith fit into multiple categories of the Plaintiff's requests, as individual responses to Plaintiff's requests are impossible to make in a meaningful manner.

### CATEGORIES OF DOCUMENTS PRODUCED

1.     Accountant prepared financial statements for New England Allergy Asthma Immunology and Primary Care, P.C. for the years ending December 31, 2001, 2002, 2003, and 2004.

2.     U.S. Corporate Income Tax Returns, Form 1120, for the calendar years 2001-2004 for New England Allergy Asthma Immunology and Primary Care, P.C.

3.     State Income Tax Returns (New Hampshire and Massachusetts) for New England Allergy Asthma Immunology and Primary Care, P.C.

4.     Individual Federal Tax Returns for Thomas F. Johnson and Carleen G. Johnson, Form 1040, for the Calendar years 2002-2004.

5.     Individual State Income Tax Returns (Massachusetts and New Hampshire) for Thomas F. Johnson and Carleen G. Johnson for the calendar years 2002-2004.

6.     Collated records of sales, shipments, and payments between Plaintiff and Defendant.

Defendants,
By their attorney,

_____

Arthur J. McCabe (BBO# 327020)
One Elm Square
Andover, MA 01810
(978) 470-0200
Fax # (978) 470-3474

CERTIFICATE OF SERVICE

I, Arthur J. McCabe, hereby certify that the above document repose with attachments was served in hand on counsel of record on December 12, 2005.

_____

# EXHIBIT K



**Kirkpatrick & Lockhart Nicholson Graham LLP**

75 State Street
Boston, MA  02109-1808
617 261 3100
Fax 617.261 3175
www.klng.com

Brian M. Forbes

December 13, 2005

617.261.3152
Fax:  617.261.3175
bforbes@klng.com

## VIA FACSIMILE AND FIRST-CLASS MAIL

Arthur J. McCabe, Esquire
Arthur J. McCabe & Associates, PC
One Elm Square
P.O. Box 990
Andover, MA 01810

Re:    <u>Health Coalition, Inc. v. New England Allergy Asthma
       Immunology and Primary Care P.C., et al.,</u>
       Civil No. 05-CV-11816 (D. Mass.)

Dear Attorney McCabe:

On December 12, 2005 I received a copy of the "Combined First Response of the Defendants to Plaintiff's First Set of Documents Requests" and copies of certain categories of documents produced.  This Response does not comply with Rule 34 of the Federal Rules of Civil Procedure and Local Rule 34.1.  Specifically, Local Rule 34.1 requires that answers and objections in response to requests for document production be made in the order of the requests propounded and that each answer, statement, or objection must be preceded by the request to which it responds.  As I have stated before, your discovery responses are untimely and you have waived any objections.  Moreover, the Combined First Response does not appropriately answer each specific document request.  Thus, it is not clear how you are responding to each request.

On the phone today, you indicated that you are producing additional documents with your responses to the interrogatory requests, which are also outstanding.  I assume that between the production of documents on Monday, December 12th and the production you will be making with your interrogatories, you will have produced <u>all</u> responsive documents in you possession, custody, or control.  Otherwise, please immediately produce any remaining responsive documents.  Additionally, the documents produced with your Combined First Response are not Bates-labeled.  By our count, you produced 725 pages of documents, which we have labeled NEA 00001 through 00725.  With future productions, please Bates-label your documents (starting with the next number) so that we can identify what was produced and when.  I thank you for your courtesy in this regard.

BOS-922859 v1 0435260-0903

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Arthur J. McCabe, Esquire
December 13, 2005
Page 2

As I have stated in previous correspondence to you, if we did not receive complete discovery answers and responsive documents we reserved all rights, including the right to suspend or reopen any depositions. Because, to date, you have not completed your discovery obligations, I am postponing the 30(b)(6) deposition currently scheduled for December 15, 2005. Per our call today, we discussed rescheduling the 30(b)(6) deposition to commence at 10:30 a.m. on December 21, 2005 at the offices of Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109. Unless I hear differently, I intend to proceed with the deposition on that date. Again, if we do not receive complete discovery answers and all responsive documents, we will reserve all rights, including the right to suspend or reopen any depositions, and to seek relief from the Court.

I look forward to hearing from you.

Very truly yours,

Brian M. Forbes

# EXHIBIT L



**Kirkpatrick & Lockhart Nicholson Graham** LLP

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

Brian M. Forbes

617.261.3152
Fax: 617.261.3175
bforbes@klng.com

December 16, 2005

## VIA FACSIMILE AND U.S. MAIL

Arthur J. McCabe, Esquire
Arthur J. McCabe & Associates, P.C.
One Elm Square
P.O. Box 990
Andover, MA 01810

Re:    Health Coalition, Inc. v. New England Allergy Asthma & Immunology
       & Primary Care, P.C. and Thomas F. Johnson
       Civil Action No. 05-cv-11816 MEL

Dear Attorney McCabe:

Nearly two months have passed since Health Coalition, Inc. served discovery requests on defendants, and despite multiple late requests for extensions of time and numerous statements that discovery responses would be forthcoming, defendants have wholly failed to comply with their discovery obligations. As you know, on October 19, 2005 plaintiff Health Coalition, Inc. served discovery requests on defendants New England Allergy Asthma Immunology and Primary Care P.C. and Dr. Thomas F. Johnson, including interrogatories and document requests. Health Coalition, Inc. also served defendants with a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure with the deposition to commence on December 1, 2005. Defendants' responses to the discovery requests were due to be served on November 21, 2005.

On November 22, 2005, a day _after_ your responses were due to be served, by telephone, you asked for an extension of time to respond to the outstanding discovery requests. As a courtesy, even though your responses were already late, I agreed to an extension of time to respond to plaintiff's discovery requests up to and including December 2, 2005. I also agreed to postpone the scheduled 30(b)(6) deposition until December 15, 2005 and sent you a revised 30(b)(6) deposition notice to that effect.

On December 2, 2005, we spoke by telephone regarding the status of your discovery responses and you indicated that you were not prepared to serve your responses or produce documents per

BOS-923797 v1 0435260-0903

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham LLP**

Arthur J. McCabe, Esq.
December 16, 2005
Page 2

our agreement of November 22, 2005. As I indicated in my letter to you on December 2, 2005, defendants' responses to discovery, including requests for production of documents and interrogatories were overdue. Accordingly, pursuant to the Local Rules of the Court, defendants waived their objections to the interrogatories and requests for production of documents. In my letter to you on December 5, 2005, in light of the upcoming scheduled deposition on December 15th, I asked you to produce your answers to interrogatories and document requests, as well as all responsive documents to me at my office by the close of business, Friday, December 9, 2005. On December 9th, I received a call from an assistant in your office asking for the courtesy of serving discovery responses on Monday, December 12, 2005 due to the inclement weather that day. As a courtesy, I agreed.

On December 12, 2005, I received a copy of the "Combined First Response of the Defendants to Plaintiff's First Set of Documents Requests" and copies of certain categories of documents produced. I did not receive defendants' responses to interrogatories. As I noted in my letter to you on December 13, 2005, the Response does not comply with Rule 34 of the Federal Rules of Civil Procedure and Local Rule 34.1. Specifically, Local Rule 34.1 requires that answers and objections in response to requests for document production be made in the order of the requests propounded and that each answer, statement, or objection must be preceded by the request to which it responds. Moreover, the Combined First Response does not appropriately answer each specific document request. Thus, it is not clear how defendants are responding to each request. Additionally, the documents produced with your Combined First Response were not Bates-labeled and the multiple invoices and other related documents were disorganized and out of order.

On December 13, 2005, we spoke by telephone and you stated that you would be producing additional documents with your responses to the interrogatory requests, which are also outstanding. To date, you have not served responses to interrogatories or any additional documents. In the absence of production of additional documents, I assume that you have produced all responsive documents in you possession, custody, or control. At the same time, defendants initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2 are late and have not been served within the time set forth in Local Rule 26.2(A) and the parties Joint Statement For Scheduling Conference.

Again, I insist that you serve, without objections by the close of business Monday, December 19, 2005, defendants responses to interrogatories, a response to document requests that complies with the requirements of F.R.C.P. 34 and Local Rule 34.1, all responsive documents in your possession, custody, or control, and defendants Rule 26 initial disclosures.

If we do not receive complete discovery answers, responsive documents, and defendants' initial disclosures, I intend to raise defendants' discovery deficiencies with the Court at the December



**Kirkpatrick & Lockhart Nicholson Graham LLP**

Arthur J. McCabe, Esq.
December 16, 2005
Page 3

20th conference.  At the same time, we will reserve all rights, including the right to suspend or reopen any depositions, and to seek relief from the Court due to your dilatory tactics, including but not limited to filing a motion to compel, seeking sanctions, attorneys fees, and all costs and expenses incurred in connection with defendants' discovery delays.  Please consider this letter a request for a conference pursuant to Local Rule 37.1.

As to the issue of the outstanding 30(b)(6) deposition, we have stated in previous correspondence to you, if we did not receive complete discovery answers and responsive documents we reserved all rights, including the right to suspend or reopen any depositions.  Because you had not completed your discovery obligations, during our call on December 13th, I told you that I would be postponing the 30(b)(6) deposition currently scheduled for December 15, 2005.  During that call we discussed rescheduling the 30(b)(6) deposition to commence at 10:30 a.m. on December 21, 2005 at the offices of Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109.  I received an email from you on December 14th, in which you indicated that the 30(b)(6) deponent would not be available on December 21st, but would be available on January 5, 2006 and January 12, 2006.  To the end, in connection with that deposition, I have enclosed a revised 30(b)(6) deposition notice.  The deposition is to commence at **10:30 a.m. on January 5, 2006 at the offices of Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109**.  Again, if we do not receive complete discovery answers and all responsive documents, we will reserve all rights, including the right to suspend or reopen any depositions, and to seek relief from the Court.

I look forward to hearing from you.

Very truly yours,

Brian M. Forbes

BMF:joh
Enclosure

# EXHIBIT M

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW ENGLAND ALLERGY ASTHMA | ) |
| IMMUNOLOGY & PRIMARY CARE, | ) |
| P.C. and THOMAS F. JOHNSON, | ) |
| Individually | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 05-cv-11816 MEL

## NOTICE OF DEPOSITION

**TO:**   Arthur J. McCabe, Esquire
Arthur J. McCabe & Associates, PC
One Elm Square
P.O. Box 990
Andover, MA 01810

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, plaintiff, the Health Coalition, Inc., through its undersigned counsel, will take the

deposition upon oral examination of the person or persons designated by defendant **New**

**England Allergy Asthma Immunology & Primary Care, P.C.**, commencing on **January 5,**

**2006 at 10:30 a.m.** at the offices of Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State

Street, 6th Floor, Boston, MA, 02109-1808, before a Notary Public or other officer authorized to

administer oaths. The examination will continue from day-to-day until completed. The person

or persons so designated by New England Allergy Asthma Immunology & Primary Care, P.C. to

testify on its behalf shall be prepared to testify as to the matters set forth in Schedule A to this

notice of deposition.

BOS-923799 v1 0435260-0903

Counsel is invited to attend and participate as provided for under the Federal Rules of Civil Procedure.

HEALTH COALITION, INC.,

By its attorneys,

Brian M. Forbes (BBO# 644787)
  bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
  sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
Tele:   (617) 261-3100
Fax:    (617) 261-3175

Dated:  December 16, 2005

## CERTIFICATE OF SERVICE

I, Brian M. Forbes, hereby certify that a true copy of the above document was served on December 16, 2005 upon all counsel of record by first class mail, postage prepaid.

Brian M. Forbes

## SCHEDULE A

## 30(b)(6) DEPOSITION OF NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C.

### I.    DEFINITIONS

The definitions set forth in U.S.D.C. Local Rule 26.5(C) are incorporated herein by reference. The following definitions shall also apply to the following words as they appear in this Schedule A:

1.    "You," "your," and "New England Allergy" shall mean New England Allergy Asthma Immunology & Primary Care, P.C., its predecessors, whether acquired by merger or consolidation or by other means, its successors and divisions, its subsidiaries, whether wholly or partially owned, its affiliates, agents, attorneys, parties, controlling shareholder (s), employees, officers and directors.

2.    "HCI" shall mean the plaintiff in this action, Health Coalition, Inc., and any employee, officer, director, representative, agent, subdivision or unit, affiliate, parent, subsidiary, or predecessor in interest, of HCI.

3.    "Dr. Johnson" shall mean defendant Dr. Thomas F. Johnson.

4.    The term "Complaint" refers to the complaint filed by HCI in this action on September 6, 2005.

5.    The term "Answer" refers to the Defendants' Answer and Affirmative Defenses filed on behalf of New England Allergy and Dr. Johnson on or about October 5, 2002.

6.    The term "Sales Agreement" means that the Sales Agreement executed by Dr. Johnson in his individual capacity as guarantor, attached as Exhibit A to the Complaint.

7.    The term "products" means to all types of products, materials, drugs or any other good purchased from HCI by New England Allergy.

8.    The term "invoice" means any request to you from HCI requesting payment for products delivered to New England Allergy.

9.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  This definition shall further include any oral, written, or electronic transmittal of information or request for information made from one person to another, whether made in person, by telephone, or by any other means.

## II.    AREAS OF EXAMINATION

1.    The history and background of New England Allergy, including without limitation, a description of the company, the number of its employees, the role of its employees, the types of patients served and types of services rendered.

2.    The facts and circumstances surrounding the establishment of a business relationship between New England Allergy and HCI, including but not limited to the actions of New England Allergy employees and all communications between New England Allergy and HCI.

3.    The facts and circumstances surrounding New England Allergy's decision to purchase products from HCI.

4.    The facts and circumstances surrounding each of New England Allergy's purchases of products from HCI.

5.    The facts and circumstances surrounding New England Allergy's receipt of invoice statements for the products purchased from HCI.

6.    The facts and circumstances surrounding New England Allergy's payment of or failure to pay the invoice statements for products purchased from HCI.

- 4 -

7.     The facts and circumstances surrounding establishment or modification of payment terms pursuant to the HCI invoice statements.

8.     All communications between New England Allergy and HCI regarding each of New England Allergy's purchases of products from HCI.

9.     All communications between New England Allergy and HCI regarding HCI's invoice statements for products purchased by New England Allergy.

10.     All communications between New England Allergy and HCI regarding payments made or not made by New England Allergy for products purchased from HCI.

11.     All communications that New England Allergy had internally or with any other person regarding New England Allergy's business relationship with HCI, including but not limited to, communications regarding purchases, invoicing and payments.

12.     The basis for New England Allergy's failure to make payment of all HCI invoices pursuant to their terms.

13.     The facts and circumstances concerning New England Allergy's income, expenses, profits, and losses, including but not limited to New England Allergy's audited and unaudited financial statements and federal and state income tax returns from 2001 to date.

14.     The facts and circumstance concerning the New England Allergy's application for credit or loans from any bank, credit union, lending institution, or issuer of credit cards, including without limitation the information provided by New England Allergy, whether the credit or loan was given, the amount of the credit or loan given, and the terms of the credit or loan.

15.    The facts and circumstances concerning New England Allergy's debts, including, but without limitation, the names of creditors, the nature of the debt, and the amount owed to each creditor.

16.    The basis for the First Affirmative Defense as set forth in the Answer, which asserts that HCI breached the implied covenant of good faith and fair dealing by unilaterally, artificially and unconscionably raised the prices for the products sold to New England Allergy.

17.    The basis for the Second Affirmative Defense as set forth in the Answer, which asserts that HCI unconscionably and artificially raised it prices and should thereby be precluded from recovering under the invoices.

18.    The basis for the Third Affirmative Defense as set forth in the Answer, which asserts duress in that HCI knew that New England Allergy had professional and ethical obligations to continue treating patients and New England Allergy had no alternative option other than continuing its purchase of artificially inflated prices.

19.    The basis for the Fourth Affirmative Defense as set forth in the Answer, which asserts that HCI should be estopped from collecting any more than an objectively fair and reasonable price for the products.

20.    The basis for the Fifth Affirmative Defense as set forth in the Answer, which asserts a failure of consideration by HCI.

21.    The basis for the Sixth Affirmative Defense as set forth in the Answer, which asserts that HCI's conduct constitutes unlawful price gauging and price fixing.

22.    The basis for the Seventh Affirmative Defense as set forth in the Answer, which asserts that payment of the amounts claimed by HCI would constitute unjust enrichment.

# EXHIBIT N



Arthur J. McCabe & Associates, P.C.
Attorneys and Counselors at Law

December 19, 2005

HAND DELIVERED

Brian Forbes, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109

RE:     Health Coalition, Inc. v. New England Allergy Asthma
        Immunology and Primary Care P.C. et al
        Civil Action No. 05-CV-11816

Dear Brian:

Enclosed please find New England Allergy's Second Response to Plaintiff's First
Request for Documents.  Included in the response are:

1.      A balance sheet for New England Allergy Asthma Immunology and
        Primary Care, P.C. for the period ending November 30, 2005.

2.      An income statement for the period ending November 30, 2005.

3.      An accounts payable sheet as of October 31, 2005.

4.      A monthly price reimbursement comparison for 2004.

5.      A monthly price reimbursement comparison for 2005.

6.      A copy of Thomas Johnson's 2001 U.S. Personal Income Tax Return

If you have any questions please do not hesitate to contact my office.

Very truly yours,

*Art McCabe*

Arthur J. McCabe