UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>Individually )<br>)<br>Defendants. )<br>) | Civil Action No. 05-cv-11816 MEL |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR STAY PENDING COMPLETION OF COURT ORDERED MEDIATION**

Plaintiff Health Coalition Inc. ("Health Coalition") hereby submits this response to defendants' "Opposition to Plaintiff's Motion for an Order Compelling Discovery from the Defendants and Request for a Stay Pending Completion of the Court Ordered Mediation."  For the reasons set forth below, the Court should deny defendants' request for a stay:

1. Defendants New England Allergy Asthma Immunology & Primary Care P.C. ("New England Allergy") and Thomas F. Johnson ("Dr. Johnson") (collectively "defendants") have not stated any basis for the need for a stay of the action pending completion of mediation. That Health Collation agreed to participate in the Court's mediation program should not alleviate defendants of their outstanding discovery obligations.  Although Health Coalition is willing to attend mediation, and has indicated as such to the Court, defendants should not be permitted to use the future (and currently unscheduled) mediation as a shield to thwart compliance with their discovery obligations.  While defendants acknowledge that this is a "simple matter of goods sold and delivered" and "Defendants do not dispute the receipt of goods," defendants nonetheless

state that they dispute "the pricing and terms and conditions thereof." See Defendants' Opposition and Request for Stay at para. 4. Health Coalition is entitled to discover the basis for defendants' "disputes" and the basis for the affirmative defenses in their Answer to the Complaint.

2. It is undisputed that defendants still have not paid for certain goods supplied by Health Coalition. Because defendants have not made certain payments Health Coalition was forced to bring the instant litigation and must engage in the discovery process. Prior to filing this action and also during the litigation, Health Coalition attempted to resolve the disputes between the parties, but to date, has not been able to do so. While Health Coalition is willing to participate in mediation and is hopeful that the parties will be able to resolve their differences, Health Coalition should not be precluded from developing its case through the discovery process and obtaining information to respond to defendants' affirmative defenses. Complete and full responses to outstanding discovery, is in fact necessary for the parties to engage in a productive mediation session.

3. At the December 20, 2005 case management and scheduling conference, defendants' counsel similarly asked the Court to stay the action pending completion of mediation. The Court rejected that request.

4. As detailed in Health Coalition's Memorandum in Support of Motion to Compel and the attached papers, at the time of the filing of the motion to compel, defendants wholly neglected to respond to outstanding discovery within the time required by applicable rule and by extension of such deadlines. As further detailed therein, the overdue discovery responses that were eventually produced by defendants were deficient.

5. Defendants' counsel states in his request for a stay that he "is a sole practitioner and has been out of the office sick for substantially the entire month of December." Plaintiff's counsel was not aware that defendants' counsel was out of the office sick for substantially the entire month of December. However, Health Coalition was aware that defendants' counsel was out of the country on business during the beginning of December. See Exhibit H to Memorandum of Law in Support of Motion to Compel (Docket No. 13).

6. While plaintiff is sympathetic to defendants' counsel's health situation, the discovery delays in this matter, separate and apart from defendants' counsel surgery on December 22, 2005, have been untenable. Although defendants' counsel has notified Health Coalition of his "intention to produce substantive response," those responses either never came or were deficient. For example, defendant acknowledges that "answers to interrogatories were reviewed and signed by the Defendants during the week of the discovery conference, but not forwarded to Plaintiff until today [December 30, 2005]." Health Coalition did not receive these responses until just days before the re-scheduled 30(b)(6) deposition currently scheduled for January 5, 2006, which had already been rescheduled two previous times due to defendants' discovery delays.

7. Finally, defendants' opposition brief and request for stay does not address any of the deficiencies raised by the Motion to Compel. Defendants have still failed to serve their required automatic disclosures and have not corrected their deficient responses to document requests and document production. That defendants served responses to interrogatory requests (after Health Coalition filed and served its motion to compel) should not absolve defendants of their discovery abuses or give reason for a stay of the action.

For the foregoing reasons Health Coalition respectfully requests that the Court deny defendants request for a stay and grant Health Coalition's Motion to Compel.

        Respectfully submitted,

        HEALTH COALITION, INC.,

        By its attorneys,

        /s/ Brian M. Forbes
        Brian M. Forbes (BBO# 644787)
         bforbes@klng.com
        Stacey L. Gorman (BBO# 655147)
         sgorman@klng.com
        KIRKPATRICK & LOCKHART
        NICHOLSON GRAHAM LLP
        75 State Street
        Boston, MA  02109
        Tele:   (617) 261-3100
        Fax:    (617) 261-3175

Dated: January 4, 2006

## **CERTIFICATE OF SERVICE**

  I, Brian M. Forbes, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 4th day of January, 2006.

              /s/ Brian M. Forbes
              Brian M. Forbes