**E N D O R S E M E N T**

HEALTH COALITION, INC. v. NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C. and THOMAS M. JOHNSON
05-CV-11816-MEL

LASKER, D.J.

      Plaintiff Health Coalition, Inc. ("Health Coalition") moves, pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, to compel discovery from New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas M. Johnson (collectively, "the Defendants").

      At this time, the Defendants have responded to Health Coalition's first set of interrogatories and first request for document production, and have served their automatic disclosures. It is not disputed that the Defendants' responses to the interrogatories and the filing of automatic disclosures were untimely. Health Coalition further contends that the Defendants' response to the request for document production is deficient in that it fails to comply with the strictures of Local Rule 34.1.

      Health Coalition's motion to compel is GRANTED as follows. The Defendants are to amend their responses to Health Coalition's request for document production so that the responses are made in the order propounded. The Defendants are to answer each document request specifically, by preceding each answer with the request for production that it addresses. In other words, the Defendants are to make clear how they are responding to each request and whether they have produced all responsive documents in their possession, custody, or control.

      I find no evidence that the Defendants' delay in responding to interrogatories and filing automatic disclosures was ill-intentioned. Nevertheless, given this acknowledged delay and the Defendants' failure to respond properly to Health Coalition's document requests, the Defendants are ordered to pay Health Coalition's costs, including reasonable attorneys' fees, for bringing the motion to compel.

      It is so ordered.


Dated:    May 11, 2006
          Boston, Massachusetts    /s/ Morris E. Lasker
                                        U.S.D.J.