UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>Individually )<br>)<br>Defendants. )<br>) | Civil Action No. 05-cv-11816 MEL |

**MOTION OF HEALTH COALITION, INC. TO
ENTER PROPOSED ORDER ON PLAINTIFF'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT**

Plaintiff Health Coalition, Inc. ("HCI") hereby moves to enter the Proposed Order attached hereto as Exhibit 1 in connection with the Court conference held on September 11, 2006 addressing HCI's Motion to Enforce Settlement Agreement (Docket No. 22). At the conclusion of the conference, the Court requested that the parties submit a proposed order. Because the parties have been unable to agree upon the Proposed Order, for the reasons set forth below, HCI requests that the Court enter the attached Proposed Order attached hereto as Exhibit 1.

1.  At the September 11, 2006 status conference, the parties discussed HCI's pending Motion to Enforce Settlement Agreement with Defendants New England Allergy Asthma Immunology & Primary Care P.C. ("New England Allergy") and Thomas F. Johnson ("Dr. Johnson") (collectively "Defendants"). At the conference, Defendants indicated that they were prepared to go to the Superior Court for Essex County, Massachusetts to seek relief from the

BOS-1005551 v1

Temporary Restraining Order dated June 14, 2006 as referenced in the motion to enforce settlement agreement, but asked for two weeks before having to do so.

2. It is HCI's understanding, as set forth in the relief requested in HCI's Motion to Enforce Settlement (see Docket Nos. 22, 23, and 24), that the Court ordered that the parties were to jointly move the Superior Court by September 25, 2006. The joint motion is to request that the Superior Court either approve Defendants' Settlement with Health Coalition, Inc. as permitted under the existing TRO or modify the TRO to allow the Settlement Agreement between Health Coalition, Inc. and Defendants to be executed.

3. At the conclusion of the September 11th conference, the Court requested that the parties submit a proposed order. To that end, HCI drafted a proposed order incorporating the joint motion referenced in Plaintiff's Motion to Enforce Settlement (which was discussed at the conference). See Exhibit A to Proposed Order.

4. The parties have been unable to reach agreement on the terms of the proposed order, due in part to defendants' position that they will not agree to the joint motion to be filed with the Superior Court and Defendants' insistence that they will unilaterally seek relief from the Superior Court. Defendants have also indicated that their unilateral motion to the Superior Court will address other creditors of Defendants, entities which are not the subject of the instant action, and which are not the subject of the settlement between HCI and Defendants.

5. Because it is HCI's understanding that the Court contemplated that the parties file a joint motion in Superior Court, as specifically referenced in HCI's Motion to Enforce Settlement, HCI submits the attached Proposed Order.

WHEREFORE, Plaintiff Health Coalition, Inc. requests that the Court enter the Proposed Order attached hereto as Exhibit 1 in light of the conference with the Court on September 11, 2006 and in connection with Plaintiffs' Motion to Enforce Settlement Agreement.

### REQUEST FOR ORAL ARGUMENT

To the extent the Court deems oral argument necessary, Plaintiff is available for oral argument on this motion.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Plaintiff has conferred with Defendants' counsel pursuant to Local Rule 7.1(A)(2) regarding the issues presented by this motion, have attempted in good faith to resolve or narrow the issues, but counsel have been unable to reach agreement on the issues raised by this motion.

Respectfully submitted,

HEALTH COALITION, INC.,

By its attorneys,

 /s/ Brian M. Forbes
Jeffrey S. King (BBO # 559000)
 jking@klng.com
Brian M. Forbes (BBO# 644787)
 bforbes@klng.com
Stacey L. Gorman (BBO# 655147)
 sgorman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Tele:   (617) 261-3100
Fax:    (617) 261-3175

Dated:  September 13, 2006

- 3 -

- 4 -

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed on September 13, 2006 through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 13, 2006.


Peter J. Haley
Leslie F. Su
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

William H. DiAdamo
DiAdamo Law Office, LLP
40 Appleton Way
Lawrence, MA 01840

Arthur McCabe
Arthur McCabe & Associates, P.C.
1 Elm Square
P.O. Box 990
Andover, MA 01810

                                             /s/ Brian M. Forbes

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEALTH COALITION, INC., )
)
    Plaintiff, )
)
v. )
) Civil Action No. 05-cv-11816 MEL
NEW ENGLAND ALLERGY ASTHMA )
IMMUNOLOGY & PRIMARY CARE, )
P.C. and THOMAS F. JOHNSON, )
Individually )
)
    Defendants. )
)

## [Proposed] ORDER

HAVING CONSIDERED all relevant submissions in connection with Plaintiff Health Coalition, Inc.'s Motion to Enforce Settlement Agreement (Docket No. 22), it is hereby ORDERED that:

Plaintiff Health Coalition, Inc. and Defendants New England Allergy Asthma Immunology & Primary Care, P.C. Thomas F. Johnson, shall jointly move, no later than September 25, 2006, in the form of the joint motion attached hereto as Exhibit A, for an Order seeking relief from the Temporary Restraining Order entered on June 14, 2006 ("TRO") by the Superior Court of the Commonwealth of Massachusetts for Essex County, in an action entitled Atlantic Biologicals Corporation v. New England Allergy Asthma Immunology & Primary Care, P.C. Thomas F. Johnson, M.D., Civ. No. 06-640SD. The joint motion to the Superior Court shall request that the Superior Court either approve Defendants' Settlement with Health Coalition, Inc. as permitted under the existing TRO or modify the TRO to allow the Settlement Agreement between Health Coalition, Inc. and Defendants to be executed.

BOS-1005389 v2

- 2 -

IT IS SO ORDERED

Dated: _____, 2006

_____
Judge Morris E. Lasker
United States District Court Judge

**EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

ESSEX, SS                                                                 Civil Action No. 06-640D

| | |
|---|---|
| ATLANTIC BIOLOGICALS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW ENGLAND ALLERGY ASTHMA | ) |
| IMMUNOLOGY & PRIMARY CARE, | ) |
| P.C. and THOMAS F. JOHNSON, M.D. | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION TO ENFORCE SETTLEMENT IN LIGHT
OF TEMPORARY RESTRAINING ORDER**

Non-party Health Coalition, Inc. ("HCI") and Defendants New England Allergy Asthma Immunology & Primary Care, P.C. ("New England Allergy") and Thomas F. Johnson ("Dr. Johnson") (collectively the "Defendants") hereby move the Court to enforce the Settlement Agreement and Mutual Release ("Settlement Agreement") between HCI and Defendants in the currently pending action Health Coalition, Inc. v. New England Allergy Asthma Immunology & Primary Care P.C. and Thomas Johnson, Civ. No. 05-cv-11816 MEL (D. Mass.) ("federal action") in light of the Temporary Restraining Order entered by the Court in this action on June 14, 2006 ("TRO") "enjoining the defendants from entering into any transactions outside the ordinary course of business, taking actions to hide, secrete, conceal, hinder the efforts of creditors to collect against their assets, or dissipate their assets, or engaging in any self interested transactions other than for full and fair consideration." HCI and Defendants have been

BOS-1002366 v2

negotiating resolution of their dispute for several months and reached agreement on the material terms of a settlement on June 7, 2006. A copy of the agreed-upon Settlement Agreement is attached hereto as Exhibit A. Defendants and HCI believe that their Settlement Agreement does not violate the TRO where it is made in the ordinary course of business and is "for full and fair consideration" for the goods sold and delivered by HCI to Defendants from which debts have been outstanding. However, Defendants are concerned that an argument can be made that final execution of the settlement documents may be prohibited by the TRO. For the reasons set forth below, the Court should permit Defendants to complete its Settlement Agreement with HCI.

1.  The federal action arises from HCI's sale of blood derivative products to defendant New England Allergy. A copy of the Complaint filed in the federal action on September 6, 2005 is attached hereto as Exhibit B. The Complaint alleges that New England Allergy and defendant Dr. Johnson, as guarantor, breached their agreements with HCI by failing to make payments for products ordered from HCI and accepted by Defendants under the terms of said agreements. To that end, HCI's Complaint alleges claims against New England Allergy for breach of contract, goods sold and delivered, account stated, breach of implied covenant of good faith and fair dealing, and violations of Mass. Gen. L. ch. 93A. HCI also asserts a claim against Dr. Johnson for his alleged breach of a guaranty agreement. At the time the Complaint was filed on September 6, 2006, HCI claims that Defendants owed no less than $846,696 plus interest, costs, and attorneys' fees. To date, the amount owed to HCI continues to accrue interest at a finance charge of 1 ½% interest per month (18% per annum). The total amount owed to HCI to date, without attorneys fees (which are provided for by contract) with accrued interest is $912,564.79. With the potential for treble damages under Mass. Gen. Laws ch. 93A, defendants exposure in the federal action now exceeds $3,000,000.

2.      HCI and Defendants mediated the federal action on February 17, 2006. Although the matter did not settle on that date, the parties continued to negotiate the terms of a settlement in the federal action and reached agreement on the material terms of settlement on June 7, 2006.

3.      The principal terms of the settlement include total payment by New England Allergy to HCI in the amount of $874,000.00 to be paid as follows: a cash payment of $250,000.00 and the remaining $624,000.00 to be paid pursuant to a Promissory Note with payments of $13,000.00 per month for a period of 48 months. The obligations of the Promissory Note are to be secured by the assets of New England Allergy and are to be junior only to the secured position of TD BankNorth's $500,000.00 of credit. Dr. Johnson also agrees to personally guaranty the payment obligations of NEA and agrees to pay all amounts owed by NEA upon any default under the Promissory Note and the Settlement Agreement. Dr. Johnson also agrees that payment obligations of the Promissory Note and the Settlement Agreement are to be secured by a term life insurance policy or polices that cover the life of Dr. Johnson. The present value of the cash obligations of the settlement is less then the current amount due including interest.

4.      Since HCI and Defendants agreed to the material terms of the settlement they have been working to finalize all appropriate documentation. Defendants are hesitant to execute the Settlement Agreement in the federal action in light of the Temporary Restraining Order entered by the Court on June 14, 2006.

5.      HCI and Defendants do not believe, however, that finalizing the Settlement Agreement violates the TRO. First, the material terms of the settlement agreement between HCI and defendants was reached on June 7, 2006, prior to entry of the courts TRO in the instant

matter. Quint v. A.E. Staley Manufacturing Co., 246 F.3d 11, 15 (1st Cir. 2001) (enforcing settlement where material terms were agreed upon and rejecting argument that "there can be no agreement until a document is executed"); Kinan v. Cohen, 268 F.3d 27, 33-34 (1st Cir. 2001) (enforcing settlement where there was not dispute over material terms); Peters v. Wallach, 366 Mass. 622, 628 (1975) (affirming order enforcing unexecuted agreement to settle preexisting claim); see also Correia v. Desimone, 34 Mass. App. Ct. 601, 603-04 (1993) (affirming judgment for specific enforcement of oral settlement agreement); Marshall v. Burchell, 2005 WL 100715, at * 2 (Mass. Super. Ct. Jan. 13, 2005) (enforcing settlement agreement where "the mechanics of settlement were resolved", "the process for exchanging documents had begun", and "all material terms of the agreement had been defined and the parties uniformly expressed their intent to be bound"); Orion Research, Inc. v. Ross, 2003 WL 383250, *2 (Mass. Super. Ct. Jan. 27, 2003) Thus, the TRO does not apply to the settlement between HCI and the Defendants as the obligations were incurred before entry of the TRO.

6.    Even if the TRO were to impact the settlement, by entering into the Settlement Agreement with HCI, defendants are not "entering into any transactions outside the ordinary course of business." Defendants are simply seeking fair resolution of the dispute with HCI regarding payments owed for goods delivered. To avoid the further expense of their litigation with HCI and defendants are resolving this matter for a total of $874,000.00. Notably, defendants' exposure in this matter, when interest is included, is less then the present value of the agreed upon settlement, and is much less then the exposure considering the claims under Mass. Gen. Laws ch. 93A, which total exposure exceeds more than $3,000,000. Moreover, by entering into the Settlement Agreement with HCI, defendants are not "taking actions to hide, secrete, conceal, hinder the efforts of creditors to collect against their assets, or dissipate their assets."

HCI is a longstanding creditor of defendants and by reaching resolution of the dispute with HCI over amounts owed, defendants are not hindering the efforts of any creditors or in any way improperly dissipating their assets. Finally, Defendants are not "engaging in any self-interested transactions" that is not "for full and fair consideration." The obligations incurred in the Settlement Agreement are of a lesser value than the value of the debt that is discharged by the settlement.

7.  Defendants and HCI do not believe that finalizing the Settlement Agreement documents would violate the Court's Temporary Restraining Order in this action. Given the potential uncertainty, however, Defendants and HCI request that the Court either approve the HCI settlement as permitted under the existing TRO or modify the TRO to allow the Settlement Agreement between HCI and Defendants to be executed.

8.  On September 11, 2006, the Court in the federal action heard argument on HCI's motion to enforce the settlement agreement between HCI and Defendants, and upon HCI's motion, ordered that HCI and Defendants submit the instant joint motion to this Court seeking approval of the settlement and necessary relief from the TRO.

WHEREFORE, Defendants and HCI request that the Court either approve the HCI settlement as permitted under the existing TRO or modify the TRO to allow the Settlement Agreement between HCI and Defendants to be executed.