UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
HEALTH COALITION, INC.,                    )
                                           )
Plaintiff,                                 )
                                           )
v.                                         )
                                           ) Civil Action No. 05-cv-11816 MEL
NEW ENGLAND ALLERGY ASTHMA                 )
IMMUNOLOGY & PRIMARY CARE,                 )
P.C. and THOMAS F. JOHNSON,                )
Individually                               )
                                           )
Defendants.                                )
_____)

**DECLARATION OF BRIAN M. FORBES IN SUPPORT OF PLAINTIFF'S**
**RENEWED MOTION TO ENFORCE SETTLEMENT AGREEMENT**

I, Brian M. Forbes hereby declare under oath as follows:

1.      I am an attorney and associate at the law firm of Kirkpatrick & Lockhart Preston

Gates Ellis LLP ("K&L Gates"), State Street Financial Center, One Lincoln Street, Boston,

Massachusetts.  K&L Gates represents plaintiff Health Coalition, Inc. ("HCI") in this action.  I

respectfully submit this Declaration in support of Health Coalition Inc.'s Renewed Motion to

Enforce Settlement Agreement.

2.      After extended settlement negotiations, the parties, HCI and Defendants New

England Allergy Asthma Immunology & Primary Care, P.C. ("New England Allergy") and

Thomas F. Johnson ("Dr. Johnson") (collectively "Defendants") reached agreement on the

material terms of settlement on June 7, 2006.  A true and correct copy of the Defendants'

acceptance of the material terms of the settlement is attached hereto as Exhibit A.

3.      After HCI and Defendants agreed to the material terms of the settlement, they

have been working to finalize all appropriate documentation.  A true and correct copy of the

agreed-upon form of Settlement Agreement and Mutual Release ("Settlement Agreement") attached hereto as Exhibit B.  The delay in finalizing and executing the Settlement Agreement and required papers has been the result of Defendants' continued failure to provide the necessary information and documents needed to close on the settlement.

4.     From June 2006 to date, HCI has repeatedly requested that the defendants obtain and produce various materials as required under the Settlement Agreement, namely an account control agreement that would permit HCI to perfect its security interest in NEA's bank accounts and a life insurance policy (or policies) in the face amount of at least $1,274,000 naming HCI as the primary beneficiary.   True and correct copies of HCI's written requests seeking this information and documents are attached hereto as Exhibits C-H.

5.     Specifically, Defendants have failed to provide satisfactory proof of the assignment of a life insurance policy to HCI.  Instead, Defendants have recently provided an unexecuted pledge agreement and proof of a policy owned by Carlene Johnson, Dr. Johnson's spouse, which does not fulfill the Defendants' obligations under the Settlement Agreement. Defendants' production of insurance information remains deficient because there continues to be an absence of documents needed to effect the life insurance security.

6.     HCI has informed the Defendants that it still needs to see the following documents to finalize the insurance issues:

- A copy of the policy (or policies) with all riders;

- Documents evidencing that HCI is listed as the owner and the primary beneficiary of the policy;

- Confirmation that HCI will be provided with notice of non-payment of any premium owed and notice of intent to terminate; and

- Waivers from other beneficiaries.

True and correct copies of requests sent by counsel for HCI seeking such information are attached hereto as Exhibits C, F and G.

7.      On December 22, 2006, Defendants' counsel, for the first time, provided HCI with the contact information for the Dr. Johnson's insurance agent.  A true and correct copy of the email between Peter Haley and Brian M. Forbes dated December 22, 2006 providing the contact information is attached hereto as Exhibit H.

8.      That same day, I spoke with the insurance agent, Chris Psaledas at New England Financial, regarding the life insurance.  The broker informed me that they could not provide HCI with the information needed (as detailed above) without written authorization from the Johnsons or a Court Order.

9.      Shortly thereafter, I informed Defendants' counsel of the broker's comments regarding the necessary authorization from the Johnsons.  A true and correct copy of my email to Peter Haley dated December 22, 2006 is attached hereto as Exhibit I.  Despite repeated assurances that information would be forthcoming, and after nearly six months of delay, HCI has not received the required insurance documentation.

10.     As for the account control agreement, on December 21, 2006, Defendants notified HCI of TD Banknorth's final position on whether the bank would execute the account control agreement.  According to Defendants, TD BankNorth told them that "that they will not execute any control agreements with HCI and have informed me that this is not an issue with HCI or Dr. Johnson but they will not execute such an agreement with any of their borrowers."  A true and correct copy of Peter Haley's email dated December 21, 2006 and the response of Brian M. Forbes is attached hereto as part of Exhibit G.

11.     On December 28, 2006, over six months since the parties agreed to the material terms of the settlement, Defendants made their initial payment to HCI under the terms of the Settlement Agreement in the amount of $250,000.00. While this initial payment constitutes partial performance under the Settlement Agreement, Defendants have yet to provide all of the necessary information and documents needed to close on the settlement. Defendants' next payment is due on or before February 1, 2007.

12.     On January 3, 2007, counsel for Plaintiff conferred with Defendants' counsel pursuant to Local Rule 7.1(A)(2) in an attempt to narrow the issues presented in this motion. During such discussions, Plaintiff's counsel sought the production of certain information, including copies of a letter to New England Financial regarding the insurance pledge and proof of delivery along with the execution of settlement document by noon on January 5, 2007. Counsel for Defendants acknowledged such requests. A true and correct copy of an e-mail from Plaintiff's counsel to Defendants' counsel documenting the materials sought by the Plaintiff pursuant to the Local Rule 7.1(A)(2) conference is attached hereto as Exhibit J.

13.     Defendants have failed to provide any of the information sought by the Plaintiff in an effort to resolve this issue without further assistance from the Court.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED THIS 5th DAY OF JANUARY 2007, AT BOSTON, MASSACHUSETTS.

/s/ Brian M. Forbes
Brian M. Forbes

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that this document, filed on January 5, 2007 through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 5, 2007.


Peter J. Haley
Leslie F. Su
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

William H. DiAdamo
DiAdamo Law Office, LLP
40 Appleton Way
Lawrence, MA 01840

Arthur McCabe
Arthur McCabe & Associates, P.C.
1 Elm Square
P.O. Box 990
Andover, MA 01810


           /s/ Brian M. Forbes

# EXHIBIT A

HCI v. NEA/Dr. Johnson                                                                    Page 1 of

---

**Forbes, Brian M. (Boston)**

---

**From:**     Peter Haley [haley@gordonhaley.com]
**Sent:**     Wednesday, June 07, 2006 4:01 PM
**To:**       Forbes, Brian M. (Boston); william@diadamo.com
**Cc:**       'Art McCabe'; King, Jeffrey S.
**Subject:**  RE: HCI v. NEA/Dr. Johnson

Brian

This is to confirm the Defendants' agreement to the terms set forth below, subject only to the completion of the necessary documentation in a form and manner acceptable to both parties.

Please forward the settlement documents at your first convenience.

Thanks

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-261-0789 (facsimile)
haley@gordonhaley.com

        -----Original Message-----
        **From:** Forbes, Brian M. (Boston) [mailto:bforbes@klng.com]
        **Sent:** Thursday, June 01, 2006 1:48 PM
        **To:** Peter Haley; william@diadamo.com
        **Cc:** Art McCabe; King, Jeffrey S.
        **Subject:** HCI v. NEA/Dr. Johnson


        Gentleman,
        Based on the parties extended settlement negotiations, the terms set forth below are the terms to which HCI will agree to
        settle the instant litigation.  Please confirm that defendants agree to these terms.  Once we have confirmation that both
        defendants agree to these terms, we will be able to forward to you draft settlement documents in fairly short order.  Becaus
        we do not want completion of the settlement to drag on indefinitely, as a condition of HCI's agreement to settle this matter,
        once we forward the first drafts of the Settlement Agreement and Note to you for your review, HCI will require that the final
        settlement documents must be finalized and executed within 15 days of our sending you the first drafts.  If all settlement
        documents are not finalized within that 15 day time period, HCI reserves the right to rework/renegotiate the terms of the de
        and/or to resume the litigation if HCI has a good faith basis for believing that defendants are unreasonably delaying
        completion of the settlement.

        Please get back to us by the close of business on Wednesday, June 7th with defendants' confirmation that they agree to th
        terms set forth below.  I will be out of the office next week and will not have access to email.  To that end, during the week
        June 5th, I ask that you direct all communications to Jeff King.  Thank you.

        We look forward to hearing from you.


08/31/2006

Regards,
Brian

- o $250,000.00 cash
- o Promissory Note with payments of $13,000 per month thereafter for 48 months; payments on the Note must be received by HCI by the first of each month following closing and must be made by certified check or wire transfer; 10-day cure period that starts on the day notice of default is sent -- notice will be sent by manners we need to agree upon (fax? etc.)
- o Total payment of $874,000.00
- o Dr. Johnson guaranty of entire payment amounts
- o Full security interest in New England Allergy with UCCs etc., covering all assets of NEA (including, A/R which includes the loans/notes/amounts owed by other entities, inventory, etc.)
- o The security would be subject to the final approval of Banknorth, which would remain first in line on its secured position on its $500k line of credit. HCI would be in second position to Banknorth but ahead of all other creditors as to all secured assets. Written confirmation from Banknorth must be in a form that is acceptable to HCI.
- o Dismissal with prejudice for NEA and Johnson -- releases except for new obligations created by settlement
- o Agreement for judgment in case of any default, with reasonable opportunity to cure period, and joint and several liability. The judgment will be in the amount of the balance then owed on the Promissory Note, plus $400k (this reflects the out of pocket losses HCI has suffered, costs to collect, and risk premium for non-collection).
- o Cumulative term life insurance policies with a face value of $1,274,000 would remain in place-- all premiums must be made until the Note is paid in full. Failure to maintain this coverage will constitute a default under the Note. HCI will be named as 1st beneficiary in line for the payment in full on the total value of the Promissory Note. Upon the death of Dr. Johnson, the entire balance then owed under the Promissory Note will become immediately payable to HCI out of the policy proceeds. We will require all appropriate documentation, beneficiary designations, notices of premium payment for insurer, and waivers from other beneficiaries and heirs.
- o Breach of any of the foregoing provisions constitutes default under the Note (and triggers all corresponding remedies)
- o HCI will draft the Settlement Agreement and the Note
- o Defendants will draft the documents associated with the security interest and insurance issues: UCCs, beneficiary forms, etc.

08/31/2006

**EXHIBIT B**

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

*THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE* (the "Agreement") is entered into the 7th day of June, 2006, by and between Health Coalition, Inc. ("HCI"), New England Allergy Asthma Immunology & Primary Care, P.C. ("NEA"), and Dr. Thomas F. Johnson ("Dr. Johnson"), collectively, the "Parties."

*WHEREAS*, HCI has asserted certain claims against NEA and Dr. Johnson arising from the alleged breach of their agreements with HCI in connection with HCI's sale of blood derivative products to NEA and Dr. Johnson's guaranty of all purchases of NEA from HCI; and

*WHEREAS*, HCI, as plaintiff, brought a lawsuit against NEA and Dr. Johnson, as defendants, entitled "Health Coalition, Inc. v. New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas F. Johnson, Individually," in the United States District Court for the District of Massachusetts, Civil Action No. C.A. 05-cv-11816 MEL, in which HCI asserted claims against NEA for breach of contract, goods sold and delivered, account stated, breach of implied covenant of good faith and fair dealing, and violation Mass. Gen. Laws ch. 93A, and for claims asserted against Dr. Johnson for breach of guaranty agreement (the "Lawsuit"); and

*WHEREAS*, NEA and Dr. Johnson have denied all material allegations in the Lawsuit and have asserted various defenses; and

*WHEREAS*, the Parties hereto desire to avoid further expense in the pursuit of the Lawsuit and thus have agreed to resolve by this Agreement all disputes between them;

*NOW THEREFORE*, the Parties covenant and agree as follows:

1.      In consideration of the execution of this Agreement and of the payments and actions called for herein, the Parties and their respective insurers, officers, directors, stockholders, attorneys, members, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns, and all other persons, firms, associations, or corporations with whom any of the former have been, are now, or may hereafter be affiliated (hereinafter "Releasors") hereby completely release and forever discharge each other, and their respective insurers, officers, directors, stockholders, attorneys, members, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns, and all other persons, firms, associations, or corporations with whom any of the former have been, are now, or may hereafter be affiliated (hereinafter "Releasees") of and from any and all past, present, and future claims, demands, actions, causes of action, debts, and dues, whether in law or equity, of any nature or description whatsoever, whether now known or unknown, anticipated or unanticipated, asserted or unasserted, whether based on statute, contract, tort, or otherwise, whether for compensatory, punitive damages or civil penalties, on account of or in any way growing out of, related to directly or indirectly, resulting or to result from the claims or causes of action set forth in the Lawsuit, including without limitations, any and all known or unknown claims of bodily, property, personal, loss of consortium, and economic injuries to the Releasors and the consequences thereof, including but not limited to any claims arising from the handling of any insurance claim or the defense of any

legal proceeding concerning the Lawsuit; except, however, that the foregoing release shall not apply to: (1) the continuing obligations of NEA and Dr. Johnson set forth elsewhere in this Agreement including those obligations concerning an Agreement for Judgment, (2) the continuing obligations of NEA set forth in a separate Promissory Note executed on or about the date hereof; and (3) the continuing obligations of Dr. Johnson set forth in a separate Guaranty executed on or about the date hereof.

Subject to the limitations set forth above, this release shall be a fully binding and complete settlement and release between HCI, NEA, Dr. Johnson, and Releasees with respect to the matters addressed herein.

2.    NEA agrees to pay EIGHT HUNDRED SEVENTY-FOUR THOUSAND AND 00/100 DOLLARS ($874,000.00), to HCI as follows:  $250,000 is to be paid by certified check or wire transfer within three (3) days of the date of execution of this Agreement, and the remaining $624,000.00 is to be paid pursuant to the terms of a Promissory Note in the form attached hereto as Exhibit A and including the following terms:  forty-eight (48) monthly installments of $13,000.00 by certified bank check or wire in readily available funds by the first of each month, with the principal balance payable in full by September 1, 2010.

3.    The obligations of the Promissory Note are to be secured by all assets of NEA through the filing of UCCs or any other necessary and appropriate documents which will be filed and recorded with the appropriate secretary of state or other entity of the Commonwealth of Massachusetts, the State of New Hampshire, and any other states necessary to cover all assets of NEA. HCI's security interest in the assets of NEA are to be junior only to the secured position of TD BankNorth's $500,000.000 line of credit. HCI's secured position is to remain senior to and ahead of all other creditors until such time as all obligations of HCI are satisfied.

4.    In the event NEA defaults under the Promissory Note, or if NEA and/or Dr. Johnson otherwise breach the terms and obligations set forth in this Agreement, the Parties agree that judgment shall enter in a new action for breach of contract as further detailed in paragraph 7 below and that NEA and Dr. Johnson are to be jointly and severally liable for the balance remaining on the Promissory Note, and an additional premium payment of FOUR HUNDRED THOUSAND AND 00/100 DOLLARS ($400,000.00) ("Premium Payment"). It is specifically agreed that the Premium Payment is reasonable and appropriate and that adequate consideration has been exchanged for the inclusion of this Premium Payment in this Agreement.

5.    The payment obligations of the Promissory Note and Premium Payment are also to be secured by a term life insurance policy or policies that cover the life of Dr. Johnson, with HCI named as the first beneficiary in line for the payment in full on the total value of the Promissory Note and Premium Payment. Said policy or policies are to have a face value of at least $1,274,000.00 and must remain in place with all premiums paid current until the Promissory Note and Premium Payment (if appropriate) are paid in full. As a named beneficiary, HCI must be provided with notice of non-payment of any premium owed and notice of any intent to terminate the insurance. In such event, HCI shall have the right to continue to make premium payments on said policy or policies in the event any premium payment is not made, which payments, if made by HCI, will be added to the entire balance owed to HCI. Upon the death of

- 2 -

Dr. Johnson, the entire balance then owed on the Promissory Note will become immediately payable to HCI out of the policy proceeds. In addition, if the obligation to pay the Premium Payment has attached, the policy proceeds shall also be used to pay the Premium Payment.

6.    Dr. Johnson agrees to personally guaranty the payment obligations of NEA described above and in the Promissory Note, and agrees to pay to HCI all amounts owed by NEA to HCI upon any default under the Promissory Note and this Agreement, including the Premium Payment if it becomes due. This personal guaranty will be evidenced by a signed Guaranty in the form attached hereto as Exhibit B.

7.    In the event that NEA defaults under the Promissory Note, or if NEA and/or Dr. Johnson otherwise breach the terms and obligations set forth in this Agreement, then the Parties agree that HCI may file a new action in the United States District Court for the District of Massachusetts or the courts of the Commonwealth of Massachusetts against NEA and Dr. Johnson, and may file the Agreement for Judgment that the Parties have signed and that is attached hereto as Exhibit C which allows judgment to be entered jointly and severally against NEA and Dr. Johnson in the amount of any outstanding balance owed under the Promissory Note plus the $400,000.00 Premium Payment. NEA and Dr. Johnson agree to accept service of the new action and expressly waive any and all defenses of lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to join a necessary party, and expressly waive any and all appeal rights in connection with the filing of the Agreement for Judgment and the entry of judgment against NEA and Dr. Johnson and in favor of HCI as set forth in this paragraph. In addition, NEA and Dr. Johnson agree to pay all fees, including, but not limited to, reasonable attorneys' fees, and costs incurred by HCI in connection with HCI's filing of the new action and execution and collection on the Agreement for Judgment. NEA and Dr. Johnson also expressly agree that their consent to acceptance of service of a new action and Agreement for Judgment as further detailed above, will apply to and be binding upon their respective insurers, officers, directors, stockholders, attorneys, members, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns, and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated. The Agreement for Judgment will be executed by NEA and Dr. Johnson and will be returned to counsel for HCI within three (3) business days of the date of execution of this Agreement and will be held in escrow until such time as it is filed, if ever.

8.    The Parties agree to dismiss the Lawsuit with prejudice to all claims, and with all rights of appeal waived. Each party will bear its own costs and attorneys' fees incurred in connection with the commencement, prosecution, and defense of the above-referenced Lawsuit. The Stipulation of Dismissal With Prejudice that the Parties have signed and that will be filed by HCI is attached hereto as Exhibit D.

9.    The Parties agree and acknowledge that, except as provided to the contrary herein, they take the actions specified in this Agreement, and make or accept payment of the sums specified in this Agreement, as a full and complete compromise of all matters involving disputed issues between HCI, NEA, and Dr. Johnson and that neither payment of any sum by any party,

- 3 -

performance of any act as specified herein, nor the negotiations for this settlement (including all statements, admissions or communications) by HCI, NEA or Dr. Johnson or their attorneys or representatives shall be considered admissions by any of said Parties, and that no past or present wrongdoing or liability on the part of any party shall be implied by such payment, actions, or negotiations.

10.     The Parties warrant and represent that:

a)     the Parties rely wholly on their own judgment as to the extent of the damages they have sustained, or will sustain in the future, and the Parties have not been influenced by any statement made by or on behalf of any of the other Parties to this Agreement;

b)     to the extent that the damages, if any, sustained by the Parties, or any of them, are unknown, the Parties understand, agree and warrant that the release contained in this Agreement extends to all unknown or unanticipated damages related to the claims asserted in the Lawsuit as well as those which are now known or disclosed;

c)     the Parties have been fully informed and have full knowledge of the terms, conditions, and effects of this Agreement, and have read this Agreement and are executing it under advice of counsel;

d)     the Parties have fully investigated, to each party's full satisfaction, all of the facts surrounding the various claims, controversies, and disputes and are fully satisfied with the terms and effects of this Agreement;

e)     the Parties have executed and agreed to this Agreement and made or accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact and fully assume the risk that the facts or law may be other than they believe; and

f)     no relative, or any other person or entity, has or has had any interest in the claims, demands, obligations, or causes of action in the Lawsuit or referred to in this Agreement; that they have the sole right and exclusive authority to execute this Agreement, perform their respective obligations hereunder, and pay or receive the sums specified in it; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of actions referred to in the above-referenced Lawsuit or this Agreement.

11.     NEA and Dr. Johnson further warrant and represent that by signing this Agreement and all attendant documents and by entering into the obligations set forth herein and in all attendant documents, the Parties are not putting themselves individually or collectively, into default or breach of any other documents, agreements, or obligations.

12.     The provisions of this Agreement shall be governed by, and construed and enforced in accordance with, the substantive laws of the Commonwealth of Massachusetts without regard to its conflict of law principles.

- 4 -

13.    This Agreement may be executed in any number of counterparts, which shall together constitute but one and the same instrument. To make proof of this Agreement it shall only be necessary to produce any one such counterpart.

14.    This Agreement contains the entire agreement between the Parties with regard to the matters set forth herein, and may not be changed orally.

*IN WITNESS WHEREOF,* Health Coalition, Inc., New England Allergy Asthma Immunology & Primary Care, P.C. and Dr. Thomas F. Johnson have executed this Settlement Agreement and Mutual Release on the date first written above.

HEALTH COALITION, INC.                                  APPROVED AS TO FORM:

_____                    _____

By: Walter Shikany                                    Jeffrey S. King (BBO# 559000)
Its:   President                                          Brian M. Forbes (BBO# 644787)
                                                          Attorneys for Health Coalition, Inc.
                                                          KIRKPATRICK & LOCKHART
                                                          NICHOLSON GRAHAM LLP
                                                          State Street Financial Center
                                                          One Lincoln Street
                                                          Boston, MA  02111
                                                          (617) 261-3100


NEW ENGLAND ALLERGY
ASTHMA IMMUNOLOGY &
PRIMARY CARE, P.C.                                      APPROVED AS TO FORM:

_____                    _____

By:    Dr. Thomas F. Johnson                          Peter J. Haley (BBO# 543858)
Its:    Director and President                          Attorney for New England Allergy Asthma
                                                          Immunology & Primary Care, P.C.
                                                          GORDON HALEY LLP
                                                          101 Federal Street
                                                          Boston, MA 02110
                                                          (617) 261-0100

- 5 -

DR. THOMAS F. JOHNSON

APPROVED AS TO FORM:

_____
Dr. Thomas F. Johnson

_____
William H. DiAdamo (BBO #558883)
Attorney for Dr. Thomas F. Johnson
WILLIAM H. DIADAMO LAW OFFICE
40 Appleton Way
Lawrence, MA 01840
(978) 685-4271

- 6 -

# EXHIBIT C

**Forbes, Brian M. (Boston)**

| | |
|---|---|
| **From:** | Forbes, Brian M. (Boston) |
| **Sent:** | Monday, August 28, 2006 5:44 PM |
| **To:** | 'Peter Haley'; william@diadamo.com; 'Art McCabe' |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | HCI v. NEA/Dr. Johnson |
| **Attachments:** | BOS-#974192-v6-HCI_NEA_Settlement_Agreement_and_Mutual_Release.DOC; BOS-# 974194-v5-NEA_Promisory_Note.DOC; BOS-#974193-v2-Dr__Johnson_Guaranty.DOC; BOS-#974195-v2-Agreement_for_Judgment.DOC; BOS-#974196-v1- HCI_Stipulation_of_Dismissal_w_prejudice.DOC; BOS-#987341-v2- NEA_Life_Insurance_Pledge.DOC; BOS-#987342-v3-NEA_Security_Agreement.DOC; BOS-# 994952-v2-Account_Control_Agreement.DOC |

Peter,

As you requested, I am attaching copies of the most recent versions of the following settlement documents:

1.   Settlement Agreement and Mutual Release
2.   Promissory Note
3.   Guaranty
4.   Agreement for Judgment
5.   Stipulation of Dismissal
6.   Pledge Agreement
7.   Security Agreement
8.   Account Control Agreement

The defendants have agreed to the terms and form of the attached documents. As I have mentioned in a number of emails and telephone messages/calls over the past several weeks, we still need some information and documents that are called for by the settlement agreement. Specifically, we need information/documents regarding the life insurance policy (or policies). Dr. Johnson has not yet provided us with a copy of the policy (or policies). We also need to see that HCI is listed as the primary beneficiary. Moreover, we need an assignment form from the insurance company that would effectuate assignment of the policy to HCI. Because the Settlement Agreement requires that the life insurance policy (or policies) must remain in place with all premiums paid current until the Promissory Note and Premium Payment (if appropriate) are paid in full, and that HCI will be provided with notice of non-payment of any premium owed and notice of any intent to terminate, we need to see documents evidencing this notice requirement. Defendants have had months to obtain this information/documentation and have provided nothing.

As for the account control agreement, we need to see evidence that the bank has signed off on it and has listed all of the NEA's accounts.

As I mentioned on the phone on Friday, August 25th if we do not have the required information by the close of business on Wednesday, August 30th we will move to enforce the Settlement Agreement and will seek costs for having to do so.

We look forward to your prompt response.

      

BOS-#974192-v6-H BOS-#974194-v5-N BOS-#974193-v2-D BOS-#974195-v2-A BOS-#974196-v1-H BOS-#987341-v2-N BOS-#987342-v3-N
CI_NEA_Settlem... EA_Promisory_N... r__Johnson_Gua... greement_for_J... CI_Stipulation... EA_Life_Insura... EA_Security_Ag...



BOS-#994952-v2-A
ccount_Control...

1

# EXHIBIT D

## Forbes, Brian M. (Boston)

| | |
|---|---|
| **From:** | Gorman, Stacey |
| **Sent:** | Wednesday, November 29, 2006 5:14 PM |
| **To:** | 'haley@gordonhaley.com' |
| **Cc:** | Forbes, Brian M. (Boston); King, Jeffrey S. |
| **Subject:** | HCI v. New England Allergy |

Peter,

Following up on my message from earlier this evening, I write on behalf of Brian Forbes to discuss the execution of the settlement papers in the HCI v. NEA matter. As the Stipulation of Dismissal has been executed in the Atlantic Biological matter, we hope to gather the outstanding materials and execute the settlement papers in short order. To that end, please contact me at your earliest convenience to discuss the outstanding issues. Specifically, we need a copy of the insurance policy which lists HCI as the beneficiary as well as the control letter from the bank.

I look forward to working with you to close out this matter.

Regards,

Stacey


Stacey L. Gorman
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
617-261-3242


This electronic message contains information from the law firm of Kirkpatrick & Lockhart Nicholson Graham LLP that may be privileged and confidential. The information is intended for the use of the addressee(s) only. If you are not an addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at sgorman@klng.com

# EXHIBIT E

**Forbes, Brian M. (Boston)**

| | |
|---|---|
| **From:** | Gorman, Stacey |
| **Sent:** | Thursday, December 14, 2006 4:51 PM |
| **To:** | King, Jeffrey S.; Forbes, Brian M. (Boston) |
| **Subject:** | FW: HCI v. NEA |

**From:** Peter Haley [mailto:haley@gordonhaley.com]
**Sent:** Thursday, December 14, 2006 3:11 PM
**To:** Gorman, Stacey
**Subject:** RE: HCI v. NEA

Bank is considering our proposal on an unrelated issue, I expect both to be resolved as the Bank has put an end of week deadline in place.

Dr. Johnson has instructed his insurance broker to provide all necessary information and I am chasing him around to that end.  I am focused, albeit not as quick as I might like, on completing these issues.

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-261-0789 (facsimile)
haley@gordonhaley.com

> -----Original Message-----
> **From:** Gorman, Stacey [mailto:sgorman@klng.com]
> **Sent:** Thursday, December 14, 2006 2:46 PM
> **To:** Peter Haley
> **Cc:** Forbes, Brian M. (Boston); King, Jeffrey S.
> **Subject:** RE: HCI v. NEA
>
> Peter,
>
> Please provide me with a status update regarding the control agreement.  Additionally, has Dr. Johnson forwarded the insurance information to you?
>
> Thanks.
>
> Stacey
>
> **From:** Gorman, Stacey
> **Sent:** Tuesday, December 12, 2006 5:00 PM
> **To:** 'Peter Haley'
> **Cc:** Forbes, Brian M. (Boston); King, Jeffrey S.

12/28/2006

HCI v. NEA

**Subject:** RE: HCI v. NEA

Peter,

In following up, did you receive a final answer on the control agreement today?

Stacey

---

**From:** Peter Haley [mailto:haley@gordonhaley.com]
**Sent:** Monday, December 11, 2006 4:13 PM
**To:** Gorman, Stacey
**Subject:** RE: HCI v. NEA

Stacey

Attached is the stipulation you requested as executed by both parties.  I believe I will have a final answer on the account control agreement tomorrow and will keep you advised.  Dr. Johnson advises that he is forwarding the insurance information.

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-261-0789 (facsimile)
haley@gordonhaley.com

-----Original Message-----
**From:** Gorman, Stacey [mailto:sgorman@klng.com]
**Sent:** Monday, December 11, 2006 3:59 PM
**To:** haley@gordonhaley.com
**Cc:** King, Jeffrey S.; Forbes, Brian M. (Boston)
**Subject:** HCI v. NEA


Peter,

I'm just checking in on the status of the insurance policy and control agreement.  I need to provide a status update by COB today so any information would be helpful.


Thanks.

Stacey


12/28/2006

# EXHIBIT F



**Kirkpatrick & Lockhart Nicholson Graham LLP**

State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
617.261.3100
Fax 617.261.3175
www.klng.com

Brian M. Forbes

617.261.3152
Fax: 617.261.3175
bforbes@klng.com

December 19, 2006

**Via Facsimile & Hand Delivery**

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, MA  02110

> **Health Coalition, Inc. v. New England Allergy Asthma &
> Immunology & Primary Care, P.C. and Thomas F. Johnson
> <u>Civil Action No. 05-cv-11816 MEL</u>**

Dear Peter:

I write with respect to the settlement reached by and between Health Coalition, Inc. ("HCI"), New England Allergy Asthma & Immunology & Primary Care, P.C. ("New England Allergy") and Thomas F. Johnson, MD ("Dr. Johnson").

As you are well aware, the parties reached agreement on the settlement in the above-reference matter in June 2006.  Thereafter, the parties worked to prepare the settlement documents and to obtain the documentation required under the settlement, including an account control agreement and a life insurance policy (or polices) covering the life of Dr. Johnson and naming Health Coalition, Inc. as the first beneficiary.

In August 2006, you informed us for the first time that New England Allergy and Dr. Johnson could not execute the settlement documents due to the issuance of a restraining order in another case against your clients, styled <u>Atlantic Biologicals Corporation v. New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas F. Johnson, M.D.</u>, Essex Superior Court Civil Action No. 06-640D ("Atlantic Biological").

On November 28, 2006, you informed us that the Atlantic Biological matter had settled and provided us with a stipulation of dismissal signed by Atlantic Biological.  At that time, New England Allergy and Dr. Johnson were no longer restrained from completing and executing the settlement documents with HCI.  Despite repeated requests, New England Allergy and Dr. Johnson have not provided HCI the documentation required under the settlement agreement, including copies of the life insurance policy (or policies) and all riders, with a face value of

BOS-1037506 v1 0435260-0903

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Peter J. Haley, Esq.
December 19, 2006
Page 2

$1,274,000.00, an appropriate assignment of the policy (or policies) to HCI, beneficiary designations naming HCI as the first beneficiary in line for payment, notices of premium payment, and waivers from other beneficiaries and heirs. The Pledge Agreement and the "Inforce" Statement dated September 7, 2006 for the policy owned by Carleen Johnson that you forwarded to Stacey Gorman on December 19, 2006 do not satisfy defendants' requirements under the settlement agreement. Further, despite your repeated assurances to the contrary, you have failed to inform us whether NEA's bank will agree to execute the control agreement.

New England Allergy and Dr. Johnson's continued delay is in disregard for their obligations under the settlement agreement with NEA. New England Allergy and Dr. Johnson have known about their obligations and the documentary requirement since June. Yet, it appears that defendants have not taken the necessary steps to complete this transaction. In fact, despite reaching agreement on the material terms of this settlement over six months ago, HCI has yet to obtain any benefit from the settlement.

Given the protracted delay, HCI hereby demands that a copy of an executed account control agreement and finalized life insurance policy and other required documentation be transmitted to our office by close of business on December 20, 2006. If New England Allergy and Dr. Johnson fail to provide these materials, HCI will have no choice but to file with the court a Renewed Motion to Enforce the Settlement Agreement and seek sanctions and attorneys fees for the repeated delays.

Please feel free to contact me if you have any questions.

Sincerely,

Brian M. Forbes

cc:    William H. DiAdamo, Esq. (via facsimile)
       Jeffrey S. King, Esq.

# EXHIBIT G

## Forbes, Brian M. (Boston)

| | |
|---|---|
| **From:** | Forbes, Brian M. (Boston) |
| **Sent:** | Thursday, December 21, 2006 5:23 PM |
| **To:** | 'Peter Haley' |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | RE: NEA |

Peter,

With respect to the life insurance, we have informed you several times about the information/documents that we still need.  To begin, the defendants drafted the Pledge Agreement, not us.  Regardless, the deficiency is not with the pledge.  The deficiency is with the absence of documents still needed to effect the life insurance security.  We still need to see the following:

1)    A copy of the policy (or policies) with all riders;

2)    Documents evidencing that HCI is listed as the owner and the primary beneficiary. The "Inforce Statement" that you recently sent us is for a life policy owned by Carleen Johnson, not Dr. Johnson.  To that end, there must be documentation effecting an assignment of the policy to HCI;

3)    Because the Settlement Agreement requires that the life insurance policy (or policies) must remain in place with all premiums paid current until the Promissory Note and Premium Payment (if appropriate) are paid in full, we need documents confirming that HCI will be provided with notice of non-payment of any premium owed and notice of any intent to terminate; and

4)    Waivers from other beneficiaries.

We have requested this information/documents for months, both in telephone calls and in writing.  This information/documents should not be difficult to obtain.  Again, to facilitate the process, we can contact the insurance agent directly if you provide us with his/her contact information.

With respect to the control agreement, we request a letter from the bank stating that they will not execute a control agreement with any of its borrowers, including NEA and any of its creditors.  At that same time, we would like to talk to the bank to get a better understanding of concerns that they may have with the control agreement and see if there are some changes to the agreement that would make it acceptable.  To that end, we request that you provide contact information for the appropriate person at the bank.

Given the protracted delay, we demand that you provide the above referenced information/documents by the close of business on December 27th, so that HCI can proceed accordingly.  We look forward to hearing from you.

Regards,

Brian

-----Original Message-----
From: Peter Haley [mailto:haley@gordonhaley.com]
Sent: Thursday, December 21, 2006 11:32 AM
To: Forbes, Brian M. (Boston)
Subject: RE: NEA

Brian

Pursuant to your request, I have asked TD Banknorth for their final position on this matter, they have stated that they will not execute any control agreements with HCI and have informed me that this is not an issue with HCI or Dr. Johnson but they will not execute such an agreement with any of their borrowers.

1

You have not stated what the deficiency is with the life insurance provided.
The form of pledge agreement was drafted by you, so I assume that is not the problem.  The
policy has a death benefit of $1,978,789.04.  Please provide me with notice of any
deficiencies so I can amend or correct them to your satisfaction.

Thanks

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-261-0789 (facsimile)
haley@gordonhaley.com


-----Original Message-----
From: Forbes, Brian M. (Boston) [mailto:bforbes@klng.com]
Sent: Wednesday, December 20, 2006 1:39 PM
To: Peter Haley
Subject: RE: NEA

December 19, 2006

Via Facsimile & Hand Delivery

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, MA  02110

        Health Coalition, Inc. v. New England Allergy Asthma &
Immunology & Primary Care,    P.C. and Thomas F. Johnson
        Civil Action No. 05-cv-11816 MEL

Dear Peter:

I write with respect to the settlement reached by and between Health Coalition, Inc.
("HCI"), New England Allergy Asthma & Immunology & Primary Care, P.C. ("New England
Allergy") and Thomas F. Johnson, MD ("Dr. Johnson").

As you are well aware, the parties reached agreement on the settlement in the above-
reference matter in June 2006.  Thereafter, the parties worked to prepare the settlement
documents and to obtain the documentation required under the settlement, including an
account control agreement and a life insurance policy (or polices) covering the life of
Dr. Johnson and naming Health Coalition, Inc. as the first beneficiary.

In August 2006, you informed us for the first time that New England Allergy and Dr.
Johnson could not execute the settlement documents due to the issuance of a restraining
order in another case against your clients, styled Atlantic Biologicals Corporation v. New
England Allergy Asthma Immunology & Primary Care, P.C. and Thomas F. Johnson, M.D., Essex
Superior Court Civil Action No. 06-640D ("Atlantic Biological").

On November 28, 2006, you informed us that the Atlantic Biological matter had settled and
provided us with a stipulation of dismissal signed by Atlantic Biological.  At that time,
New England Allergy and Dr. Johnson were no longer restrained from completing and
executing the settlement documents with HCI.  Despite repeated requests, New England
Allergy and Dr. Johnson have not provided HCI the documentation required under the
settlement agreement, including copies of the life insurance policy (or policies) and all
riders, with a face value of $1,274,000.00, an appropriate assignment of the policy (or
policies) to HCI, beneficiary designations naming HCI as the first beneficiary in line for
payment, notices of premium payment, and waivers from other beneficiaries and heirs.  The
Pledge Agreement and the "Inforce"

2

# EXHIBIT H

**Forbes, Brian M. (Boston)**

| | |
|---|---|
| **From:** | Peter Haley [haley@gordonhaley.com] |
| **Sent:** | Friday, December 22, 2006 8:28 AM |
| **To:** | Forbes, Brian M. (Boston) |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | RE: NEA |

Brian

I have copied you on my email to Dana Wedge at TD Banknorth relaying your request.  I am informed that the responsible agent at Metropolitan Life Policy is Chris Psaledas with New England Financial phone number 603-668-8380.

I will call him with the additional insurance requests.  NEA is prepared to wire the 250k and begin payments.  I suggest that we move forward on that.  Please send me wire instructions for the initial payment.

Thanks

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-261-0789 (facsimile)
haley@gordonhaley.com


-----Original Message-----
From: Forbes, Brian M. (Boston) [mailto:bforbes@klng.com]
Sent: Thursday, December 21, 2006 5:23 PM
To: Peter Haley
Cc: King, Jeffrey S.
Subject: RE: NEA

Peter,

With respect to the life insurance, we have informed you several times about the  information/documents that we still need.  To begin, the defendants drafted the Pledge Agreement, not us.  Regardless, the deficiency is not with the pledge.  The deficiency is with the absence of documents still needed to effect the life insurance security.  We still need to see the following:

1)    A copy of the policy (or policies) with all riders;

2)    Documents evidencing that HCI is listed as the owner and the primary beneficiary.  The "Inforce Statement" that you recently sent us is for a life policy owned by Carleen Johnson, not Dr. Johnson.  To that end, there must be documentation effecting an assignment of the policy to HCI;

3)    Because the Settlement Agreement requires that the life insurance policy (or policies) must remain in place with all premiums paid current until the Promissory Note and Premium Payment (if appropriate) are paid in full, we need documents confirming that HCI will be provided with notice of non-payment of any premium owed and notice of any intent to terminate; and

4)    Waivers from other beneficiaries.

We have requested this information/documents for months, both in telephone calls and in

1

writing.  This information/documents should not be difficult to obtain.  Again, to facilitate the process, we can contact the insurance agent directly if you provide us with his/her contact information.

With respect to the control agreement, we request a letter from the bank stating that they will not execute a control agreement with any of its borrowers, including NEA and any of its creditors.  At that same time, we would like to talk to the bank to get a better understanding of concerns that they may have with the control agreement and see if there are some changes to the agreement that would make it acceptable.  To that end, we request that you provide contact information for the appropriate person at the bank.

Given the protracted delay, we demand that you provide the above referenced information/documents by the close of business on December 27th, so that HCI can proceed accordingly.  We look forward to hearing from you.

Regards,

Brian

-----Original Message-----
From: Peter Haley [mailto:haley@gordonhaley.com]
Sent: Thursday, December 21, 2006 11:32 AM
To: Forbes, Brian M. (Boston)
Subject: RE: NEA

Brian

Pursuant to your request, I have asked TD Banknorth for their final position on this matter, they have stated that they will not execute any control agreements with HCI and have informed me that this is not an issue with HCI or Dr. Johnson but they will not execute such an agreement with any of their borrowers.

You have not stated what the deficiency is with the life insurance provided.  The form of pledge agreement was drafted by you, so I assume that is not the problem.  The policy has a death benefit of $1,978,789.04.  Please provide me with notice of any deficiencies so I can amend or correct them to your satisfaction.

Thanks

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-261-0789 (facsimile)
haley@gordonhaley.com


-----Original Message-----
From: Forbes, Brian M. (Boston) [mailto:bforbes@klng.com]
Sent: Wednesday, December 20, 2006 1:39 PM
To: Peter Haley
Subject: RE: NEA

December 19, 2006

Via Facsimile & Hand Delivery

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, MA  02110

          Health Coalition, Inc. v. New England Allergy Asthma &
Immunology & Primary Care,      P.C. and Thomas F. Johnson
     Civil Action No. 05-cv-11816 MEL

Dear Peter:

I write with respect to the settlement reached by and between Health Coalition, Inc.
("HCI"), New England Allergy Asthma & Immunology & Primary Care, P.C. ("New England
Allergy") and Thomas F. Johnson, MD ("Dr. Johnson").

As you are well aware, the parties reached agreement on the settlement in the above-
reference matter in June 2006.  Thereafter, the parties worked to prepare the settlement
documents and to obtain the documentation required under the settlement, including an
account control agreement and a life insurance policy (or polices) covering the life of
Dr. Johnson and naming Health Coalition, Inc. as the first beneficiary.

In August 2006, you informed us for the first time that New England Allergy and Dr.
Johnson could not execute the settlement documents due to the issuance of a restraining
order in another case against your clients, styled Atlantic Biologicals Corporation v. New
England Allergy Asthma Immunology & Primary Care, P.C. and Thomas F. Johnson, M.D., Essex
Superior Court Civil Action No. 06-640D ("Atlantic Biological").

On November 28, 2006, you informed us that the Atlantic Biological matter had settled and
provided us with a stipulation of dismissal signed by Atlantic Biological.  At that time,
New England Allergy and Dr. Johnson were no longer restrained from completing and
executing the settlement documents with HCI.  Despite repeated requests, New England
Allergy and Dr. Johnson have not provided HCI the documentation required under the
settlement agreement, including copies of the life insurance policy (or policies) and all
riders, with a face value of $1,274,000.00, an appropriate assignment of the policy (or
policies) to HCI, beneficiary designations naming HCI as the first beneficiary in line for
payment, notices of premium payment, and waivers from other beneficiaries and heirs.  The
Pledge Agreement and the "Inforce"
Statement dated September 7, 2006 for the policy owned by Carleen Johnson that you
forwarded to Stacey Gorman on December 19, 2006 do not satisfy defendants' requirements
under the settlement agreement.
Further, despite your repeated assurances to the contrary, you have failed to inform us
whether NEA's bank will agree to execute the control agreement.

New England Allergy and Dr. Johnson's continued delay is in disregard for their
obligations under the settlement agreement with NEA.  New England Allergy and Dr. Johnson
have known about their obligations and the documentary requirement since June.  Yet, it
appears that defendants have not taken the necessary steps to complete this transaction.
In fact, despite reaching agreement on the material terms of this settlement over six
months ago, HCI has yet to obtain any benefit from the settlement.

Given the protracted delay, HCI hereby demands that a copy of an executed account control
agreement and finalized life insurance policy and other required documentation be
transmitted to our office by close of business on December 20, 2006.  If New England
Allergy and Dr.
Johnson fail to provide these materials, HCI will have no choice but to file with the
court a Renewed Motion to Enforce the Settlement Agreement and seek sanctions and
attorneys fees for the repeated delays.

Please feel free to contact me if you have any questions.

Sincerely,

Brian M. Forbes


cc:   William H. DiAdamo, Esq. (via facsimile)
Jeffrey S. King, Esq.

-----Original Message-----
From: Peter Haley [mailto:Haley@gordonhaley.com]
Sent: Wednesday, December 20, 2006 12:04 PM
To: Forbes, Brian M. (Boston)

                                      3

Subject: NEA

Brian

I am in NY until tomorrow.  I am advised that you have sent a ltr dated yesterday with a deadline of today.  I will be unable to review or respond until tomorrow. If you could paste the text in an email msg that wld facilitate my response. Thanks.

PJH

Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617 261 0100
haley@gordonhaley.com

# EXHIBIT I

**Gorman, Stacey**

| | |
|---|---|
| **From:** | Forbes, Brian M. (Boston) |
| **Sent:** | Friday, December 22, 2006 12:38 PM |
| **To:** | 'Peter Haley' |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | RE: NEA |

Peter,

I spoke with Chris Psaledas at New England Financial regarding the life insurance. The broker was cordial, but he indicated that they could not provide HCI with any information in my email below without written authorization from the Johnsons. Mr. Psaledas also indicated that the matter will be handled by his supervisor, Dana Phillips at 603.668.8380 x1116. Mr. Psaledas also indicated that it should not take long to provide what is necessary.

Again, it is defendants' obligation to resolve these issues and obtain the required information/documents necessary under the settlement agreement from the insurance agent. Defendants have had over 6 months to obtain the necessary documents/information/authorizations. These issues are yours issues to work out and must be done by Wednesday of next week.

Brian

-----Original Message-----
From: Peter Haley [mailto:haley@gordonhaley.com]
Sent: Friday, December 22, 2006 8:28 AM
To: Forbes, Brian M. (Boston)
Cc: King, Jeffrey S.
Subject: RE: NEA

Brian

I have copied you on my email to Dana Wedge at TD Banknorth relaying your request. I am informed that the responsible agent at Metropolitan Life Policy is Chris Psaledas with New England Financial phone number 603-668-8380.

I will call him with the additional insurance requests. NEA is prepared to wire the 250k and begin payments. I suggest that we move forward on that.
Please send me wire instructions for the initial payment.

Thanks

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-261-0789 (facsimile)
haley@gordonhaley.com

-----Original Message-----
From: Forbes, Brian M. (Boston) [mailto:bforbes@klng.com]
Sent: Thursday, December 21, 2006 5:23 PM
To: Peter Haley
Cc: King, Jeffrey S.
Subject: RE: NEA

1

Peter,

With respect to the life insurance, we have informed you several times about the information/documents that we still need. To begin, the defendants drafted the Pledge Agreement, not us. Regardless, the deficiency is not with the pledge. The deficiency is with the absence of documents still needed to effect the life insurance security. We still need to see the following:

1)      A copy of the policy (or policies) with all riders;

2)      Documents evidencing that HCI is listed as the owner and the primary beneficiary. The "Inforce Statement" that you recently sent us is for a life policy owned by Carleen Johnson, not Dr. Johnson. To that end, there must be documentation effecting an assignment of the policy to HCI;

3)      Because the Settlement Agreement requires that the life insurance policy (or policies) must remain in place with all premiums paid current until the Promissory Note and Premium Payment (if appropriate) are paid in full, we need documents confirming that HCI will be provided with notice of non-payment of any premium owed and notice of any intent to terminate; and

4)      Waivers from other beneficiaries.

We have requested this information/documents for months, both in telephone calls and in writing. This information/documents should not be difficult to obtain. Again, to facilitate the process, we can contact the insurance agent directly if you provide us with his/her contact information.

With respect to the control agreement, we request a letter from the bank stating that they will not execute a control agreement with any of its borrowers, including NEA and any of its creditors. At that same time, we would like to talk to the bank to get a better understanding of concerns that they may have with the control agreement and see if there are some changes to the agreement that would make it acceptable. To that end, we request that you provide contact information for the appropriate person at the bank.

Given the protracted delay, we demand that you provide the above referenced information/documents by the close of business on December 27th, so that HCI can proceed accordingly. We look forward to hearing from you.

Regards,

Brian

-----Original Message-----
From: Peter Haley [mailto:haley@gordonhaley.com]
Sent: Thursday, December 21, 2006 11:32 AM
To: Forbes, Brian M. (Boston)
Subject: RE: NEA

Brian

Pursuant to your request, I have asked TD Banknorth for their final position on this matter, they have stated that they will not execute any control agreements with HCI and have informed me that this is not an issue with HCI or Dr. Johnson but they will not execute such an agreement with any of their borrowers.

You have not stated what the deficiency is with the life insurance provided. The form of pledge agreement was drafted by you, so I assume that is not the problem. The policy has a death benefit of $1,978,789.04. Please provide me with notice of any deficiencies so I can amend or correct them to your satisfaction.

Thanks

PJH

2

Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-261-0789 (facsimile)
haley@gordonhaley.com


-----Original Message-----
From: Forbes, Brian M. (Boston) [mailto:bforbes@klng.com]
Sent: Wednesday, December 20, 2006 1:39 PM
To: Peter Haley
Subject: RE: NEA

December 19, 2006

Via Facsimile & Hand Delivery

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, MA  02110

        Health Coalition, Inc. v. New England Allergy Asthma &
Immunology & Primary Care,    P.C. and Thomas F. Johnson
        Civil Action No. 05-cv-11816 MEL

Dear Peter:

I write with respect to the settlement reached by and between Health Coalition, Inc.
("HCI"), New England Allergy Asthma & Immunology & Primary Care, P.C. ("New England
Allergy") and Thomas F. Johnson, MD ("Dr. Johnson").

As you are well aware, the parties reached agreement on the settlement in the above-
reference matter in June 2006.  Thereafter, the parties worked to prepare the settlement
documents and to obtain the documentation required under the settlement, including an
account control agreement and a life insurance policy (or polices) covering the life of
Dr. Johnson and naming Health Coalition, Inc. as the first beneficiary.

In August 2006, you informed us for the first time that New England Allergy and Dr.
Johnson could not execute the settlement documents due to the issuance of a restraining
order in another case against your clients, styled Atlantic Biologicals Corporation v. New
England Allergy Asthma Immunology & Primary Care, P.C. and Thomas F. Johnson, M.D., Essex
Superior Court Civil Action No. 06-640D ("Atlantic Biological").

On November 28, 2006, you informed us that the Atlantic Biological matter had settled and
provided us with a stipulation of dismissal signed by Atlantic Biological.  At that time,
New England Allergy and Dr. Johnson were no longer restrained from completing and
executing the settlement documents with HCI.  Despite repeated requests, New England
Allergy and Dr. Johnson have not provided HCI the documentation required under the
settlement agreement, including copies of the life insurance policy (or policies) and all
riders, with a face value of $1,274,000.00, an appropriate assignment of the policy (or
policies) to HCI, beneficiary designations naming HCI as the first beneficiary in line for
payment, notices of premium payment, and waivers from other beneficiaries and heirs.  The
Pledge Agreement and the "Inforce"
Statement dated September 7, 2006 for the policy owned by Carleen Johnson that you
forwarded to Stacey Gorman on December 19, 2006 do not satisfy defendants' requirements
under the settlement agreement.
Further, despite your repeated assurances to the contrary, you have failed to inform us
whether NEA's bank will agree to execute the control agreement.

New England Allergy and Dr. Johnson's continued delay is in disregard for their
obligations under the settlement agreement with NEA.  New England Allergy and Dr. Johnson
have known about their obligations and the documentary requirement since June.  Yet, it
appears that defendants have not taken the necessary steps to complete this transaction.
In fact, despite reaching agreement on the material terms of this settlement over six

3

months ago, HCI has yet to obtain any benefit from the settlement.

Given the protracted delay, HCI hereby demands that a copy of an executed account control agreement and finalized life insurance policy and other required documentation be transmitted to our office by close of business on December 20, 2006.  If New England Allergy and Dr.
Johnson fail to provide these materials, HCI will have no choice but to file with the court a Renewed Motion to Enforce the Settlement Agreement and seek sanctions and attorneys fees for the repeated delays.

Please feel free to contact me if you have any questions.

Sincerely,

Brian M. Forbes


cc:   William H. DiAdamo, Esq. (via facsimile)
Jeffrey S. King, Esq.

-----Original Message-----
From: Peter Haley [mailto:Haley@gordonhaley.com]
Sent: Wednesday, December 20, 2006 12:04 PM
To: Forbes, Brian M. (Boston)
Subject: NEA

Brian

I am in NY until tomorrow.  I am advised that you have sent a ltr dated yesterday with a deadline of today.  I will be unable to review or respond until tomorrow. If you could paste the text in an email msg that wld facilitate my response. Thanks.

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617 261 0100
haley@gordonhaley.com

4

**EXHIBIT J**

**Gorman, Stacey**

| | |
|---|---|
| **From:** | Gorman, Stacey |
| **Sent:** | Wednesday, January 03, 2007 7:21 PM |
| **To:** | 'Peter Haley' |
| **Cc:** | King, Jeffrey S.; Forbes, Brian M. (Boston) |
| **Subject:** | HCI v. NEA |

Peter,

I write to confirm our discussion from earlier today regarding the Rule 7.1 conference for HCI's Renewed Motion to Enforce the Settlement Agreement and our efforts to narrow the scope of the issues.

1) As a result of our discussions, you provided us with a copy of the letter that Carlene Johnson's intended to deliver to New England Financial, stating that she sought to pledge the policy for the benefit of HCI and requested that New England Financial provide her with copies of the policy and all riders, documents evidencing that HCI is listed as the owner and primary beneficiary, and documents confirming that HCI will be provided with notice of nonpayment of any premium owned and notice of any intent to terminate. We requested that the letter include a statement whereby Mrs. Johnson would grant New England Financial permission to provide HCI's counsel with information and/or documents regarding this pledge and policy. You agreed to include such language. Please provide us with a copy of the executed letter containing the language discussed.

2) You represented that the letter from Carlene Johnson to New England Financial would be delivered today. We requested that you provide proof of delivery of this letter. Please provide us with proof delivery of the executed letter from Mrs. Johnson to New England Financial.

3) We informed you that this matter needed to be buttoned up by noon on Friday, January 5, 2007 or we would need to file our Renewed Motion. "Buttoned up" includes production of all necessary insurance documents to effect the pledge, as well as original signatures in hand on the Settlement Agreement and all other documents related to the Settlement Agreement, including without limitation, the Pledge Agreement, the Promissory Note, the Personal Guaranty, the Agreement for Judgment, the Stipulation of Dismissal, the Security Agreement and the Account Control Agreement. If NEA and Dr. Johnson are unable to provide all necessary information and/or document by 12 p.m. on Friday, January 5, 2007, our client has instruct us to file the Motion.

4) Please note that we are in receipt of your email concerning communications with TD BankNorth related to the Account Control Agreement as we requested. We will be in touch regarding this issue in the near future.

If you have any questions, please feel free to contact me.


Regards,

Stacey L. Gorman
K&L Gates
State Street Financial Center
One Lincoln Street
Boston, MA 02111
617-261-3242

1