UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HEALTH COALITION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-cv-11816-MEL |
| NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C. and THOMAS F. JOHNSON, | ) ) ) ) | |
| Defendants. | ) ) | |

OBJECTION OF NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY
& PRIMARY CARE, P.C. AND THOMAS F. JOHNSON ("DEFENDANTS")
TO MOTION OF HEALTH COALITION, INC. FOR CIVIL CONTEMPT

The Defendants New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas F. Johnson ("Defendants") object to the Motion of Health Coalition, Inc. ("HCI") for Civil Contempt. In support of their opposition, the Defendants state the following:

1. HCI and the Defendants have entered into a written settlement agreement ("Settlement Agreement"). The Defendants have fully and completely executed each and every document submitted to them by HCI as required under the terms of the Settlement Agreement.

2. The Defendants have performed all financial obligations under the terms of the Settlement Agreement and continue to perform those obligations on a monthly basis. The Settlement Agreement requires payments totaling $864,000. Even prior to the final execution of the Settlement Agreement, the Defendants wired the amount of $250,000 as the initial payment required and continue to make the monthly payments in the amount of $13,000 per month.

3. The Defendants, as of the date of the Settlement Agreement, were not in possession of a copy of the life insurance policy and the policy documents requested by HCI. The Defendants and their counsel multiple times requested those documents from the issuer Metropolitan, including in the correspondence attached to the Declaration of Brian Forbes as Exhibit W.

4. On March 12, 2007, counsel received, for the first time, a copy of the variable life policy which was finally provided by the issuer to Thomas Johnson. That policy was immediately delivered to counsel by hand on that date.

5. As set forth in Paragraph 17 of the Declaration of Brian Forbes, and as evidenced by Exhibit P to that Declaration, the life insurance policy has been duly assigned by its owner Carleen Johnson as Trustee to HCI. HCI's complaint is not that it does not have an assignment of the policy, but that the terms of the assignment are not acceptable to HCI.

6. As set forth in the subsequent Exhibits to the Declaration of Brian Forbes, counsel to HCI complained about the terms of the assignment and counsel for the Defendants agreed to send a further letter to Metropolitan requesting amendments to the terms of the assignment, all as specifically delineated by counsel to HCI. That letter, attached as Exhibit W to the Declaration of Brian Forbes, was duly sent to Metropolitan. For the reasons made evident in Exhibits X through Z, Metropolitan, not a party to this action, and not a party under the control of the Defendants, has declined to make the changes demanded by HCI.

7. HCI's request for the entry of an order of contempt is wholly unrelated to the actions of the Defendants and related solely to their unhappiness with the position of a third party, Metropolitan. The Defendants have been, and remain, willing to do everything necessary to complete the assignment in a form amenable to HCI. HCI, however, has everything that it

bargained for under the terms of the Settlement Agreement, including <u>the assignment of the life insurance policy</u>; they simply wish to word smith the terms of the assignment in a manner preferable to their counsel. HCI's complaints relate to the inability of the Defendants to reasonably predict the future actions of Metropolitan and, as evidenced by Exhibits A through Z, are wholly unrelated to any efforts of the Defendants to timely and continually make attempts to address these issues. HCI's request for contempt has no basis in law or in fact and in itself constitutes a willful disregard of the obligation of all parties to use the Court and the process afforded by the Court for the purpose of fairly adjudicating real and actual disputes between the parties.

8. Sanctions in a civil contempt proceeding are intended to be used to force the parties into compliance with the court's order. See <u>Power Recovery Systems, Inc. v. Dodge Chemical Company</u>, 950 F.2d 798 (1st Cir. 1991). In the instant case, the Defendants have done everything they could reasonably be expected to do to comply with the terms of the Court's order. The failures complained of by the Plaintiff are almost wholly imagined and, in any event, not curable by the Defendants.

9. The Plaintiff's proposed solution, that the Defendants transfer ownership of a life insurance policy with cash value, goes far beyond the intent of the Settlement Agreement or the appropriate role of the Court in the adjudication of issues before the Court.

<u>Request for Oral Argument</u>

10. The Defendants request the opportunity to present oral argument, which they believe will assist the Court in the adjudication of this matter.

Wherefore, the Defendants pray that the Court deny the Motion for Civil Contempt and grant such other and further relief as is just.

NEW ENGLAND ALLERGY ASTHMA
IMMUNOLOGY & PRIMARY CARE, P.C
and THOMAS F. JOHNSON

By their attorneys,

/s/ Peter J. Haley
Peter J. Haley (BBO No. 543858)
Leslie F. Su (BBO No. 641833)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 261-0100
(617) 261-0789 – Facsimile

Dated: March 21, 2007

## CERTIFICATE OF SERVICE

I, Peter J. Haley, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 21, 2007.

/s/ Peter J. Haley
Peter J. Haley (BBO No. 543858)

P:\Clients\NE Allergy Asthma\Health\Plead\Opp to Mot for civil contempt.doc