UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>Individually )<br>)<br>    Defendants. )<br>) | Civil Action No. 05-cv-11816 MEL |

## [DEFENDANTS' PROPOSED] ORDER

In accordance with the Settlement Agreement by and between the Plaintiff Health Coalition, Inc. ("HCI") and Defendants New England Allergy Asthma Immunology & Primary Care, P.C. ("NEA") and Thomas F. Johnson ("Dr. Johnson") and the Order of the Court dated January 17, 2007 entering the Settlement Agreement as an Order of the Court, and having considered all relevant submissions, it is hereby ORDERED that:

1)   Defendants shall, on or before May 24, 2007, inform the insurance carrier in writing that they wish to transfer ownership of a life insurance policy or policies covering the life of defendant Dr. Johnson to HCI and execute such other and further documents the carrier requests to effect that transfer, with HCI named as the first beneficiary in line for the payment in full on the total value of the Promissory Note and Premium Payment as further defined in the Settlement Agreement and as further limited below. Said policy or policies are to have a face value of at least $1,274,000.00 and must remain in place with all insurance premiums and any and all costs and/or fees associated with the policy paid current by defendants until the Promissory Note and Premium Payment (if appropriate) are paid in full. HCI shall have the right

to continue to make insurance premium payments on said policy or policies, which payments, if made by HCI, will be added to the entire balance owed to HCI as further detailed in the Settlement Agreement. Upon the death of Dr. Johnson, the entire balance then owed on the Promissory Note, if any, (plus the Premium Payment, if applicable) will become immediately payable to HCI out of the policy proceeds, to the extent any amounts are outstanding.

2) The cash value of the policy or policies may not be used or accessed by anyone in a way that would diminish the face value of the policy (or policies) so that at least $1,274,000.00 must remain in place with all insurance premiums and any and all costs and/or fees associated with the policy paid current by defendants until the Promissory Note and Premium Payment (if appropriate) are paid in full. However, the cash value of the policy may be accessed or used by HCI to pay any insurance premium payments not paid by defendants.

3) Upon satisfaction of the obligations on the Promissory Note (and Premium Payment if applicable), HCI shall transfer ownership of the life insurance policy or policies to the original owner of the policy, or his or her successor. Further, if HCI is paid under the life insurance policy or policies, the balance of the benefits after satisfaction of the Promissory Note (and Premium Payment if applicable), shall be paid to the original owner and/or beneficiaries of the policy.

          IT IS SO ORDERED

          Dated: _____, 2007

          _____
          Judge Morris E. Lasker
          United States District Court Judge