UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC.,              )<br>                                                           )<br>       Plaintiff,                              )<br>                                                           )<br>v.                                                        )<br>                                                           )<br>NEW ENGLAND ALLERGY ASTHMA  )<br>IMMUNOLOGY & PRIMARY CARE,   )<br>P.C. and THOMAS F. JOHNSON,         )<br>Individually                                      )<br>                                                           )<br>       Defendants.                          )<br>                                                           ) | Civil Action No. 05-cv-11816 MEL |

**MOTION OF HEALTH COALITION, INC. FOR ENTRY OF PROPOSED ORDER
REGARDING SETTLEMENT**

Pursuant to the Court's Order dated April 19, 2007 (entered on April 23, 2007), the Court requested that the parties submit on or before May 3, 2007, either a joint proposed or separate proposed orders addressing how to fulfill the terms of the Settlement Agreement in the above-referenced matter with regard to the insurance policy. Because the parties were still working on a joint proposed order, the parties requested that they be permitted to file a joint proposed order with the Court no later than May 10, 2007. See Joint Status Report (Docket No. 40). In the Joint Status Report, the parties agreed that, to extent the parties could not reach agreement on a joint proposed order, the parties would file separate proposed orders addressing how to fulfill the terms of the Settlement Agreement with regard to the insurance policy no later than May 10, 2007. Because the parties have not reached agreement as to the terms of a proposed order, HCI hereby submits its proposed order, attached hereto as Exhibit A. In further support of the entry of it proposed order, HCI states:

1.  On January 17, 2007 the parties were before the Court on HCI's Renewed Motion to Enforce Settlement Agreement. After hearing from all parties, the Court ordered that the Settlement Agreement between the parties is to be entered as an Order of the Court and further ordered that "Defendants shall perform under the Settlement Agreement, including without limitation, by providing documents and/or information necessary to comply with the settlement with HCI and by executing the appropriate documents to effect the settlement between HCI and Defendants." See January 17 Order (Docket No. 35). The Court also ordered defendants to fulfill their obligations under the Settlement Agreement with respect to the life insurance security.

2.  On April 19, 2007, the parties were again before the Court on HCI's Motion for Civil Contempt stemming from defendants' failure to effect the life insurance security that is part of the Settlement Agreement and required by the January 17 Order. The basis for HCI's motion was, in part, that the assignment defendants sought to utilize transferring the death benefits of a policy owned by a non-party to this action did not comply with defendants' obligations under the Settlement Agreement or the Court's January 17 Order.

3.  As a solution to the dispute, at the April 19th hearing, the Court recommended that the parties transfer ownership of an insurance policy to HCI and submit a proposed Order to that effect.

4.  After the April 19th hearing, defendants' counsel indicted that defendants intended to transfer ownership of the insurance policy to HCI. See Declaration of Brian M. Forbes dated May 10, 2007 ("Forbes Decl.") at para. 2, and Exhibit A thereto. On May 2, 2007, in response to a voicemail and email correspondence from counsel for HCI, defendants' counsel further

confirmed defendants' intent to transfer ownership of the policy.  <u>See</u> Forbes Decl. at paras. 3, 4 Exhibits B and C.   In that email, defendants' counsel indicated, that "if possible [Dr. Johnson] would like to use a third party escrow agent."  <u>Id.</u> at Exhibit C.

5.   In response, counsel for HCI requested details as to defendants' proposal to use a third party escrow agent.  No details were forthcoming either by way of return phone call or correspondence.  <u>See</u> Forbes Decl. at para. 5, Exhibit D.  Defendants did not provide a draft proposed escrow agreement, did not identify who would act as an escrow agent for this matter, and did not indicate how the escrow agent was to be paid.  <u>Id.</u>

6.   Due to defendants' failure to further pursue their request to involve a third party escrow agent, HCI sent to defendants' counsel a draft proposed order for submission to the Court.  <u>See</u> Forbes Decl. at para. 6, Exhibit E.  Despite repeat attempts on May 10, 2007 to resolve the parties' differences as to the language of the proposed order, defendants' counsel did not return respond to plaintiff's counsel's email.  <u>See</u> Forbes Decl. at para. 7, Exhibit F.  At 5:45 p.m. on May 10, 2007, just prior to filing, defendants' counsel called counsel for HCI and raised defendants' concern that they do not have control over the insurance company and would not agree to the date limitation as proposed by HCI to have ownership of the policy transferred to HCI.  Where HCI disagrees with that position -- defendants do have control over the situation, they selected the policy at issue, and they have the ability to make sure that the transfer happens in a timely manner-- the parties agreed to file their own proposed orders.

7.   Despite HCI's diligent efforts to work together jointly to reach an acceptable resolution of this matter, the parties were unable to reach agreement as to all of the terms of a proposed

order to be submitted to the Court.  Because the parties were not able to reach agreement on a joint proposed order, HCI is separately submitting a proposed order.  See Exhibit A hereto.

8. HCI has incurred significant attorneys' fees and costs as a result of defendants' failure to comply with the terms of the January 17 Order and the Settlement Agreement.  To date, as further detailed in plaintiff's Motion to enforce the Settlement Agreement and Motion for Civil Contempt, HCI's counsel has engaged in numerous communications with defendants' counsel seeking the required insurance documentation, has parsed through a defective insurance assignment form, identified numerous problems associated with the purported assignment, and has taken steps, including filing a motion for civil contempt to enforce defendants' compliance with the January 17 Order.  Because the facts demonstrate that defendants' failure to fulfill the terms of the settlement agreement with respect to the insurance policy was done with indifference to the consequences, HCI is entitled to all fees and costs associated with procuring, reviewing, and discussing the insurance information as well as bringing the instant motion and other motions addressing this issue.

9. As such, HCI requests that the Court award HCI its costs, including attorneys' fees incurred in attempting to obtain defendants' compliance with the Court's Order dated January 17, 2007, including but not limited to its costs and attorneys' fees associated with plaintiff's motion for Civil Contempt and HCI's efforts and to reach agreement with defendants on a joint proposed order.  HCI further requests that the Court grant such other and further relief as the Court deems just and proper.

WHEREFORE, HCI respectfully requests that the Court entry the proposed order attached hereto as Exhibit A.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for plaintiff has conferred with defendants' counsel pursuant to Local Rule 7.1(A)(2) regarding the issues presented by this Motion, have attempted in good faith to resolve or narrow the issues, but counsel have been unable to reach agreement on the issues raised by this Motion.

                                                Respectfully submitted,

                                                HEALTH COALITION, INC.,

                                                By its attorneys,

                                                 /s/ Brian M. Forbes
                                                Jeffrey S. King (BBO # 559000)
                                                  jeffrey.king@klgates.com
                                                Brian M. Forbes (BBO# 644787)
                                                 brian.m.forbes@klgates.com
                                                Stacey L. Gorman (BBO# 655147)
                                                 stacey.gorman@klgates.com
                                                KIRKPATRICK & LOCKHART
                                                PRESTON GATES ELLIS LLP
                                                State Street Financial Center
                                                One Lincoln Street
                                                Boston, MA  02111
                                                Tele:   (617) 261-3100
                                                Fax:    (617) 261-3175

Dated:  May 10, 2007

- 6 -

## CERTIFICATE OF SERVICE

       I hereby certify that this document, filed on May 10, 2007 through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Peter J. Haley
Leslie F. Su
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

William H. DiAdamo
DiAdamo Law Office, LLP
40 Appleton Way
Lawrence, MA 01840

                                                /s/ Brian M. Forbes
                                                Brian M. Forbes

# EXHIBIT A

BOS-1079191 v2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>Individually )<br>)<br>Defendants. )<br>) | Civil Action No. 05-cv-11816 MEL |

## **ORDER**

In accordance with the Settlement Agreement by and between the plaintiff Health Coalition, Inc. ("HCI") and Defendants New England Allergy Asthma Immunology & Primary Care, P.C. ("NEA") and Thomas F. Johnson ("Dr. Johnson") and the Order of the Court dated January 17, 2007 entering the Settlement Agreement as an Order of the Court, and having considered all relevant submissions, it is hereby ORDERED that:

1) Defendants shall transfer ownership of a life insurance policy or policies covering the life of defendant Dr. Johnson to HCI, with HCI named as the first beneficiary in line for the payment in full on the total value of the Promissory Note and Premium Payment as further defined in the Settlement Agreement. Said policy or policies are to have a face value of at least $1,274,000.00 and must remain in place with all insurance premiums and any and all costs and/or fees associated with the policy paid current by defendants until the Promissory Note and Premium Payment (if appropriate) are paid in full. As a named beneficiary, HCI must be provided with notice of non-payment of any insurance premium owed and notice of any intent to

terminate the insurance. In such event, HCI shall have the right to continue to make insurance premium payments on said policy or policies, which payments, if made by HCI, will be added to the entire balance owed to HCI as further detailed in the Settlement Agreement. Upon the death of Dr. Johnson, the entire balance then owed on the Promissory Note (plus the Premium Payment, if applicable) will become immediately payable to HCI out of the policy proceeds. HCI must also be provided with appropriate and necessary waivers from other beneficiaries to the policy.

2) The cash value of the policy or policies may not be used or accessed by anyone in a way that would diminish the face value of the policy (or policies) so that at least $1,274,000.00 must remain in place with all insurance premiums and any and all costs and/or fees associated with the policy paid current by defendants until the Promissory Note and Premium Payment (if appropriate) are paid in full. However, the cash value of the policy may be accessed or used by HCI to pay any insurance premium payments not paid by defendants.

3) Upon satisfaction of the obligations on the Promissory Note (and Premium Payment if applicable), HCI will transfer ownership of the life insurance policy or policies to the original owner of the policy. Further, if HCI is paid under the life insurance policy or policies, the balance of the benefits after satisfaction will be returned to the original owner and/or beneficiaries of the policy.

4) The parties shall transfer ownership of the life insurance policy to HCI on or before May 24, 2007. Failure of defendants to comply with this Order may result in sanctions, including contempt of Court.

5) Upon submission by Health Coalition, Inc. to defendants, New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas Johnson shall pay Health Coalition, Inc.

for all costs, including attorneys' fees incurred in attempting to obtain defendants' compliance with the Court's Order dated January 17, 2007, including but not limited to Health Coalition's costs and attorneys' fees associated with plaintiff's motion for Civil Contempt and Health Coalition's efforts to reach agreement with defendants on a joint proposed order.

IT IS SO ORDERED

Dated: _____, 2007

_____
Judge Morris E. Lasker
United States District Court Judge