UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-cv-11816 MEL |
| NEW ENGLAND ALLERGY ASTHMA | ) |
| IMMUNOLOGY & PRIMARY CARE, | ) |
| P.C. and THOMAS F. JOHNSON, | ) |
| Individually | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF BRIAN M. FORBES IN SUPPORT OF PROPOSED ORDER OF
HEALTH COALITION, INC.**

I, Brian M. Forbes hereby declare under oath as follows:

1.      I am an associate and attorney at the law firm Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates"), State Street Financial Center, One Lincoln Street, Boston, Massachusetts.  K&L Gates represents plaintiff Health Coalition, Inc. ("HCI") in this action.  I respectfully submit this Declaration in support of the Motion of Health Coalition Inc. for Entry of Proposed Order Regarding Settlement.

2.      After the April 19th hearing on HCI's motion for civil contempt and in connection with the Court's recommendation that that the parties transfer ownership of a life insurance policy to HCI and submit a proposed Order to that effect, defendants' counsel indicated that defendants intended to transfer ownership of the insurance policy to HCI.  See email from Brian Forbes to Peter Haley dated April 30, 2007 the confirming substance of telephone call on April 27, 2007, attached hereto as Exhibit A.

3.      On May 2, 2007, counsel for HCI left a voicemail message for defendants' counsel asking how defendants planned to fulfill the terms of the Settlement Agreement between the parties with respect to the life insurance security.  Counsel for HCI followed up with an email message addressing same.  See email from Brian Forbes to Peter Haley dated May 2, 2007, attached hereto as Exhibit B.

4.      On May 2, 2007, defendants' counsel further confirmed defendants' intent to transfer ownership of the life insurance policy.  See email from Peter Haley to Brian Forbes dated May 3, 2007, attached hereto as Exhibit C.  In that email, defendants' counsel indicated, that "if possible [Dr. Johnson] would like to use a third party escrow agent."  Id.

5.      In response, counsel for HCI requested details as to defendants' proposal to use a third party escrow agent.  See email from Brian Forbes to Peter Haley dated May 3, 2007, attached hereto as Exhibit D.   On or about May 8, 2007, counsel for HCI left another voicemail message for defendants' counsel inquiring about defendants' request to involve a third party escrow agent.  No details were forthcoming either by way of return phone call or correspondence.  Defendants did not provide a draft proposed escrow agreement, did not identify who would act as an escrow agent for this matter, and did not indicate how the escrow agent was to be paid.

6.      Due to defendants' failure to further pursue their request to involve a third party escrow agent, HCI sent a draft proposed order for submission to the Court.  See email from Brian Forbes to Peter Haley dated May 9, 2007, attached hereto as Exhibit E.  Despite repeat attempts on May 10, 2007 to resolve the parties differences as to the language of the proposed order, defendants' counsel did not respond to plaintiffs' counsel's email.  See email from Brian Forbes to Peter Haley dated May 10, 2006, attached hereto as Exhibit F.  At 5:45 p.m. on May 10, 2007,

just prior to filing, defendants' counsel called counsel for HCI and raised defendants' concern

that they do not have control over the insurance company and would not agree to the date

limitation as proposed by HCI to have ownership of the policy transferred to HCI.  Where HCI

disagrees with that position -- defendants do have control over the situation, they selected the

policy at issue, and they have the ability to make sure that the transfer happens in a timely

manner-- the parties agreed to file their own proposed orders.

7.    Because the parties were not able to reach agreement on a joint proposed order

regarding how to fulfill the terms of the settlement agreement with regard to the insurance

policy, HCI is separately submitting a proposed order.


I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS

TRUE AND CORRECT.  EXECUTED THIS 10th DAY OF MAY 2007, AT BOSTON,

MASSACHUSETTS.


/s/ Brian M. Forbes_____
Brian M. Forbes

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that this document, filed on May 10, 2007 through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.


Peter J. Haley
Leslie F. Su
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

William H. DiAdamo
DiAdamo Law Office, LLP
40 Appleton Way
Lawrence, MA 01840


                    /s/ Brian M. Forbes
                    Brian M. Forbes

# Exhibit A

## Forbes, Brian M. (Boston)

| | |
|---|---|
| **From:** | Forbes, Brian M. (Boston) |
| **Sent:** | Monday, April 30, 2007 7:20 PM |
| **To:** | 'Peter Haley' |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | HCI v. NEA/Dr. Johnson |

Peter,

Per our call on Friday, April 27th, you had indicated that your client intended to transfer ownership of the insurance policy to HCI.  Given the Court's deadline of May 3rd, you had indicated that you would be putting together papers for our review. To date, we have not received any documents or any proposed course of action.  With the court deadline fast approaching, we look forward to your immediate response.

Regards,

Brian

# Exhibit B

**Forbes, Brian M. (Boston)**

| | |
|---|---|
| **From:** | Forbes, Brian M. (Boston) |
| **Sent:** | Wednesday, May 02, 2007 12:47 PM |
| **To:** | 'Peter Haley' |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | FW: HCI v. NEA/Dr. Johnson |

Peter,

As I mentioned in voicemail earlier today, we need to know defendants' position with respect to how defendants plan to fulfill the terms of the settlement agreement with respect to the insurance policy. You had indicated that your client intended to transfer ownership of the insurance policy to HCI, but, to date, we have not yet been provided with any evidence that defendants are following through on this proposal. Please let us know immediately what you have done to make this happen. As you know, we will be reporting back to the court tomorrow with respect to a proposed order that should be entered on the pending motion.

Brian

| | |
|---|---|
| **From:** | Forbes, Brian M. (Boston) |
| **Sent:** | Monday, April 30, 2007 7:20 PM |
| **To:** | 'Peter Haley' |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | HCI v. NEA/Dr. Johnson |

Peter,

Per our call on Friday, April 27th, you had indicated that your client intended to transfer ownership of the insurance policy to HCI. Given the Court's deadline of May 3rd, you had indicated that you would be putting together papers for our review. To date, we have not received any documents or any proposed course of action. With the court deadline fast approaching, we look forward to your immediate response.

Regards,

Brian

# Exhibit C

## Forbes, Brian M. (Boston)

| | |
|---|---|
| **From:** | Peter Haley [haley@gordonhaley.com] |
| **Sent:** | Wednesday, May 02, 2007 12:58 PM |
| **To:** | Forbes, Brian M. (Boston) |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | RE: HCI v. NEA/Dr. Johnson |

Brian

I am out of the office on other matters,

Dr. Johnson advises he is willing to transfer ownership, if possible he would like to use a third party escrow agent. I suspect that what we need to do is send some letter to Metropolitan advising them of the transfer and have an agreement that 1) it will be transferred back after satisfaction, 2) if paid, the balance of benefits after satisfaction will be returned and 3) the cash value will not be accessed or used by HCI.

Let me know if there is something else you think needs to be included or if there is something else you want us to do.

Thanks

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-456-1271(direct)
617-261-0789 (facsimile)
haley@gordonhaley.com

> -----Original Message-----
> **From:** Forbes, Brian M. (Boston) [mailto:brian.m.forbes@klgates.com]
> **Sent:** Wednesday, May 02, 2007 12:47 PM
> **To:** Peter Haley
> **Cc:** King, Jeffrey S.
> **Subject:** FW: HCI v. NEA/Dr. Johnson
>
>
> Peter,
>
> As I mentioned in voicemail earlier today, we need to know defendants' position with respect to how defendants plan to fulfill the terms of the settlement agreement with respect to the insurance policy. You had indicated that your client intended to transfer ownership of the insurance policy to HCI, but, to date, we have not yet been provided with any evidence that defendants are following through on this proposal. Please let us know immediately what you have done to make this happen. As you know, we will be reporting back to the court tomorrow with respect to a proposed order that should be entered on the pending motion.
>
> Brian
>
> _____
>
> **From:** Forbes, Brian M. (Boston)

**Sent:**  Monday, April 30, 2007 7:20 PM
**To:**   'Peter Haley'
**Cc:**   King, Jeffrey S.
**Subject:**  HCI v. NEA/Dr. Johnson

Peter,

Per our call on Friday, April 27th, you had indicated that your client intended to transfer ownership of the insurance policy t
HCI.  Given the Court's deadline of May 3rd, you had indicated that you would be putting together papers for our review.  T
date, we have not received any documents or any proposed course of action.  With the court deadline fast approaching, w
look forward to your immediate response.

Regards,

Brian

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The
contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not a
intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If
you have received this e-mail in error, please contact me at brian.m.forbes@klgates.com.

# Exhibit D

## Forbes, Brian M. (Boston)

| | |
|---|---|
| **From:** | Forbes, Brian M. (Boston) |
| **Sent:** | Thursday, May 03, 2007 2:19 PM |
| **To:** | 'Peter Haley' |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | RE: HCI v. NEA/Dr. Johnson |
| **Attachments:** | BOS-#1079224-v1-DRAFT_Status_Report.DOC |

Peter,

Per you email below, before HCI could agree to use a third party escrow agent, we need more details as to your proposa For example, who do defendants propose to act as an escrow agent? If any escrow agent were to be utilized, defendants not HCI would be required to pay for any escrow agent related fees.

We also still need to work out the details and finer points of your proposal, including that all relevant terms of the settlement agreement must to be included in the final proposal/agreement. But at a minimum, all premium payments must be paid by defendants, not HCI. HCI must also be provided with notice of non-payment of insurance premiums an the continued right of HCI to make payments on premium in the event of non-payment (which if made by HCI will be added to the entire balance owed to HCI).

To that end, we propose that we report back to the court that the parties are still working on a joint proposed order which must be filed with the court no later than May 10th. To the extent the parties still have not reached agreement on the proposed order, the parties will file separate proposed orders addressing how to fulfill the terms of the settlement agreement with regard to the insurance policy. To that end, I am attaching a draft status report to be jointly filed with th court. Let me know if I can electronically sign your name to it for filing.

Regards,

Brian

---

**From:** Peter Haley [mailto:haley@gordonhaley.com]
**Sent:** Wednesday, May 02, 2007 12:58 PM
**To:** Forbes, Brian M. (Boston)
**Cc:** King, Jeffrey S.
**Subject:** RE: HCI v. NEA/Dr. Johnson

Brian

I am out of the office on other matters,

Dr. Johnson advises he is willing to transfer ownership, if possible he would like to use a third party escrow agent. I suspect that what we need to do is send some letter to Metropolitan advising them of the transfer and have an agreement that 1) it will be transferred back after satisfaction, 2) if paid, the balance of benefits after satisfaction will be returned and 3) the cash value will not be accessed or used by HCI.

Let me know if there is something else you think needs to be included or if there is something else you want us to do.

Thanks

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-456-1271(direct)
617-261-0789 (facsimile)
haley@gordonhaley.com

-----Original Message-----
**From:** Forbes, Brian M. (Boston) [mailto:brian.m.forbes@klgates.com]
**Sent:** Wednesday, May 02, 2007 12:47 PM
**To:** Peter Haley
**Cc:** King, Jeffrey S.
**Subject:** FW: HCI v. NEA/Dr. Johnson


Peter,

As I mentioned in voicemail earlier today, we need to know defendants' position with respect to how defendants plan to fulfill the terms of the settlement agreement with respect to the insurance policy. You had indicated that your client intended to transfer ownership of the insurance policy to HCI, but, to date, we have not yet been provided with any evidence that defendants are following through on this proposal. Please let us know immediately what you have done to make this happen. As you know, we will be reporting back to the court tomorrow with respect to a proposed order that should be entered on the pending motion.

Brian

---

**From:**  Forbes, Brian M. (Boston)
**Sent:**  Monday, April 30, 2007 7:20 PM
**To:**  'Peter Haley'
**Cc:**  King, Jeffrey S.
**Subject:**  HCI v. NEA/Dr. Johnson

Peter,

Per our call on Friday, April 27th, you had indicated that your client intended to transfer ownership of the insurance policy t HCI. Given the Court's deadline of May 3rd, you had indicated that you would be putting together papers for our review. T date, we have not received any documents or any proposed course of action. With the court deadline fast approaching, w look forward to your immediate response.

Regards,

Brian

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not a

intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at brian.m.forbes@klgates.com.

# Exhibit E

## Forbes, Brian M. (Boston)

| | |
|---|---|
| **From:** | Forbes, Brian M. (Boston) |
| **Sent:** | Wednesday, May 09, 2007 9:48 PM |
| **To:** | 'Peter Haley' |
| **Cc:** | King, Jeffrey S. |
| **Subject:** | FW: HCI v. NEA/Dr. Johnson |
| **Attachments:** | BOS-#1079191-v1-DRAFT_PROPOSED_ORDER.DOC |

Peter,

Despite my calls and emails, we have still not heard back from you regarding defendants' request to involve a third party escrow agent. Defendants have offered no proposed escrow agreement, no information as to who would act as an escrow agent, and no confirmation as to how an escrow agent would be paid . Because it appears that defendants are not interested in using an escrow agent, and because HCI does not think an escrow agent is necessary in the first place, I am attaching a draft joint proposed order for submission to the Court tomorrow. Please let me know if defendants agree to the joint submission of the attached draft order.

Regards,

Brian

---

**From:** Forbes, Brian M. (Boston)
**Sent:** Thursday, May 03, 2007 2:19 PM
**To:** 'Peter Haley'
**Cc:** King, Jeffrey S.
**Subject:** RE: HCI v. NEA/Dr. Johnson

Peter,

Per you email below, before HCI could agree to use a third party escrow agent, we need more details as to your proposa For example, who do defendants propose to act as an escrow agent? If any escrow agent were to be utilized, defendants not HCI would be required to pay for any escrow agent related fees.

We also still need to work out the details and finer points of your proposal, including that all relevant terms of the settlement agreement must to be included in the final proposal/agreement. But at a minimum, all premium payments must be paid by defendants, not HCI. HCI must also be provided with notice of non-payment of insurance premiums an the continued right of HCI to make payments on premium in the event of non-payment (which if made by HCI will be added to the entire balance owed to HCI).

To that end, we propose that we report back to the court that the parties are still working on a joint proposed order which must be filed with the court no later than May 10th. To the extent the parties still have not reached agreement on the proposed order, the parties will file separate proposed orders addressing how to fulfill the terms of the settlement agreement with regard to the insurance policy. To that end, I am attaching a draft status report to be jointly filed with th court. Let me know if I can electronically sign your name to it for filing.

Regards,

Brian

05/10/2007

**From:** Peter Haley [mailto:haley@gordonhaley.com]
**Sent:** Wednesday, May 02, 2007 12:58 PM
**To:** Forbes, Brian M. (Boston)
**Cc:** King, Jeffrey S.
**Subject:** RE: HCI v. NEA/Dr. Johnson

Brian

I am out of the office on other matters,

Dr. Johnson advises he is willing to transfer ownership, if possible he would like to use a third party escrow agent. I suspect that what we need to do is send some letter to Metropolitan advising them of the transfer and have an agreement that 1) it will be transferred back after satisfaction, 2) if paid, the balance of benefits after satisfaction will be returned and 3) the cash value will not be accessed or used by HCI.

Let me know if there is something else you think needs to be included or if there is something else you want us to do.

Thanks

PJH


Peter J. Haley
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
617-261-0100
617-456-1271(direct)
617-261-0789 (facsimile)
haley@gordonhaley.com

-----Original Message-----
**From:** Forbes, Brian M. (Boston) [mailto:brian.m.forbes@klgates.com]
**Sent:** Wednesday, May 02, 2007 12:47 PM
**To:** Peter Haley
**Cc:** King, Jeffrey S.
**Subject:** FW: HCI v. NEA/Dr. Johnson


Peter,

As I mentioned in voicemail earlier today, we need to know defendants' position with respect to how defendants plan to fulfill the terms of the settlement agreement with respect to the insurance policy. You had indicated that your client intended to transfer ownership of the insurance policy to HCI, but, to date, we have not yet been provided with any evidence that defendants are following through on this proposal. Please let us know immediately what you have done to make this happen. As you know, we will be reporting back to the court tomorrow with respect to a proposed order that should be entered on the pending motion.

Brian

---

**From:** Forbes, Brian M. (Boston)

**Sent:**   Monday, April 30, 2007 7:20 PM
**To:**     'Peter Haley'
**Cc:**     King, Jeffrey S.
**Subject:**   HCI v. NEA/Dr. Johnson

Peter,

Per our call on Friday, April 27th, you had indicated that your client intended to transfer ownership of the insurance policy t
HCI.  Given the Court's deadline of May 3rd, you had indicated that you would be putting together papers for our review.  T
date, we have not received any documents or any proposed course of action.  With the court deadline fast approaching, we
look forward to your immediate response.

Regards,

Brian

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The
contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not a
intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If
you have received this e-mail in error, please contact me at brian.m.forbes@klgates.com.

# Exhibit F

## Forbes, Brian M. (Boston)

**From:** Forbes, Brian M. (Boston)
**Sent:** Thursday, May 10, 2007 2:18 PM
**To:** 'Peter Haley'
**Cc:** King, Jeffrey S.
**Subject:** RE: HCI v. NEA/Dr. Johnson

Peter,

Please provide us with defendants' position so that we know whether we are going to be filing joint or separate proposed orders thi
afternoon.

Brian

---

**From:** Forbes, Brian M. (Boston)
**Sent:** Thursday, May 10, 2007 12:22 PM
**To:** 'Peter Haley'
**Cc:** King, Jeffrey S.
**Subject:** RE: HCI v. NEA/Dr. Johnson

Peter,

We do not agree to change the proposed language to paragraph 4 of the proposed order regarding the timing of transfer.
Defendants can immediately request a change of ownership (as already previously suggested by the insurance company)
Defendants' have control over the situation- they agreed to provide a life insurance policy as security, they selected the
policy at issue, they have the ability make sure the transfer happens in a timely manner. This matter has dragged on far
too long and needs to be wrapped up quickly. We agree to take out the proposed language "failure to comply with this
Order may result in sanctions, including contempt of Court" but we reserve the right to go back to Court and request suc
relief as necessary. With this proposed amendment to the order, please let me know if defendants agree to the joint
submission of the order.

Brian

---

**From:** Peter Haley [mailto:haley@gordonhaley.com]
**Sent:** Wednesday, May 09, 2007 10:31 PM
**To:** Forbes, Brian M. (Boston)
**Cc:** King, Jeffrey S.
**Subject:** RE: HCI v. NEA/Dr. Johnson

I will review with the client – I am not going to get in a fight though about how fast Metropolitan does or doesn't confirm ownership
change – so it seems to me – it should be inform Metropoiltan of request to transfer by the deadline. The contempt/sanction stuff is
gratuitous and objectionable.

PJH

05/10/2007