UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>Individually )<br>)<br>Defendants. )<br>) | Civil Action No. 05-cv-11816 MEL |

## ORDER

In accordance with the Settlement Agreement by and between the plaintiff Health Coalition, Inc. ("HCI") and Defendants New England Allergy Asthma Immunology & Primary Care, P.C. ("NEA") and Thomas F. Johnson ("Dr. Johnson") and the Order of the Court dated January 17, 2007 entering the Settlement Agreement as an Order of the Court, and having considered all relevant submissions, it is hereby ORDERED that:

1)   Defendants shall transfer ownership of a life insurance policy or policies covering the life of defendant Dr. Johnson to HCI, with HCI named as the first beneficiary in line for the payment in full on the total value of the Promissory Note and Premium Payment as further defined in the Settlement Agreement. Said policy or policies are to have a face value of at least $1,274,000 00 and must remain in place with all insurance premiums and any and all costs and/or fees associated with the policy paid current by defendants until the Promissory Note and Premium Payment (if appropriate) are paid in full. As a named beneficiary, HCI must be provided with notice of non-payment of any insurance premium owed and notice of any intent to

BOS-1079191 v2

terminate the insurance. In such event, HCI shall have the right to continue to make insurance premium payments on said policy or policies, which payments, if made by HCI, will be added to the entire balance owed to HCI as further detailed in the Settlement Agreement. Upon the death of Dr. Johnson, the entire balance then owed on the Promissory Note (plus the Premium Payment, if applicable) will become immediately payable to HCI out of the policy proceeds. HCI must also be provided with appropriate and necessary waivers from other beneficiaries to the policy.

2) The cash value of the policy or policies may not be used or accessed by anyone in a way that would diminish the face value of the policy (or policies) so that at least $1,274,000.00 must remain in place with all insurance premiums and any and all costs and/or fees associated with the policy paid current by defendants until the Promissory Note and Premium Payment (if appropriate) are paid in full. However, the cash value of the policy may be accessed or used by HCI to pay any insurance premium payments not paid by defendants.

3) Upon satisfaction of the obligations on the Promissory Note (and Premium Payment if applicable), HCI will transfer ownership of the life insurance policy or policies to the original owner of the policy. Further, if HCI is paid under the life insurance policy or policies, the balance of the benefits after satisfaction will be returned to the original owner and/or beneficiaries of the policy.

4) The parties shall transfer ownership of the life insurance policy to HCI on or before May 24, 2007. Failure of defendants to comply with this Order may result in sanctions, including contempt of Court.

5) Upon submission by Health Coalition, Inc. to defendants, New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas Johnson shall pay Health Coalition, Inc.

for all costs, including attorneys' fees incurred in attempting to obtain defendants' compliance with the Court's Order dated January 17, 2007, including but not limited to Health Coalition's costs and attorneys' fees associated with plaintiff's motion for Civil Contempt and Health Coalition's efforts to reach agreement with defendants on a joint proposed order.

IT IS SO ORDERED

Dated: _May 15_, 2007

_/s/ Morris E. Lasker_
Judge Morris E. Lasker
United States District Court Judge