UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-cv-11816-MEL |

RESPONSE OF DEFENDANTS NEW ENGLAND ALLERGY
ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C. AND
THOMAS F. JOHNSON MD, INDIVIDUALLY, TO ORDER OF MAY 15, 2007

The Defendants New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas F. Johnson, MD ("Defendants") respond to the Court's order of May 15, 2007 as follows:

1. On May 17, 2007 the Defendants sent by overnight mail the letter attached hereto as Exhibit A directing the issuer of the life insurance policy to transfer the policy to the Plaintiff Health Coalition, Inc. On May 22, 2007, the Defendants caused Carleen Johnson, as she is Trustee of the Johnson Trust Agreement dated April 12, 2000, to execute the Transfer of Ownership of Life Insurance Policy. A true and accurate copy of which is attached hereto as Exhibit B.

2. On May 22, 2007, the Defendants received from Metropolitan Life Insurance Company New England Life Insurance Company an acknowledgement that the insurer had

transferred all ownership and beneficial rights under the policy to the Plaintiff Health Coalition, Inc.. A true and accurate copy of this acknowledgement is attached hereto as Exhibit C.

3. Defendants have fully and completely complied with the terms of the Court's Order of May 15, 2007.

NEW ENGLAND ALLERGY ASTHMA
IMMUNOLOGY & PRIMARY CARE, P.C
and THOMAS F. JOHNSON

By their attorneys,

/s/ Peter J. Haley
Peter J. Haley (BBO No. 543858)
Leslie F. Su (BBO No. 641833)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 261-0100
Dated: May 23, 2007                        (617) 261-0789 – Facsimile

CERTIFICATE OF SERVICE

I, Peter J. Haley, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 23, 2007.

/s/ Peter J. Haley
Peter J. Haley (BBO No. 543858)

P:\Clients\NE Allergy Asthma\Health\Plead\Resp to Ord dtd May 15 2007.doc

# EXHIBIT A

**GORDON HALEY LLP**
COUNSELLORS AT LAW
101 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1844

(617) 261-0100
FAX (617) 261-0789

May 17, 2007

<u>By Federal Express</u>

Kathleen M. Topp
Beneficiary and Ownership Unit
New England Life Insurance Company
700 Quaker Lane
Warwick, Rhode Island 02887-0541

Re:   New England Life Insurance Company Policy 0Y096406
      <u>Insured:     Thomas F. Johnson, Jr., M.D.</u>

Dear Ms. Topp:

I am writing on behalf of Carleen Johnson and Dr. Thomas Johnson with respect to the above-referenced policy. Enclosed please find an Order of the United States District Court for the District of Massachusetts <u>ordering the transfer of this policy to Health Coalition, Inc.("HCI") on or before May 24, 2007</u>.

Please immediately effect this change of ownership in accordance with the Order. If you require anything further to make this change effective please contact me.

Sincerely,

/s/ Peter J. Haley

Peter J. Haley

PJH:vsh
Enclosure

cc:   Brian M. Forbes, Esquire
      Thomas F. Johnson, Jr., M.D.
      Carleen Johnson, Trustee

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>Individually )<br>)<br>Defendants. )<br>_____) | Civil Action No. 05-cv-11816 MEL |

## ORDER

In accordance with the Settlement Agreement by and between the plaintiff Health Coalition, Inc. ("HCI") and Defendants New England Allergy Asthma Immunology & Primary Care, P.C. ("NEA") and Thomas F. Johnson ("Dr. Johnson") and the Order of the Court dated January 17, 2007 entering the Settlement Agreement as an Order of the Court, and having considered all relevant submissions, it is hereby ORDERED that:

1) Defendants shall transfer ownership of a life insurance policy or policies covering the life of defendant Dr. Johnson to HCI, with HCI named as the first beneficiary in line for the payment in full on the total value of the Promissory Note and Premium Payment as further defined in the Settlement Agreement. Said policy or policies are to have a face value of at least $1,274,000 00 and must remain in place with all insurance premiums and any and all costs and/or fees associated with the policy paid current by defendants until the Promissory Note and Premium Payment (if appropriate) are paid in full. As a named beneficiary, HCI must be provided with notice of non-payment of any insurance premium owed and notice of any intent to

BOS-1079191 v2

terminate the insurance. In such event, HCI shall have the right to continue to make insurance premium payments on said policy or policies, which payments, if made by HCI, will be added to the entire balance owed to HCI as further detailed in the Settlement Agreement. Upon the death of Dr. Johnson, the entire balance then owed on the Promissory Note (plus the Premium Payment, if applicable) will become immediately payable to HCI out of the policy proceeds. HCI must also be provided with appropriate and necessary waivers from other beneficiaries to the policy.

2) The cash value of the policy or policies may not be used or accessed by anyone in a way that would diminish the face value of the policy (or policies) so that at least $1,274,000.00 must remain in place with all insurance premiums and any and all costs and/or fees associated with the policy paid current by defendants until the Promissory Note and Premium Payment (if appropriate) are paid in full. However, the cash value of the policy may be accessed or used by HCI to pay any insurance premium payments not paid by defendants.

3) Upon satisfaction of the obligations on the Promissory Note (and Premium Payment if applicable), HCI will transfer ownership of the life insurance policy or policies to the original owner of the policy. Further, if HCI is paid under the life insurance policy or policies, the balance of the benefits after satisfaction will be returned to the original owner and/or beneficiaries of the policy.

4) The parties shall transfer ownership of the life insurance policy to HCI on or before May 24, 2007. Failure of defendants to comply with this Order may result in sanctions, including contempt of Court.

5) Upon submission by Health Coalition, Inc. to defendants, New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas Johnson shall pay Health Coalition, Inc.

for all costs, including attorneys' fees incurred in attempting to obtain defendants' compliance with the Court's Order dated January 17, 2007, including but not limited to Health Coalition's costs and attorneys' fees associated with plaintiff's motion for Civil Contempt and Health Coalition's efforts to reach agreement with defendants on a joint proposed order.

IT IS SO ORDERED

Dated: _May 15_, 2007

_____
Judge Morris E. Lasker
United States District Court Judge

# EXHIBIT B

## Transfer of Ownership of Life Insurance Policy

I, Carleen Johnson, as I am Trustee of the Johnson Trust Agreement, dated April 12, 2000, for good and valuable consideration, the receipt of which is hereby acknowledged, do hereby transfer to Health Coalition, Inc., 255 Alhambra Circle, Suite 900, Coral Gables, Florida 33134, that certain Life Insurance Policy with New England Life Insurance Company identified as Policy 0Y096406 Insured: Thomas F. Johnson, Jr., M.D., together with all rights, title and interest therein all in accordance with the terms and conditions of that certain Order of the United States District Court for the District of Massachusetts attached hereto.

Dated at North Andover, MA, this 22 day of May, 2007.

_____
Carleen Johnson, Trustee

### THE COMMONWEALTH OF MASSACHUSETTS

Essex County, ss.

On this 22 day of May, 2007, before me, the undersigned notary public, personally appeared Carleen Johnson, Trustee of the Johnson Trust Agreement, dated April 12, 2000, and proved to me through satisfactory evidence of identification, which were __known to me_____, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that she signed it voluntarily for the stated purpose.

_Candace E. Longchamps_ (Affix Seal)



CANDACE E. LONGCHAMPS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 31, 2010

# EXHIBIT C

Metropolitan Life Insurance Company
New England Life Insurance Company

# MetLife

### Absolute Assignment

| | |
|---|---|
| | 0Y099408 |
| | Thomas F. Johnson, Jr. MD |

The owner of the above listed policy issued by the Company hereby assigns all ownership and beneficial rights under the policy absolutely to the following Assignee(s). All previous designations of beneficiary and payee, and all previous elections of payment options under the policy, are hereby revoked. This assignment is subject to any prior collateral assignments affecting the policy.

| | Health Coalition, Inc. | TAX ID: 650068208 | | |
|---|---|---|---|---|
| | 255 Alhambra Cir Ste 900 | Coral Gables | FL | 33134 |
| | (Street) | (City) | (State) | (Zip Code) |
| | | 650068208 | | |

1. The Assignees shall share all ownership and beneficial rights under the policy equally.
2. If any Assignee predeceases the insured, (Check One Box)
   ☐ A. that Assignee's ownership and beneficial share will be divided among the remaining Assignees, with all to the survivor, or to the survivor's executors, administrators, successors or assigns.
   ☐ B. that Assignee's ownership and beneficial share will pass to the executors or administrators of his/her estate.
3. If no box is checked, the deceased Assignee's ownership and beneficial share will pass to the executors or administrators of his/her estate.

The General Provisions listed on the back of this form are hereby made a part of this Assignment. The Administrative Office of the Company is hereby authorized to make any clarifying additions or amendments to this Assignment.

**Please Sign on Back of Form → Over Please →**

**GENERAL PROVISIONS**

**Conversions Identifications**
For the purposes of convenience, the word "policies" includes annuity contracts and words used in the singular include the plural, whenever the context so requires.

**Cancellation of Policy Endorsement Requirement**
The Company is requested to cancel the provisions of any policies referred to in the Absolute Assignment requiring endorsement of requests for change of beneficiary and, in lieu of such provisions, to make the following provision hereinafter effective on any such policies:

"Change of Beneficiary must be in written form satisfactory to the Company and signed by the Owner. The change will be effective as of the date of signing by the Owner, whether or not the Owner is living at the time of receipt at the Administrative Office of the Company; but the change will be subject to any payments made or actions taken by the Company prior to the time of receipt."

Johnson Trust Agreement dtd 1-12-00

_Carleen Johnson TE_                    _5-22-07_
Carleen Johnson, Trustee Owner, Sign Here    Date

Proposed New Owner's / Assignee's Taxpayer Identification Number: __650068208__   Used for reporting purposes.
Are you subject to backup withholding under Section 3406(a)(1)(c) of the IRS CODE?  ☐ YES  ☐ NO
Under penalties of perjury I hereby certify that the information shown is correct and complete.

Health Coalition, Inc.

_____     _____
An Officer of the Corporation (with Title shown), other than the Insured, Sign Here    Date
(After Providing TIN # and Answering IRS Question)

_Candace E Longchamps_           _5/22/07_
Disinterested Witness (Over Age 18) Sign Here     Date

**Massachusetts Contract State:** State law requires that the Owner's signature on requests to change the beneficiary for a Massachusetts Policy must be witnessed/countersigned by a disinterested party.
AS-182(LC01)


CANDACE E. LONGCHAMPS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 31, 2010



RECEIVED AND FILED 136

MAY 22 2007