UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HEALTH COALITION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-cv-11816-MEL |
| NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C. and THOMAS F. JOHNSON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

MOTION OF NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY
& PRIMARY CARE, P.C. AND THOMAS F. JOHNSON ("DEFENDANTS")
FOR RECONSIDERATION OF ORDER OF MAY 15, 2007

The Defendants New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas F. Johnson ("Defendants") move the Court to reconsider that portion of its Order of May 15, 2007 [Docket No. 44] in this action which awarded future attorneys fees and costs to the Plaintiff Health Coalition, Inc. ("HCI"). In support of their motion, the Defendants state the following:

1. HCI and the Defendants entered into a written settlement agreement ("Settlement Agreement"). The Defendants have fully and completely executed each and every document submitted to them by HCI as required under the terms of the Settlement Agreement. The Settlement Agreement included a written Pledge Agreement to effect the assignment of a life insurance policy covering the life of the Defendant Dr. Johnson. That agreement was duly executed by the Defendants.

2. The Defendants have performed all financial obligations under the terms of the Settlement Agreement and continue to perform those obligations on a monthly basis. The

Settlement Agreement requires payments totaling $864,000.  Even prior to the final execution of the Settlement Agreement, the Defendants wired the amount of $250,000 as the initial payment required and continue to make the monthly payments in the amount of $13,000 per month.

3. Despite the Defendants full and complete compliance with the terms of the Settlement Agreement and full performance of all payment obligations, HCI has refused to accept performance.  Instead, through a series of letters, messages, pleadings and thousands of pages of exhibits they have caused the Defendants to incur substantial legal fees in trying to respond to a series of demands which were not part of the Settlement Agreement.

4. Apparently unwilling to abandon the very substantial financial benefits of the Settlement Agreement, HCI has instead attempted to redraft the agreement through litigation.  Their latest attempt to do so, revolves around the assignment of the insurance policy.  Unhappy with the terms of the Settlement Agreement, HCI demanded more and more specific forms of assignment.  The Defendants responded by attempting to have the issuer of the policy assign the policy on terms dictated by HCI.  The policy issuer refused to do so.  Despite the fact that the assignment which was made fully complied with the Settlement Agreement, HCI refused to accept the assignment terms and instead continued the litigation.

5. HCI latest demands to actually transfer ownership of the insurance policy were sadly agreed to by the Defendants, simply out of the need to end the ongoing costs associated with the efforts to respond to HCI's vexatious and endless demands.  The Defendants have now transferred ownership of the policy and filed proof of same with the Court.

6. Despite the Defendant's agreement the Court has entered a form of Order dated May 15, 2007 [Docket No. 44] which permits HCI to recover costs and attorney's fees on subsequent motion by the inclusion of Paragraph 9 of the Order.

7.  For the reasons set forth above, the Defendants ask that the Court reconsider its Order of May 15, 2007 by striking Paragraph 9 of that Order.  The award of attorney's fees is not supported by any legal authority or the facts of the case.

8.  District courts are necessarily afforded substantial discretion in ruling on motions for reconsideration. See <u>Mackin v. City of Boston</u>, 969 F.2d 1273, 1279 (1st Cir.1992), cert. denied, 506 U.S. 1078, 113 S.Ct. 1043, 122 L.Ed.2d 352 (1993); <u>Weinberger v. Great Northern Nekoosa Corp.</u>, 925 F.2d 518, 528 (1st Cir.1991).  The exercise of that discretion is warranted by the facts of this case.

9.  Notably, despite an obligation to do so, HCI has failed to comply with the Settlement Agreement for five months by failing to file the Stipulation of Dismissal of this action which they were required to file upon the execution of the Settlement Agreement.

Wherefore, the Defendants pray that the Court reconsider its Order of May 15, 2007 by striking Paragraph 9 of the Order, order the Plaintiff to file the Stipulation of Dismissal and grant such other and further relief as is just.

NEW ENGLAND ALLERGY ASTHMA
IMMUNOLOGY & PRIMARY CARE, P.C
and THOMAS F. JOHNSON

By their attorneys,

/s/ Leslie F. Su
Peter J. Haley (BBO No. 543858)
Leslie F. Su (BBO No. 641833)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 261-0100
Dated: May 25, 2007            (617) 261-0789 – Facsimile

## CERTIFICATE OF SERVICE

    I, Leslie F. Su, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 25, 2007.

                                                         /s/ Leslie F. Su
                                                         Leslie F. Su (BBO No. 641833)

P:\Clients\NE Allergy Asthma\Health\Plead\Mtn for Reconsideration.doc