UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HEALTH COALITION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-cv-11816-MEL |
| NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY & PRIMARY CARE, P.C. and THOMAS F. JOHNSON, | ) ) ) ) | |
| Defendants. | ) ) ) | |

OBJECTION OF NEW ENGLAND ALLERGY ASTHMA IMMUNOLOGY
& PRIMARY CARE, P.C. AND THOMAS F. JOHNSON ("DEFENDANTS")
TO PLAINTIFF'S REQUEST FOR FEES AND EXPENSES

The Defendants New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas F. Johnson ("Defendants") object to the request of the Plaintiff Health Coalition, Inc. ("HCI") for fees and expenses in the amount of $28,230.00. In support of their opposition the Defendants state the following:

1. HCI seeks fees and expenses for 69.7 hours of time spent by five (5) lawyers to obtain compliance with the Court's order of January 17, 2007, a motion for civil contempt and efforts to reach agreement on a joint proposed order.

2. The Defendants object to these amounts as being not reasonably necessary to the tasks described and as being an unwarranted penalty and sanction on the Defendants, a physician engaged in a local medical practice and his closely held medical practice. The Defendants did not violate the Order of January 17, 2007, there has been no finding that they did so and they respectfully ask to be heard by the Court before the Court enters sanctions for a violation of a Court Order.

3. The Defendants entered into a written settlement agreement with the Plaintiff. The Settlement Agreement was drafted by the Plaintiff. The Defendants have made all payments under the Settlement Agreement and continue to timely perform. The Settlement Agreement required the Defendants to pledge a life insurance policy by executing a written pledge agreement which was attached as an exhibit. The Defendants executed that pledge agreement at the time of the settlement.

4. Subsequently, the Plaintiff complained that the form of life insurance assignment was insufficient. There was no basis for this position under the Settlement Agreement. Despite this Defendants agreed to seek a revised form of pledge agreement from the insurance company, Metropolitan Life.

5. The Court's Order of January 17, 2007 required the Defendants to perform under the Settlement Agreement. The Defendants did so. The Order also required the Defendants to use their best efforts to obtain a form of assignment which listed the Plaintiff as the primary beneficiary under the policy. The Defendants did so.

6. On or about February 6, 2007, the Defendants received from the insurance company a written form of assignment which they duly executed and delivered to the Plaintiff. A copy of this assignment is attached hereto as Exhibit A [previously filed as Document 38, Part 18, Exhibit P].

7. Subsequently, the Plaintiffs voiced objection over the form of assignment. The Defendants wrote a letter to the insurance company requesting they reform the insurance policy in the manner demand by the Plaintiff. A copy of this letter is attached as Exhibit B [previously filed as Document 38, Part 18, Exhibit W].

8. The insurance company declined to do so.

9. The Defendants then agreed to transfer ownership of the policy. This agreement substantially changed the nature of the Settlement Agreement in a manner which is detrimental to the Defendants.

10. Despite this, the Defendants are asked to compensate the Plaintiffs for their time and expenses, based on the violation of a Court order, which the Defendants did not violate.

11. The request itself is out of proportion to the issues, lacks the type of detailed time analysis, separated by timekeeper and task, which the Court would ordinarily require, and which on information and belief, is ordinarily provided to the client, and is not merited by the facts of the matter.

12. The amounts requested will impose a substantial burden on the Defendants.

## REQUEST FOR HEARING

13. The Defendants request the opportunity for a hearing as they believe the presentation of evidence and oral argument will assist the Court in consideration of this matter.

Wherefore, the Defendants pray that the Court deny the request for fees and expenses and grant such other and further relief as is just.

NEW ENGLAND ALLERGY ASTHMA
IMMUNOLOGY & PRIMARY CARE, P.C
and THOMAS F. JOHNSON

By their attorneys,

/s/ Leslie F. Su
Peter J. Haley (BBO No. 543858)
Leslie F. Su (BBO No. 641833)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 261-0100
(617) 261-0789 – Facsimile

Dated: June 22, 2007

CERTIFICATE OF SERVICE

    I, Leslie F. Su, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 22, 2007.

        /s/ Leslie F. Su
        Leslie F. Su (BBO No. 641833)

P:\Clients\NE Allergy Asthma\Health\Plead\object to fee request.doc

# EXHIBIT A

New England Life Insurance Company

# MetLife

## Assignment of Life Insurance Policy as Collateral

**A.** For Value Received the undersigned hereby assign, transfer and set over to:

   Health Coalition, Inc.
   255 Alhambra Circle Ste 900
   Coral Gables FL 33134

Its successors and assigns, (herein called the "Assignee") Policy Number 0Y096406 issued by the Metropolitan Life Insurance Company / New England Life Insurance Company (herein called the "Insurer") and any supplementary contracts issued in connection therewith (said policy and contracts being herein called the "policy"), upon the life of:

   Thomas F. Johnson, Jr., MD
   34 Samoset Dr
   Salem NH 03079

and all claims, options, privileges, rights, title and interest therein and thereunder (except as provided in Paragraph C hereof), subject to all the terms and conditions of the policy and to all superior liens, if any, which the Insurer may have against the policy. The undersigned by this instrument jointly and severally agree and the Assignee by the acceptance of this assignment agrees to the conditions and provisions herein set forth.

**B.** It is expressly agreed that, without detracting from the generality of the foregoing, the following specific rights are included in this assignment and pass by virtue hereof

1. The sole right to collect from the Insurer the net proceeds of the policy when it becomes a claim by death or maturity;

2. The sole right to surrender the policy and receive the surrender value thereof at any time provided by the terms of the policy and at such other times as the Insurer may allow;

3. The sole right to obtain one or more loans or advances on the policy, either from the Insurer or, at any time from other persons, and to pledge or assign the policy as security for such loans or advances;

4. The sole right to collect and receive all distributions or shares of surplus, dividend deposits or additions to the policy now or hereafter made or apportioned thereto, and to exercise any and all options contained in the policy with respect thereto; provided, that unless and until the Assignee shall notify the Insurer in writing to the contrary, the distributions or shares of surplus, dividend deposits and additions shall continue on the plan in force at the time of this assignment; and

5. The sole right to exercise all nonforfeiture rights permitted by the terms of the policy or allowed by the Insurer and to receive all benefits and advantages derived therefrom.

AG-496

*Page 1 of 3*

C. It is expressly agreed that the following specific rights, so long as the policy has not been surrendered, are reserved and excluded from this assignment and do not pass by virtue hereof:

1. The right to collect from the Insurer any disability benefit payable in cash that does not reduce the amount of Insurance;

2. The right to designate and change the beneficiary;

3. The right to elect any optional mode of settlement permitted by the policy or allowed by the Insurer; but the reservation of these rights shall in no way impair the right of the Assignee to surrender the policy completely with all its incidents or impair any other right of the Assignee hereunder, and any designation or change of beneficiary or election of a mode of settlement shall be made subject to this assignment and to the rights of the Assignee hereunder.

D. This assignment is made and the policy is to be held as collateral security for any and all liabilities of the undersigned, or any of them, to the Assignee, either now existing or that may hereafter arise between any of the undersigned and the Assignee with respect to the above policy (all of which liabilities secured or to become secured are herein called "Liabilities").

E. The Assignee covenants and agrees with the undersigned as follows:

1. That any balance of sums received hereunder from the Insurer remaining after payment of the then existing Liabilities, matured or unmatured, shall be paid by the Assignee to the persons entitled thereto under the terms of the policy had this assignment not been executed;

2. That the Assignee will not exercise either the right to surrender the policy or (except for the purpose of paying premiums) the right to obtain policy loans from the Insurer, until there has been default in any of the Liabilities or a failure to pay any premiums when due, nor until twenty days after the Assignee shall have mailed, by first-class mail, to the undersigned at the addresses last supplied in writing to the Assignee specifically referring to this assignment, notice of intention to exercise such right; and

3. That the Assignee will upon request forward without unreasonable delay to the Insurer the policy for endorsement of any designation or change of beneficiary or any election of an optional mode of settlement;

F. The Insurer is hereby authorized to recognize the Assignee's claims to the rights hereunder without investigation the reason for any action taken by the Assignee, or the validity of the amount of the Liabilities or the existence of any default therein, or the giving of any notice under Paragraph E (2) above or otherwise, or the application to be made by the Assignee of any amounts to be paid to the Assignee. The sole signature of the Assignee shall be sufficient of the exercise of any rights under the policy assigned hereby and the sole receipt of the Assignee for any sums received shall be a full discharge and release therefore to the Insurer. Checks for all or any part of the sums payable under the policy and assigned herein, shall be drawn to the exclusive order of the Assignee if, when, and in such amounts as may be, requested by the Assignee.

AG-496

G. The Assignee shall be under no obligation to pay any premium, or the principal of or interest on any loans or advances on the policy whether or not obtained by the Assignee, or any other charges on the policy.

H. The exercise of any right, option, privilege or power given herein to the Assignee shall be at the option of the Assignee, but (except as restricted by Paragraph E (2) above) the Assignee may exercise any such right, option, privilege or power without notice to, or assent by, or affecting the liability of, or releasing any interest hereby assigned by the undersigned, or any of them.

I. The Assignee may take or release other security, may release any party primarily or secondarily liable for any of the Liabilities, may grant extensions, renewals or indulgences with respect to the Liabilities, or may apply to the Liabilities in such order as the Assignee shall determine, the proceeds of the policy hereby assigned or any amount received on account of the policy by the exercise of any right permitted under this assignment, without resorting or regard to other security.

J. In the event of any conflict between the provisions of this assignment and provisions of the note or other evidence of any Liability, with respect to the policy or rights of collateral security therein, the provisions of this assignment shall prevail.

K. Each of the undersigned declares that no proceedings in bankruptcy are pending against him and that his property is not subject to any assignment for the benefit of creditors.

**Johnson Trust Agreement dtd 4-12-00**

_Carleen Johnson, TTE_ (signature)    Date: 2-6-07

Carleen Johnson, Trustee Owner, Sign Here

AG-496

*Page 3 of 3*

# EXHIBIT B



# GORDON HALEY LLP
COUNSELLORS AT LAW
101 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1844

(617) 261-0100
FAX (617) 261-0789

February 16, 2007

Kathleen M. Topp
Beneficiary and Ownership Unit
New England Life Insurance Company
P.O. Box 541
Warwick, Rhode Island 02887-0541

Re:  New England Life Insurance Company Policy 0Y096406
     <u>Insured:</u>     Thomas F. Johnson, Jr., M.D.

Dear Ms. Topp:

I am writing with respect to the assignment of the above-referenced policy to Health Coalition, Inc.("HCI"). I enclose a copy of the previously proposed Assignment of Life Insurance as Collateral ("Assignment Form") for your reference.

Counsel for HCI finds the previously proposed Assignment Form unsatisfactory to accomplish the intent of the parties under their written Settlement Agreement, which was entered as an Order of the United States District Court for the District of Massachusetts. In order to comply with the Settlement Agreement, the parties, including Carleen Johnson in her capacity as the named Trustee Owner, request that the following modifications be made to the Assignment Form:

> Section D    This assignment is made and the policy is to be held as collateral security for any and all liabilities of the undersigned, Dr. Thomas F. Johnson, and New England Allergy Asthma Immunology & Primary Care, P.C. or any of them, to the assignee, either now existing or that may hereafter arise between any of the undersigned, Dr. Thomas F. Johnson, New England Allergy Asthma Immunology & Primary Care, P.C. and the assignee as set forth in the Settlement Agreement dated January 16, 2007 between Health Coalition, Inc. and New England Allergy Immunology & Primary Care, P.C. and Dr. Thomas F. Johnson.

The parties, including Carleen Johnson request that Section C of the Assignment Form be deleted. As written in the current draft assignment, the provisions of Section C are inconsistent with both the Settlement Agreement between the parties as well as other provisions of the proposed assignment.

The parties, including Carleen Johnson, request that Section G be amended as follows:

# GORDON HALEY LLP

Kathleen M. Topp
February 16, 2007
Page 2

> The assignee shall be under no obligation to pay any premium, or the principal of or interest on any loans or advances on the policy whether or not obtained by the assignee, or any other charges on the policy, provided, however, that the assignee must be provided with notice of nonpayment of any premium owed and notice of intent to terminate the policy. The assignee may, at its election, choose to continue to make the premium payments on the policy which amounts will be added to the obligations owed to HCI pursuant to the terms of the Settlement Agreement between the parties.

The parties both request that Section J be deleted as unnecessary. In the event New England Financial will not agree to strike Section J, the parties request that Section J be amended to read "In the event of a conflict regarding the obligations between NEA and Dr. Johnson and HCI, the provisions of the Settlement Agreement shall prevail. With respect to the policy, the provisions of the assignment shall be construed in a manner that is not inconsistent with the Settlement Agreement."

In addition to these amendments to the proposed assignment, please confirm that during the period of assignment, HCI will be the primary beneficiary to collect the net proceeds of the policy and that no other waivers from current beneficiaries are necessary. Also, please confirm that there are no liens on the above-referenced policy.

Finally, HCI also requests, and Carleen Johnson, Dr. Thomas F. Johnson and NEA join in this request, to be provided immediately with a copy of the insurance policy and all relevant riders. This is a very important issue for all the parties and it is essential that these documents be provided as soon as possible.

Counsel for HCI is:

> Brian M. Forbes, Esquire
> Kirkpatrick & Lockhart Preston Gates Ellis LLP
> State Street Financial Center
> One Lincoln Street
> Boston, Massachusetts 02111
> Tel:    (617) 261-3152

You may contact him directly to discuss these issues.

# GORDON HALEY LLP

Kathleen M. Topp
February 16, 2007
Page 3

As these matters are the subject of a federal court order we ask for your prompt attention to these concerns.

Sincerely,

Peter J. Haley

PJH:vsh
Enclosure

cc:  Brian M. Forbes, Esquire
     Thomas F. Johnson, Jr., M.D.
     Carleen Johnson, Trustee

P:\Clients\NE Allergy Asthma\Health\Corr\Topp ltr 02 021607.DOC