UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTH COALITION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND ALLERGY ASTHMA )<br>IMMUNOLOGY & PRIMARY CARE, )<br>P.C. and THOMAS F. JOHNSON, )<br>Individually )<br>)<br>Defendants. )<br>) | Civil Action No. 05-cv-11816 MEL |

**RESPONSE OF HEALTH COALITION, INC. TO
DEFENDANTS' OBJECTION TO HEALTH COALITION, INC.'S
REQUEST FOR PAYMENT OF ATTORNEY'S FEES AND COSTS**

Plaintiff Health Coalition, Inc. ("HCI") submits the following response to the Objection of defendant New England Allergy Asthma Immunology & Primary Care, P.C. ("New England Allergy") and defendant Thomas F. Johnson ("Dr. Johnson") (collectively "defendants") dated June 22, 2007 (Docket No. 48) and in further support of HCI's request for payment of attorneys' fees and costs. Despite the fact that the Court has already confirmed its Order allowing for an award of attorneys' fees and costs in connection with defendants' Motion for Reconsideration (Docket No. 46) and without offering an explanation warranting a departure from the Court's earlier rulings, defendants have filed another baseless "Objection." Contrary to defendants' assertions, HCI's expenditure of nearly $29,000 in attorneys' fees over the last several months was precipitated by and directly related to defendants' persistent delays and holdups. Accordingly, the Court should award HCI its attorneys' fees and costs as set forth in the Declaration of Brian M. Forbes with HCI's Opposition to Defendants' Motion for

Reconsideration filed on June 8, 2007, and should further award HCI its attorneys' fees and costs for having to respond to defendants' frivolous Objection. In further response to defendants' Objection, HCI states:

1. The procedural and factual history of HCI's efforts to finalize the settlement of this matter are detailed in the numerous submissions by HCI, including its Renewed Motion to Enforce Settlement Agreement (Docket Nos. 30-32), Motion for Civil Contempt (Docket Nos. 36-38), Motion for Entry of Proposed Order (Docket Nos. 42-43) and Opposition to Defendants' Motion for Reconsideration (Docket No. 47).

2. On April 19, 2007, the parties appeared before the Court on HCI's Motion for Civil Contempt stemming from defendants' failure to effect the life insurance security that is part of the Settlement Agreement between the parties and required by the Court's January 17 Order. See Docket Nos. 36 through 38. At that time, the Court proposed that the defendants' transfer ownership of an insurance policy to HCI to comply with the terms of the Settlement Agreement. The Court also requested that the parties submit a joint or separate order regarding how the terms of the Settlement Agreement would be fulfilled.

3. Despite HCI's efforts to reach agreement on a joint order, the parties were unable to reach an agreement on the terms of the proposed order and on May 10, 2007, the parties submitted separate proposed orders to the Court. See Docket Nos. 41 and 42. On May 15, 2007, the Court executed HCI's proposed order, which provided in part:

> Upon submission by Health Coalition, Inc. to defendants, New England Allergy Asthma Immunology & Primary Care, P.C. and Thomas Johnson shall pay Health Coalition, Inc. for all costs, including attorneys' fees incurred in attempting to obtain defendants' compliance with the Court's Order dated January 17,

        2007, including but not limited to Health Coalition's costs and attorneys' fees associated with plaintiff's motion for Civil Contempt and Health Coalition's efforts to reach agreement with defendants on a joint proposed order.

4.     On May 25, 2007, defendants' filed a Motion for Reconsideration regarding the portion of the Court's May 15, 2007 Order awarding HCI its attorneys' fees and costs. See Docket No. 46. As part of that motion, defendants' argued that HCI's attorneys' fees were not warranted where defendants claim to have "performed" and "complied" with their obligations under the Settlement Agreement between the parties. HCI opposed defendants' motion for reconsideration and detailed its attorneys' fees incurred as contemplated by the Court's May 15, 2007 Order. See Docket No. 47. On June 18, 2007, the Court denied defendants' motion for reconsideration, thereby confirming the May 15, 2007 Order, which provided for an award of attorneys fees to HCI. See Docket No. 48. By way of its Electronic Order dated June 18, 2007, the Court specifically stated that "upon reading the papers filed in support and opposing their motion, I find no basis for reconsideration."

5.     Defendants current "Objection" covers old ground, offering no new facts and again claiming that HCI's attorneys' fees are not appropriate where defendants claim to have "performed" under the Settlement Agreement and prior Court orders. HCI's prior filings detail defendants' non-compliance with several key provisions of the Settlement Agreement over the course of several months, all with indifference to the consequences. To that end, HCI requested, and the Court ordered, twice (both the May 15, 2007 Order and the June 18, 2007 Order), payment of HCI's related attorneys' fees and costs. Accordingly, defendants' assertions that the attorney fee award is unwarranted is wholly without merit and does not provide a basis to set aside the award, which has been contemplated by, and confirmed (and re-confirmed) by this Court.

6. Moreover, the attorneys' fees expended by and requested by HCI are reasonable, are all related to defendants' delay tactics, and are called for by the May 15, 2007 Order. As noted in HCI's Opposition to Defendants' Motion for Reconsideration (Docket No. 47) and the accompanying Declaration of Brian Forbes dated June 8, 2007, a significant amount of attorney time was spent in futile attempts to contact and discuss insurance related issues with defendants' counsel, all the result of the action (and often times inaction) of the defendants. Additional amounts of time were spent researching and drafting various related motions, such as the motion for civil contempt and entry of the proposed order (Docket No. 42). Further and sufficient detail of the work related to the attorneys' fees incurred as described in the May 15, 2007 Order is set forth in the Declaration of Brian M. Forbes. See Docket No. 47, Exhibit A.

7. Defendants' blanket objection to the attorney fee amount sought "as being not reasonably necessary to the tasks described" and further non-sequitur that defendants are "a physician engaged in a local medical practice and his closely held medical practice" are of no avail. First, the declaration of fees provided by plaintiff's counsel details the work performed (by month and hours) by each attorney in connection with: HCI's efforts to obtain defendants' compliance with the Court's Order dated January 17, 2007, including HCI's fees associated with its motion for Civil Contempt and HCI's efforts to reach agreement with defendants on a joint proposed order, as well as HCI's fees and costs incurred in connection with seeking confirmation of the transfer of the policy, efforts to obtain policy documents, and opposing the motion for reconsideration. See May 15, 2007 Order. The vast majority of the legal work (including drafting motions and corresponding and communicating with defendants' counsel and insurance company representatives) was undertaken by two associates identified on the pleadings of this matter. At the same time, a partner (also identified on the pleadings) billed minimal time on the

matter. An additional associate in the trust and estate department of plaintiff's counsels' law firm assisted with reviewing the defendants' defective insurance assignment and advised on defendants' proposal for involving an escrow agent in the transfer of the life insurance policy. All of these fees incurred are for the fair and reasonable compensation for the services performed. Given defendants' persistent delays and roadblocks, the fees incurred by HCI illustrates that the attorney work was performed efficiently and diligently. Second, that defendant is a physician in a local practice is altogether irrelevant. When viewed in the context of (1) the $3,000,000 of potential exposure facing defendants in the underlying matter, (2) the $874,000 total settlement value of this matter, and (3) the tens of thousands of dollars of attorneys' fees HCI has incurred to date, the $28,230 in attorneys' fees sought (not including fees incurred to respond to defendants' Objection) as called for by the May 15, 2007 Order, is more than reasonable.

8.   Finally, given that defendants' current objection is nothing more than a second motion for reconsideration of the May 15, 2007 Order, HCI requests that Court order Defendants to pay HCI its costs and fees associated with responding to the Objection, including but not limited the costs and fees associated with drafting all responses and attending any hearing set by the Court.

WHEREFORE, for the foregoing reasons, HCI requests that the Court reject Defendants' Objection, and order that Defendants pay HCI its costs and attorneys' fees as set forth in the Declaration of Brian M. Forbes dated June 8, 2007. HCI further requests that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

HEALTH COALITION, INC.,

By its attorneys,

Dated:  July 6, 2007
*/s/ Brian M. Forbes*
Jeffrey S. King (BBO # 559000)
  jeffrey.king@klgates.com
Brian M. Forbes (BBO# 644787)
  brian.m.forbes@klgates.com
Stacey L. Gorman (BBO# 655147)
  stacey.gorman@klgates.com
KIRKPATRICK & LOCKHART
      PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Tele:   (617) 261-3100
Fax:    (617) 261-3175

- 7 -

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed on July 6, 2007 through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Peter J. Haley
Leslie F. Su
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

William H. DiAdamo
DiAdamo Law Office, LLP
40 Appleton Way
Lawrence, MA 01840

                                      */s/ Brian M. Forbes*
                                      Brian M. Forbes